EXHIBIT J

**McGuireWoods LLP**
888 16th Street N.W.
Suite 500
Washington, DC 20006
Phone: 202.857.1700
Fax: 202.857.1737
www.mcguirewoods.com

**George J. Terwilliger III**
Direct: 202.857.2473

MCGUIREWOODS

gterwilliger@mcguirewoods.com
Fax: 202.828.2965

November 10, 2021

VIA EMAIL

Honorable Bennie G. Thompson, Chairman
Honorable Liz Cheney, Vice Chair
Select Committee to Investigate the January 6th Attack on the United States Capitol
U.S. House of Representatives
1540A Longworth House Office Building
Washington, DC  20515

Re:     Subpoenas Served on Honorable Mark R. Meadows

Dear Chair Thompson and Vice Chair Cheney:

I write to acknowledge receipt of your letter of yesterday, November 9, 2021, in which you reject yet again a proposal for accommodation and ignore our suggestion to seek an accommodation outside the compulsion of a committee subpoena.  Rather, the Select Committee insists that Mr. Meadows appear pursuant to a subpoena for a deposition this Friday, November 12, 2021, pertaining—without limitation in light of the privilege concerns we have raised—to sixteen wide-ranging subject matters as to which he would be questioned.  You have made this demand notwithstanding the numerous outstanding issues that we have been discussing.  Not least among these, we have asserted that Mr. Meadows feels duty bound to respect the bi-partisan positions of multiple presidential administrations, as expressed by the Department of Justice, that senior aides to the president cannot be compelled to provide congressional testimony.  Mr. Meadows cannot agree to appear at 10 AM Friday.

The Select Committee has already threatened to enforce its subpoena against Mr. Meadows if he does not appear for live testimony, but I urge you to reconsider that position.  It would be an extraordinary step for the Select Committee to seek to force Mr. Meadows to testify under these circumstances: The Select Committee's subpoena directly seeks information about Mr. Meadows's tenure as White House Chief of Staff, including information that he knows only from discussions with then-President Trump in the course of official duties.  President Trump has instructed him to maintain and assert privilege and testimonial immunity to the full extent of the law, and Mr. Meadows has not received any contrary instruction from the current Administration.  There is active litigation in the federal courts over related privilege issues that

Select Committee to Investigate the January 6th Attack on the United States Capitol
November 10, 2021
Page 2

could bear on Mr. Meadows's testimony.  And as expressed in your letter of last Friday, November 5, 2021, the Select Committee still has not determined the full scope of information that it intends to seek from Mr. Meadows under its broad subpoena.

We also regret that we have not been able to reach an accommodation with the Select Committee outside the contours of the subpoena, as Congress has often been able to do with senior Executive officials over the past two centuries.  Curiously, your letter insists that the accommodation process has stalled because the Select Committee does not have written views from Mr. Meadows on which subjects of the Select Committee's inquiry would be subject to legal privileges, including executive privilege.  And yet that is precisely what we proposed to provide in response to written interrogatories from the Select Committee.  We have never suggested that, by agreeing to propound interrogatories as a next step in the accommodation process, the Select Committee would forfeit the ability to seek live testimony.  Nor would Mr. Meadows forfeit his ability to object to this request.  That is the nature of an accommodation.  It is therefore unfortunate that the Select Committee has rushed to compel live testimony now.

Mr. Meadows has proudly served in the House of Representatives.  He fully appreciates Congress's role in our constitutional system.  But in these circumstances, that appreciation for our constitutional system and the separation of powers dictates that he cannot appear on Friday to testify about his tenure as White House Chief of Staff.  Mr. Meadows does not resist the Select Committee's subpoena out of self-interest.  He instead feels duty-bound as former White House Chief of Staff to protect the prerogatives of that office and of Executive Branch in which he served.  Mr. Meadows cannot, in good conscience, undermine the office and all who will hold it through a unilateral waiver of privilege and testimonial immunity.

*   *   *   *   *

I hope you will accept my sincere thanks for the opportunity to have engaged in this dialogue with you and the Select Committee concerning Mr. Meadows's compelled appearance before it.  I regret that this frank exchange of views has not apparently led to an agreed upon resolution.  As stated above, we do hope that the Select Committee will reconsider its apparent decision to enforce its subpoena against Mr. Meadows.  But if not, we reiterate our request for the Select Committee to enter our mutual correspondence, including this letter, into the official record of any associated proceedings.

Sincerely yours,

George J. Terwilliger III

cc:     Honorable Timothy J. Heaphy, Chief Investigative Counsel
        Honorable John F. Wood, Senior Investigative Counsel