EXHIBIT L



**THE WHITE HOUSE**
WASHINGTON

November 11, 2021

George J. Terwilliger III
McGuireWoods LLP
888 16th Street, N.W., Suite 500
Black Lives Matter Plaza
Washington, D.C. 20006

Dear Mr. Terwilliger:

    I write in response to your letter of October 11, 2021, regarding a subpoena issued by the House Select Committee to Investigate the January 6th Attack on the United States Capitol (the "Select Committee") to your client, Mark R. Meadows.

    In an October 8, 2021 letter to the Archivist of the United States regarding the Select Committee's request for documents relevant to its investigation, the Counsel to the President wrote:

> [T]he insurrection that took place on January 6, and the extraordinary events surrounding it, must be subject to a full accounting to ensure nothing similar ever happens again.  Congress has a compelling need in service of its legislative functions to understand the circumstances that led to . . . the most serious attack on the operations of the Federal Government since the Civil War.[1]

    President Biden recognizes the importance of candid advice in the discharge of the President's constitutional responsibilities and believes that, in appropriate cases, executive privilege should be asserted to protect former senior White House staff from having to testify about conversations concerning the President's exercise of the duties of his office.  But in recognition of these unique and extraordinary circumstances, where Congress is investigating an effort to obstruct the lawful transfer of power under our Constitution, President Biden has already determined that an assertion of executive privilege is not in the public interest, and is therefore not justified, with respect to particular subjects within the purview of the Select Committee.  These subjects include: events within the White House on or about January 6, 2021; attempts to use the Department of Justice to advance a false narrative that the 2020 election was tainted by widespread fraud; and other efforts to alter election results or obstruct the transfer of power.  The President believes that the constitutional protections of executive privilege should not be used to shield information reflecting an effort to subvert the Constitution itself, and indeed believes that such an assertion in this circumstance would be at odds with the principles that underlie the privilege.

---

[1] See Letter to David S. Ferriero, Archivist of the United States, from Dana A. Remus, Counsel to the President (Oct. 8, 2021).

Consistent with President Biden's determination that an assertion of privilege is not justified with respect to testimony and documents relating to these particular subjects, he has determined that he will not assert executive privilege with respect to your client's deposition testimony on these subjects, or any documents your client may possess that bear on them. For the same reasons underlying his decisions on executive privilege, President Biden has determined that he will not assert immunity to preclude your client from testifying before the Select Committee.

Please contact me if you have any questions about the matters described herein.

Sincerely,

Jonathan C. Su
Deputy Counsel to the President

cc:  Kristin L. Amerling
     Chief Counsel and Deputy Staff Director
     Select Committee to Investigate the January 6th Attack on the United States Capitol