EXHIBIT O

McGuireWoods LLP
888 16th Street N.W.
Suite 500
Washington, DC 20006
Phone: 202.857.1700
Fax: 202.857.1737
www.mcguirewoods.com

**George J. Terwilliger III**
Direct: 202.857.2473

**McGuireWoods**

gterwilliger@mcguirewoods.com
Fax: 202.828.2965

November 26, 2021

VIA EMAIL

Honorable Bennie G. Thompson, Chairman
Honorable Liz Cheney, Vice Chair
Select Committee to Investigate the January 6th Attack on the United States Capitol
U.S. House of Representatives
1540A Longworth House Office Building
Washington, DC  20515

Re:     Subpoenas Served on Honorable Mark R. Meadows

Dear Chair Thompson and Vice Chair Cheney:

      We have reviewed and considered your letter of November 23, 2021.  We appreciate the efforts the Select Committee has made to discuss with us in correspondence the pertinent legal issues raised by the Select Committee's subpoena and to articulate the Select Committee's legal position on those issues, which you no doubt believe in good faith to be correct.  Nonetheless, your letter is mistaken is several material respects which I will address just briefly.

      Contrary to your suggestion that we are operating in bad faith, we have asserted the position that Mr. Meadows, as a former senior White House Official, is immune to being compelled to appear before Congress, period.  That is the same position taken by the Department of Justice under Administrations of both political parties on numerous occasions and in fact asserted forcefully by then Attorney General Janet Reno.  We have also taken the position that much of the matters about which the Committee would inquire of Mr. Meadows are subject to Executive Privilege, which is both generally and specifically recognized by the courts as a valid basis for a witness to refuse to answer such questions.

      You state in your letter: "The accommodation process regarding potential claims of executive privilege typically involves discussions between the executive branch and the legislative branch. Mr. Meadows represents neither." We agree.  Mr. Meadows has served in Congress, and at the times relevant to the Select Committee's inquiry, he served in the Executive Branch.  But today, he is a private citizen.  That is precisely why he, as a witness answering questions which would require him to provide information subject to claims of Executive Privilege arising from his

Atlanta | Austin | Baltimore | Charlotte | Charlottesville | Chicago | Dallas | Houston | Jacksonville | London | Los Angeles - Century City
Los Angeles - Downtown | New York | Norfolk | Pittsburgh | Raleigh | Richmond | San Francisco | Tysons | Washington, D.C.

Select Committee to Investigate the January 6th Attack on the United States Capitol
November 26, 2021
Page 2

former service as Chief of Staff to President Trump, is not the person responsible for deciding whether to waive that privilege.  In addition, I would respectfully remind you that Congress is also not the arbiter of Executive Privilege.  Thus, while you have indicated in your letter that you believe there are many non-privileged subjects of inquiry that Mr. Meadows could discuss in a deposition, we may not agree with your assessment of the applicability of privilege to any given topic or specific question.  When disputes about Executive Privilege arise, they are traditionally resolved by the Executive Branch itself, through a negotiated accommodation between Congress and the Executive, or through the Courts if necessary.  Mr. Meadows, as a former senior White House aide, has no legal authority of which we are aware to unilaterally waive the privilege, nor is there any legal authority that obligates him to accept whatever position the Select Committee may take as to the scope or applicability of such privilege.

We also understand that the Select Committee believes that President Biden is the sole arbiter of Executive Privilege, to the exclusion of former President Trump, over questions arising from President Trump's tenure.  But as you know, that is a legal question that the Supreme Court has so far left open and the subject of a pending appeal in the U.S. Court of Appeals for the D.C. Circuit.  So long as that issue remains unresolved, Mr. Meadows is not in a position to disregard instructions from former President Trump to maintain privilege.

Given these disagreements and unresolved legal issues, Mr. Meadows has not been able to appear for testimony in response to the Select Committee's subpoena.  But we have nevertheless been and remain willing to find mutually agreeable means to share relevant information with the Select Committee outside the context of the testimonial subpoena.

Contrary to your letter's characterization of our offer to compromise, however, our suggestion of having a voluntary interview or deposition was only *to follow* a successful effort to engage in answers to interrogatories from the Select Committee.  I should note that the use of written interrogatories is specifically provided for in the Select Committee's authorizing resolution.  *See* H. Res. 503, § 5(c)(5) ("The chair of the Select Committee is authorized to compel by subpoena the furnishing of information by interrogatory.").  Without any substantive response whatsoever, you have rejected this offer out of hand.

Nonetheless, your letter invites Mr. Meadows to appear voluntarily for a deposition to answer questions on what you believe to be non-privileged matters.  We will agree to so appear, subject to the Select Committee's agreement to the following understandings and conditions:

1. *Mr. Meadows's appearance is voluntary, that is, not subject to the compulsion of the subpoena of September 23, 2021.*

2. *The Select Committee or its staff will in good faith limit the matters of inquiry and specific questions to that which it believes to be outside the scope of Executive Privilege.*

3. *Mr. Meadows, through counsel, retains full right to decline to answer questions that he believes in good faith, with the advice of counsel, would require him to answer with information subject to a claim of Executive Privilege.*

Select Committee to Investigate the January 6th Attack on the United States Capitol
November 26, 2021
Page 3

4. *The Select Committee will provide to Mr. Meadows's counsel, at least 3 business days in advance of the session, any and all documents it intends to show or question him about in the session.*

5. *The duration of the deposition, exclusive of any agreed upon breaks or time off the record, will not exceed 4 hours.*

6. *The Select Committee will timely provide Mr. Meadows with the written record of the deposition.*

Your letter asks for any such appearance to occur on November 29, 2021. For separate reasons as to each of us, neither Mr. Meadows nor I could appear on that date.[1] In addition, that date, as you know, follows a traditionally long holiday weekend, and we have not received any of the documents that the Select Committee would like Mr. Meadows to be prepared to discuss. A deposition of Monday, November 29, would therefore not permit us adequate time to prepare for the session. We are prepared, however, to work with your staff to identify a date soon thereafter for Mr. Meadows to appear as outlined above.

As to the production of documents pursuant to the subpoena to Mr. Meadows, which you also raised in your letter, we are addressing that today in a separate communication to the Select Committee.

Sincerely yours,

George J. Terwilliger III

cc:   Honorable Timothy J. Heaphy, Chief Investigative Counsel
      Honorable John F. Wood, Senior Investigative Counsel

---

[1] I would be happy to explain to staff orally the reasons we could not attend on that date.