## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARK MEADOWS,

v.

NANCY PELOSI, *et al*.,

Defendants.

Case No. 1:21-cv-3217-CJN

### <u>ANSWER</u>

Defendants Nancy Pelosi, Bennie G. Thompson, Elizabeth L. Cheney, Adam B. Schiff, Jamie B. Raskin, Susan E. Lofgren, Elaine G. Luria, Peter R. Aguilar, Stephanie Murphy, Adam D. Kinzinger, and the Select Committee to Investigate the January 6th Attack on the United States Capitol ("Select Committee") hereby answer Plaintiff Mark Meadows's Complaint as follows:

1.      Defendants admit that Mr. Meadows is a private citizen who previously served as a Member of Congress and subsequently as Chief of Staff to the President of the United States. Defendants admit that Mr. Meadows brought a complaint for declaratory and injunctive relief but deny that Mr. Meadows is entitled to such relief.  Defendants deny the remaining allegations in Paragraph 1.

2.      Defendants admit that the Select Committee seeks to compel Mr. Meadows and a third-party telecommunications company to provide certain information to the Select Committee. Defendants deny the remaining allegations in Paragraph 2.

3.      Defendants admit that the Select Committee and Mr. Meadows engaged over a period of time in an effort to achieve a reasonable accommodation.  Defendants deny the remaining allegations in Paragraph 3.

4.      Defendants admit that the current President of the United States determined that an assertion of executive privilege is not in the public interest and is therefore not justified with respect to particular subjects within the purview of the Select Committee; that the constitutional protections of executive privilege should not be used to shield information reflecting an effort to subvert the Constitution; and that an assertion of executive privilege under these circumstances would be at odds with the principles that underlie the privilege.  Defendants admit that for these reasons the current President determined that he would not assert executive privilege with respect to Mr. Meadows's testimony or documents bearing on the subjects of the Select Committee's investigation, and determined that he would not assert immunity to preclude Mr. Meadows from testifying before the Select Committee.  Defendants admit that these decisions were communicated to Mr. Meadows through counsel.

5.      Defendants admit that Mr. Meadows is a witness to events that are the subject of the Select Committee's investigation.  Defendants admit that Mr. Meadows has filed this action to challenge the subpoena issued to him.  Defendants deny the remaining allegations in Paragraph 5.

## PARTIES[1]

1.      Admitted.

2.      Defendants admit that Nancy Pelosi is a Democratic Member of the U.S. House of Representatives and Speaker of the House.

3.      Defendants admit that Bennie G. Thompson is a Democratic Member of the U.S. House of Representatives and Chairman of the Select Committee to Investigate the January 6th

---

[1] The Complaint restarts its numbering at paragraph 1 beginning in the Parties section, following paragraph 5.  To respond to the allegations in the Complaint and avoid confusion, this answer also restarts numbering at paragraph 1.

Attack on the United States Capitol.  Defendants admit that the subpoenas that Mr. Meadows is challenging were issued pursuant to Chairman Thompson's authority as Chair.

4.       Defendants admit that Elizabeth L. Cheney is a Republican Member of the U.S. House of Representatives and a member of the Select Committee to Investigate the January 6th Attack on the United States Capitol.

5.       Defendants admit that Adam B. Schiff is a Democratic Member of the U.S. House of Representatives and a member of the Select Committee to Investigate the January 6th Attack on the United States Capitol.

6.       Defendants admit that Jamie B. Raskin is a Democratic Member of the U.S. House of Representatives and a member of the Select Committee to Investigate the January 6th Attack on the United States Capitol.

7.       Defendants admit that Susan E. Lofgren is a Democratic Member of the U.S. House of Representatives and a member of the Select Committee to Investigate the January 6th Attack on the United States Capitol.

8.       Defendants admit that Elaine G. Luria is a Democratic Member of the U.S. House of Representatives and a member of the Select Committee to Investigate the January 6th Attack on the United States Capitol.

9.       Defendants admit that Peter R. Aguilar is a Democratic Member of the U.S. House of Representatives and a member of the Select Committee to Investigate the January 6th Attack on the United States Capitol.

10.       Defendants admit that Stephanie Murphy is a Democratic Member of the U.S. House of Representatives and a member of the Select Committee to Investigate the January 6th Attack on the United States Capitol.

11.     Defendants admit that Adam D. Kinzinger is a Republican Member of the U.S. House of Representatives and a member of the Select Committee to Investigate the January 6th Attack on the United States Capitol.

12.     Admitted.

## JURISDICTION AND VENUE

13.     Paragraph 13 constitutes conclusions of law, rather than averments of fact, to which no response is required.

14.     Paragraph 14 constitutes conclusions of law, rather than averments of fact, to which no response is required.

15.     Paragraph 15 constitutes conclusions of law, rather than averments of fact, to which no response is required.

16.     Paragraph 16 constitutes conclusions of law, rather than averments of fact, to which no response is required.

17.     Paragraph 17 constitutes conclusions of law, rather than averments of fact, to which no response is required.

18.     Admitted.

## RELEVANT FACTS

19.     Admitted.

20.     Admitted that a group of violent rioters breached security, assaulted police, and impeded, obstructed, and otherwise disrupted Congress's official proceeding for counting of Electoral College votes on January 6, 2021, and that order was not restored for several hours thereafter.  Admitted that the U.S. Department of Justice has arrested hundreds of individuals to date in connection with the activities of January 6.

21.     Admitted; Defendants deny that this fact has any relevance to this action.

22.     Admitted; Defendants deny that this fact has any relevance to this action.

23.     Admitted; Defendants deny that this fact has any relevance to this action.

24.     Admitted.

25.     Admitted.

26.     Admitted.

27.     Defendants admit that Paragraph 27 purports to selectively quote H. Res. 503. Defendants state that H. Res. 503 speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

28.     Defendants admit that Speaker Pelosi appointed Chairman Thompson to serve as Chair of the Select Committee and appointed Rep. Zoe Lofgren of California, Rep. Adam Schiff of California, Rep. Pete Aguilar of California, Rep. Liz Cheney of Wyoming, Rep. Stephanie Murphy of Florida, Rep. Jamie Raskin of Maryland, and Rep. Elaine Luria of Virginia as members of the Select Committee.

29.     Admitted.

30.     Defendants admit that Paragraph 30 purports to selectively quote a press release. Defendants state that the press release speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.  Answering further, Defendants state that the last three paragraphs of the July 21, 2021 press release state: "Monday evening, the Minority Leader recommended 5 Members to serve on the Select Committee.  I have spoken with him this morning about the objections raised about Representatives Jim Banks and Jim Jordan and the impact their appointments may have on the integrity of the investigation.  I also informed him that I was prepared to appoint Representatives Rodney Davis, Kelly Armstrong and Troy Nehls,

and requested that he recommend two other Members. With respect for the integrity of the investigation, with an insistence on the truth and with concern about statements made and actions taken by these Members, I must reject the recommendations of Representatives Banks and Jordan to the Select Committee. The unprecedented nature of January 6th demands this unprecedented decision."

31.     Defendants admit that Speaker Pelosi appointed Rep. Adam Kinzinger and Rep. Liz Cheney to the Select Committee.  Defendants admit that Rep. Adam Kinzinger and Rep. Liz Cheney voted in favor of H. Res. 503.  Defendants deny the remaining allegations in Paragraph 31.

32.     Defendants admit that Paragraph 32 purports to selectively quote and reference H. Res. 503 and a press release.  Defendants state that the H. Res. 503 and the press release speak for themselves, refer to them for their full and complete contents, and deny anything inconsistent therewith.

33.     Defendants admit that Paragraph 33 purports to reference a letter and a website. Defendants state that the letter and website speak for themselves, refer to them for their full and complete contents, and deny anything inconsistent therewith.  Defendants further state that Mr. Meadows's references to the Select Committee's official letterhead and to the Select Committee's website are irrelevant.

34.     Admitted.

35.     Defendants admit that Paragraph 35 purports to selectively quote H. Res. 503. Defendants state that H. Res. 503 speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

6

36.     Defendants admit that Paragraph 36 purports to selectively quote H. Res. 503. Defendants state that H. Res. 503 speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

37.     Defendants admit that Paragraph 37 purports to selectively quote H. Res. 503. Defendants state that H. Res. 503 speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

38.     Defendants admit that Paragraph 38 purports to selectively quote H. Res. 503. Defendants state that H. Res. 503 speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

39.     Admitted that the Select Committee held a hearing with testimony from officers of the U.S. Capitol Police and D.C. Metropolitan Police Department who were violently attacked on January 6, 2021.  Answering further, Defendants state that three of the officers testified to being physically attacked while a fourth officer testified to being verbally attacked on January 6, 2021.

40.     Defendants admit that the Select Committee has issued subpoenas for documents and the testimony of witnesses which speak for themselves.  Defendants deny the remaining allegations in Paragraph 40.

41.     Defendants admit that Paragraph 41 purports to selectively paraphrase a press release and documents mischaracterized as "subpoenas."  Defendants state that the press release and documents speak for themselves, refer to them for their full and complete contents, and deny anything inconsistent therewith.

42.     Defendants state that Chairman Thompson and the Select Committee are also defendants in *Trump v. Thompson*, and succeeded in that case in defeating former President

Trump's effort to shield documents from production. *Trump v. Thompson*, 20 F.4th 10, 41 (D.C. Cir. 2021), *injunction denied*, 142 S. Ct. 680 (Jan. 19, 2022), *cert. denied*, No. 21-932 (Feb. 22, 2022). Defendants admit that Paragraph 42 purports to selectively reference a press release. Defendants state that the press release speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

43.     Admitted. Answering further, Defendants state that former President Trump's assertion of executive privilege was not sustained by the courts. *Trump v. Thompson*, 20 F.4th 10, 41 (D.C. Cir. 2021), *injunction denied*, 142 S. Ct. 680 (Jan. 19, 2022), *cert. denied*, No. 21-932 (Feb. 22, 2022).

44.     Defendants admit that on October 8, 2021, President Biden's Counsel instructed the Archivist of the United States to release the documents requested by the Select Committee because the President determined that the constitutional protections of executive privilege should not be used to shield, from Congress or the public, information that reflects a clear and apparent effort to subvert the Constitution.

45.     Admitted.

46.     Admitted.

47.     Admitted.

48.     Defendants state that the D.C. Circuit ruled in the Defendants' favor in the referenced case, and the U.S. Supreme Court refused to issue an injunction halting production of the subject records to the Select Committee and has subsequently denied *certiorari*. *Trump v. Thompson*, 20 F.4th 10, 41 (D.C. Cir. 2021), *injunction denied*, 142 S. Ct. 680 (Jan. 19, 2022), *cert. denied*, No. 21-932 (Feb. 22, 2022). Defendants deny anything inconsistent therewith.

49.     Admitted.

50.     Admitted.

51.     Defendants admit that the Select Committee issued a subpoena to Mr. Meadows. Defendants further state that Paragraph 51 purports to selectively quote the subpoena. Defendants state that the subpoena speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

52.     Admitted.

53.     Admitted.

54.     Defendants admit that Paragraph 54 purports to selectively paraphrase a letter. Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

55.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55, and therefore deny the allegations.

56.     Defendants admit that Mr. Meadows informed the Select Committee, through counsel, on October 7 that he would likely require additional time to respond to the subpoena. Defendants admit Mr. Meadows told Defendants that he believed any records responsive to the Select Committee's subpoena were no longer in his custody and control but were instead among the Presidential records held at the National Archives.

57.     Defendants admit that Paragraph 57 purports to selectively paraphrase and quote communications from the Select Committee.  Defendants state that the communications speak for themselves, refer to them for their full and complete contents, and deny anything inconsistent therewith.

58.     Denied.

59.     Defendants admit that Paragraph 59 purports to selectively reference a letter and opinions from the Office of Legal Counsel at the Department of Justice.  Defendants state that the letter and opinions speak for themselves, refer to them for their full and complete contents, and deny anything inconsistent therewith.

60.     Defendants object to Mr. Meadows's use of the phrase "its traditional position" in this context and otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60.  Defendants therefore deny the allegations.  Defendants further object to the use of the phrase "the need to maintain executive privilege" in this context and otherwise lack knowledge about, and therefore deny allegations related to, Meadows's own purpose for communicating with the Select Committee.  Defendants further state that Paragraph 60 purports to selectively reference Mr. Meadows's communications with White House Counsel.  Defendants state that those communications speak for themselves, refer to them for their full and complete contents, and deny anything inconsistent therewith.  Defendants state that Mr. Meadows did ultimately provide certain documents while withholding others despite never providing testimony to the Select Committee.

61.     Defendants object to the use of the phrase "the need to maintain executive privilege" in the context and otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61.  Defendants therefore deny the allegations.

62.     Defendants admit that Mr. Meadows's counsel initiated a dialogue to discuss his potential testimony on what he claimed would be non-privileged information but otherwise deny this allegation.  Defendants further state that this October 12 discussion was a phone call in which counsel for the Select Committee and counsel for Mr. Meadows discussed several topics of potential testimony that would include useful non-privileged information.

63.     Defendants admit that Paragraph 63 purports to selectively quote a letter. Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

64.     Denied.

65.     Defendants admit that Paragraph 65 purports to selectively quote a letter. Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

66.     Defendants admit that Paragraph 66 purports to selectively paraphrase a letter. Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

67.     Defendants admit that Paragraph 67 purports to selectively quote a letter. Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

68.     Defendants admit that Paragraph 68 purports to selectively quote a letter. Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

69.     Defendants admit that Paragraph 69 purports to selectively quote a letter. Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

70.     Defendants admit that Paragraph 70 purports to selectively quote a letter. Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

71.     Defendants admit that Paragraph 71 purports to selectively quote a letter. Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

72.     Defendants admit that Paragraph 72 purports to selectively quote a letter. Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

73.     Defendants admit that Paragraph 73 purports to selectively paraphrase a letter. Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

74.     Defendants admit that Paragraph 74 purports to selectively quote a letter. Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

75.     Admitted.

76.     Defendants admit that Mr. Meadows did not appear for his deposition that the Select Committee scheduled for November 12.  Defendants deny the remaining allegations in Paragraph 76.

77.     Defendants admit that the Select Committee and Mr. Meadows continued to discuss his compliance but deny that Mr. Meadows attempted to reach an agreement.

78.     Defendants admit that Paragraph 78 purports to selectively quote a letter. Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

79.     Defendants admit that Paragraph 79 purports to selectively quote a letter. Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

80.     Defendants admit that Mr. Meadows, through counsel, sent the Select Committee a letter on November 26, 2021, purporting to agree to appear for a deposition contingent on numerous conditions.  Defendants deny the remaining allegations in Paragraph 80.

81.     Defendants admit that Mr. Meadows's counsel provided the Select Committee with 1,139 documents, totaling 6,836 total pages, and a privilege log in response to the Select Committee's subpoena.  Defendants admit that Mr. Meadows represented to the Select Committee that counsel was in the process of reviewing personal text messages but that those messages were not produced as a result of a purported technical issue.  Defendants deny the remaining allegations in Paragraph 81.

82.     Defendants admit that Paragraph 82 purports to selectively quote a letter. Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

83.     Defendants admit that Mr. Meadows's counsel produced 2,319 text messages and partial and incomplete metadata from his personal cell phone and a privilege log for certain withheld text messages on December 3, 2021.  Defendants admit that Mr. Meadows's counsel produced an additional 20 documents on December 3, 2021.  Except as expressly admitted, Defendants deny the allegations in Paragraph 83, or lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83.

84.     Defendants deny all allegations that the Select Committee acted in bad faith or in any way blindsided Mr. Meadows.  Defendants lack knowledge or information sufficient to form

a belief about the truth of the remainder of the allegations in Paragraph 84, and therefore deny those allegations.

85.     Paragraph 85 purports to selectively quote and paraphrase a letter.  Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

86.     Defendants admit that Paragraph 86 purports to selectively reference a subpoena. Defendants state that the subpoena speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

87.     Denied.

88.     Defendants admit that Paragraph 88 purports to selectively characterize a news report.  Defendants state that the news report speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

89.     Defendants admit that Paragraph 89 purports to selectively quote a news article. Defendants state that the article speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

90.     Defendants admit that Mr. Meadows's counsel informed the Select Committee on December 7, 2021, that he would not attend the agreed upon deposition scheduled for December 8, 2021.  Defendants admit that Mr. Meadows offered to submit written interrogatories in lieu of a deposition.  Defendants deny the remaining allegations in Paragraph 90.

91.     Defendants admit that Paragraph 91 purports to selectively quote H. Res. 503. Defendants state that H. Res. 503 speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

92.     Defendants admit that the Select Committee is composed of seven Democrats and two Republicans, but deny any allegations that Speaker Pelosi rejected all five Republican recommendations put forth by Minority Leader McCarthy.

93.     Paragraph 93 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 93.

94.     Paragraph 94 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Congress has failed to act in accordance with its own rules and deny all other allegations in Paragraph 94.

95.     Paragraph 95 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 95.  Defendants state that Judge David O. Carter in *Eastman v. Thompson* rejected the argument being put forward by Mr. Meadows.  *See* Order Denying Pl.'s Mot. for Preliminary Injunction, *Eastman v. Thompson*, No. 8:22-cv-00099-DOC-DFM (C.D. Cal. Jan. 25, 2022).  Defendants further state that Judge James E. Boasberg in *Budowich v. Pelosi* indicated that he would reject the arguments being put forward by Mr. Meadows.  *Budowich v. Pelosi*, No. 21-cv-3366 (JEB) (D.D.C.), Jan. 20, 2022 Oral Arg. Tr. 34:1-5.

96.     Paragraph 96 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 96.

97.     Paragraph 97 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 97.

98.     Paragraph 98 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 98.

99.     Paragraph 99 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 99.

100.     Paragraph 100 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 100.

101.     Paragraph 101 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 101.  Answering further, Defendants state that the D.C. Circuit held that "the January 6th Committee plainly has a 'valid legislative purpose' and its inquiry 'concern[s] a subject on which legislation could be had.'" *Trump v. Thompson*, 20 F.4th 10, 41 (D.C. Cir. 2021) (quoting *Trump v. Mazars USA, LLP*, 140 S. Ct. 2019, 2031-32 (2020)), *injunction denied*, 142 S. Ct. 680 (Jan. 19, 2022), *cert. denied*, No. 21-932 (Feb. 22, 2022).

102.     Paragraph 102 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 102.

103.     Paragraph 103 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 103.

104.     Paragraph 104 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 104.

105.     Paragraph 105 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 105.  Answering further, Defendants state that the D.C. Circuit held that "the January 6th Committee plainly has a 'valid legislative purpose' and its inquiry 'concern[s] a subject on which legislation could be had.'" *Trump v. Thompson*, 20 F.4th 10, 41 (D.C. Cir. 2021) (quoting *Trump v. Mazars USA,*

*LLP*, 140 S. Ct. 2019, 2031-32 (2020)), *injunction denied*, 142 S. Ct. 680 (Jan. 19, 2022), *cert. denied*, No. 21-932 (Feb. 22, 2022).

106.    Denied.  Answering further, Defendants state that the D.C. Circuit held that "the January 6th Committee plainly has a 'valid legislative purpose' and its inquiry 'concern[s] a subject on which legislation could be had.'"  *Trump v. Thompson*, 20 F.4th 10, 41 (D.C. Cir. 2021) (quoting *Trump v. Mazars USA, LLP*, 140 S. Ct. 2019, 2031-32 (2020)), *injunction denied*, 142 S. Ct. 680 (Jan. 19, 2022), *cert. denied*, No. 21-932 (Feb. 22, 2022).

107.    Denied.  Answering further, Defendants state that the D.C. Circuit held that "the January 6th Committee plainly has a 'valid legislative purpose' and its inquiry 'concern[s] a subject on which legislation could be had.'"  *Trump v. Thompson*, 20 F.4th 10, 41 (D.C. Cir. 2021) (quoting *Trump v. Mazars USA, LLP*, 140 S. Ct. 2019, 2031-32 (2020)), *injunction denied*, 142 S. Ct. 680 (Jan. 19, 2022), *cert. denied*, No. 21-932 (Feb. 22, 2022).

108.    Defendants admit that Paragraph 108 purports to selectively quote press releases. Defendants state that the press releases speak for themselves, refer to them for their full and complete contents, and deny anything inconsistent therewith.

109.    Defendants admit that Paragraph 109 purports to selectively quote H. Res. 503. Defendants state that H. Res. 503 speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

110.    Denied.  Answering further, Defendants state that the D.C. Circuit held that "the January 6th Committee plainly has a 'valid legislative purpose' and its inquiry 'concern[s] a subject on which legislation could be had.'"  *Trump v. Thompson*, 20 F.4th 10, 41 (D.C. Cir. 2021) (quoting *Trump v. Mazars USA, LLP*, 140 S. Ct. 2019, 2031-32 (2020)), *injunction denied*, 142 S. Ct. 680 (Jan. 19, 2022), *cert. denied*, No. 21-932 (Feb. 22, 2022).

111.    Denied.  Answering further, Defendants state that the D.C. Circuit held that "the January 6th Committee plainly has a 'valid legislative purpose' and its inquiry 'concern[s] a subject on which legislation could be had.'"  *Trump v. Thompson*, 20 F.4th 10, 41 (D.C. Cir. 2021) (quoting *Trump v. Mazars USA, LLP*, 140 S. Ct. 2019, 2031-32 (2020)), *injunction denied*, 142 S. Ct. 680 (Jan. 19, 2022), *cert. denied*, No. 21-932 (Feb. 22, 2022).

112.    Denied.  Answering further, Defendants state that the D.C. Circuit held that "the January 6th Committee plainly has a 'valid legislative purpose' and its inquiry 'concern[s] a subject on which legislation could be had.'"  *Trump v. Thompson*, 20 F.4th 10, 41 (D.C. Cir. 2021) (quoting *Trump v. Mazars USA, LLP*, 140 S. Ct. 2019, 2031-32 (2020)), *injunction denied*, 142 S. Ct. 680 (Jan. 19, 2022), *cert. denied*, No. 21-932 (Feb. 22, 2022).

113.    Paragraph 113 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 113.

114.    Defendants admit that the Select Committee issued a subpoena to Verizon that seeks certain information maintained by Verizon related to Mr. Meadows's cell phone usage.  Defendants state that the subpoena speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.  Answering further, Defendants admit that Mr. Meadows has provided certain text messages, emails, and selective partial and incomplete metadata.  Defendants deny the remaining allegations in Paragraph 114.

115.    Paragraph 115 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 115.

116.    Paragraph 116 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 116.

117.    Paragraph 117 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 117.  Defendants further state that paragraph 117 purports to characterize information sought by the Verizon subpoena, which speaks for itself; Defendants refer to the subpoena for its full and complete contents, and deny anything inconsistent therewith.

118.    Paragraph 118 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 118.  Defendants further state that Paragraph 118 purports to selectively reference the subpoena to Verizon.  Defendants state that the subpoena speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

119.    Paragraph 119 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 119.

120.    Paragraph 120 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 120.

121.    Defendants state that Paragraph 121 purports to characterize information sought by the Verizon subpoena; Defendants state that the subpoena speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.  Answering further, Defendants state that Paragraph 121 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 121.

122.    Paragraph 122 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 122.

123.    Paragraph 123 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 123.

124.     Paragraph 124 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 124.

125.     Paragraph 125 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 125.

126.     Paragraph 126 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 126.  Defendants deny that the Stored Communications Act, 18 U.S.C. § 2702, applies to Congress or its committees.

127.     Paragraph 127 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 127.

128.     Paragraph 128 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 128.

129.     Paragraph 129 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 129.

130.     Paragraph 130 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 130.

131.     Paragraph 131 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 131.

132.     Paragraph 132 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 132.

133.     Paragraph 133 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 133.

134.    Paragraph 134 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 134.  Defendants deny that the Stored Communications Act, 18 U.S.C. § 2702, applies to Congress or its committees.

135.    Paragraph 135 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 135.

136.    Paragraph 136 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 136.

137.    Paragraph 137 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 137.

138.    Paragraph 138 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 138.

139.    Defendants admit that Paragraph 139 purports to characterize information sought by the Verizon subpoena.  Defendants state that the subpoena speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

140.    Denied.

141.    Defendants admit that Paragraph 141 purports to selectively quote a letter. Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

142.    Paragraph 142 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 142.

143.    Paragraph 143 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 143.

144.    Denied.

145.    Paragraph 145 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 145.

146.    Paragraph 146 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 146.

147.    Paragraph 147 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 147.

148.    Denied.  Defendants further state that the Select Committee has sought non-privileged information from third parties as well, including Verizon.

149.    Defendants admit that the subpoena compels Mr. Meadows to appear and give testimony.

150.    Paragraph 150 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 150.

151.    Paragraph 151 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 151.

152.    Defendants admit that the Select Committee rejected Mr. Meadows's claims of testimonial immunities and demanded that Mr. Meadows appear for testimony.  Defendants deny that the Select Committee threatened Mr. Meadows.  Answering further, Defendants state that the Select Committee informed Mr. Meadows of the consequence of ignoring his legal duty to appear for a deposition pursuant to a subpoena issued by the Select Committee.

153.    Paragraph 153 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 153.

154.    Defendants admit that Paragraph 154 purports to selectively paraphrase the Verizon subpoena.  Defendants state that the subpoena speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

155.    Defendants admit that Paragraph 155 purports to selectively quote a letter. Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

156.    Admitted.

157.    Defendants state that Paragraph 157 purports to selectively characterize the information sought by the Verizon subpoena.  Defendants state that the subpoena speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

158.    Defendants deny that the subpoena requests the content of calls, text messages, and other communications associated with Mr. Meadows's phone number.

159.    Defendants deny that the cell phone data in the Select Committee's possession can be used for historic cell site analysis.  Defendants further state that Paragraph 159 purports to selectively characterize information sought by the Verizon subpoena.  Defendants state that the subpoena speaks for itself, refer to it for its full and complete contents, and deny anything inconsistent therewith.

160.    Admitted.

161.    Defendants admit that Mr. Meadows provided certain text messages and certain metadata associated with those text messages in response to the Select Committee's September 23, 2021 subpoena.  Defendants deny the remaining allegations contained in Paragraph 161.

162.    Paragraph 162 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 162.  Answering

further, Defendants state that Mr. Meadows appears to have conducted official business on the referenced phone and created records on that phone subject to the Presidential Records Act.

163.    Paragraph 163 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 163.

164.    Paragraph 164 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 164.

165.    Paragraph 165 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 165.

166.    Paragraph 166 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 166.

167.    Paragraph 167 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 167.

168.    Paragraph 168 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 168.

169.    Paragraph 169 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 169.

170.    Paragraph 170 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 170.

171.    Paragraph 171 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 171.

172.    Paragraph 172 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 172.

173.    Denied.

24

174.    Defendants state that it appears that Mr. Meadows used his personal cell phone in a manner that created records subject to the Presidential Records Act and for other purposes.  To the extent Paragraph 174 asserts legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 174.

175.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 175, and therefore deny the allegations.

176.    Paragraph 176 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 176.

177.    Paragraph 177 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 177.

178.    Paragraph 178 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 178.

179.    Paragraph 179 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 179.

180.    Defendants admit that the Select Committee is composed of 9 members, including 7 Democratic members and 2 Republican members, and Defendants admit that the President under which Mr. Meadows served was a member of the Republican Party.

181.    To the extent that Paragraph 181 asserts legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 181.

182.    To the extent that Paragraph 182 asserts legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 182.

183.    To the extent that Paragraph 183 asserts legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 183.

## RESPONSE TO PRAYER FOR RELIEF

This portion of the Complaint consists of Mr. Meadows's request for relief, to which a response is not required; but to the extent a response may be deemed to be required, Defendants deny that Mr. Meadows is entitled to the relief requested, or to any relief.

Defendants deny each and every allegation of the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

The Defendants assert the following defenses without assuming the burden of proof or any other burden if such burden would otherwise be on Mr. Meadows. The Defendants assert these solely to the extent necessary to preserve their rights.

## FIRST AFFIRMATIVE DEFENSE

Mr. Meadows's claims are barred, in whole or in part, because the Complaint fails to allege facts sufficient to state a claim against the Defendants upon which relief may be granted on any of the claims asserted.

## SECOND AFFIRMATIVE DEFENSE

Mr. Meadows lacks standing to assert some or all of Mr. Meadows's claims.

## THIRD AFFIRMATIVE DEFENSE

Mr. Meadows's claims against Defendants are barred, in whole or in part, by laches, equitable estoppel, waiver, or other related equitable doctrines.

## FOURTH AFFIRMATIVE DEFENSE

The Select Committee is properly organized and has a valid legislative purpose.  The D.C. Circuit held that "the January 6th Committee plainly has a 'valid legislative purpose' and its inquiry 'concern[s] a subject on which legislation could be had.'" *Trump v. Thompson*, 20

F.4th 10, 41 (D.C. Cir. 2021) (quoting *Trump v. Mazars USA, LLP*, 140 S. Ct. 2019, 2031-32

(2020)), *injunction denied*, 142 S. Ct. 680 (Jan. 19, 2022), *cert. denied*, No. 21-932 (Feb. 22,

2022).

## FIFTH AFFIRMATIVE DEFENSE

The Select Committee is validly constituted under the Rulemaking Clause of Article 1,

Section 5, Clause 2 of the U.S. Constitution.

## SIXTH AFFIRMATIVE DEFENSE

The Select Committee is properly composed pursuant to House Resolution 503.

## SEVENTH AFFIRMATIVE DEFENSE

The subpoenas issued by the Select Committee are valid and enforceable under the U.S.

Constitution, applicable federal law, and the Rules of the House.

## EIGHTH AFFIRMATIVE DEFENSE

The Stored Communications Act does not limit the validity and enforceability of the

subpoenas issued by the Select Committee.

## NINTH AFFIRMATIVE DEFENSE

Any and all assertions or invocations of executive privilege made by Mr. Meadows are

inapplicable, invalid, and unsubstantiated, and otherwise do not inhibit the validity and

enforceability of the subpoenas issued by the Select Committee.

## TENTH AFFIRMATIVE DEFENSE

Any and all assertions or invocations of absolute testimonial privilege made by Mr.

Meadows are inapplicable, invalid, and unsubstantiated, and otherwise do not inhibit the validity

and enforceability of the subpoenas issued by the Select Committee.

## ELEVENTH AFFIRMATIVE DEFENSE

The subpoenas issued by the Select Committee are of permissible scope and breadth.

## TWELFTH AFFIRMATIVE DEFENSE

The subpoenas issued by the Select Committee to Mr. Meadows and Verizon do not violate any rights established by the U.S. Constitution, applicable federal statute, or federal common law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Mr. Meadows is precluded from recovering attorneys' fees from the Defendants under applicable provisions of federal law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Mr. Meadows's claims are barred, in whole or in part, by the Separation of Powers provided for in the U.S. Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Defendants rely upon all defenses contained in any applicable federal statute or law.

## RESERVATION OF DEFENSES

The Defendants reserve the right to assert additional defenses, cross-claims, and third-party claims, not asserted herein, of which they may become aware in the future.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request and pray as follows:

1.      That the Court declare Mr. Meadows has no lawful basis for refusing to comply in whole or in part with the Select Committee's lawful subpoena, and that Mr. Meadows has presented no lawful basis to enjoin the Select Committee's subpoena to Verizon;

2.      That Mr. Meadows's action be dismissed with prejudice; and

28

3.      For such other relief as the Court deems just and proper.


Dated: March 4, 2022                          Respectfully submitted,

                                              /s/ *Douglas N. Letter*
                                              DOUGLAS N. LETTER
                                              *General Counsel*
                                              TODD B. TATELMAN
                                              *Principal Deputy General Counsel*
                                              ERIC R. COLUMBUS
                                              *Special Litigation Counsel*
                                              STACIE M. FAHSEL
                                              *Associate General Counsel*

                                              OFFICE OF GENERAL COUNSEL
                                              U.S. HOUSE OF REPRESENTATIVES
                                              5140 O'Neill House Office Building
                                              Washington, D.C. 20515
                                              (202) 225-9700
                                              Douglas.Letter@mail.house.gov

                                              -and-

                                              ARNOLD & PORTER KAYE SCHOLER LLP
                                              John A. Freedman (D.C. Bar 453075)
                                              Paul J. Fishman (D.C. Bar 449014)
                                              Amy Jeffress (D.C Bar 449258)
                                              David J. Weiner (D.C. Bar 499806)
                                              John M. Hindley (D.C. Bar 1720648)
                                              601 Massachusetts Ave, NW
                                              Washington, D.C. 20001
                                              (202) 942-5000
                                              John.Freedman@arnoldporter.com
                                              Paul.Fishman@arnoldporter.com
                                              Amy.Jeffress@arnoldporter.com
                                              David.Weiner@arnoldporter.com
                                              John.Hindley@arnoldporter.com


                                              SHER TREMONTE LLP
                                              Justin M. Sher (Bar ID NY0320)
                                              Michael Tremonte*
                                              Noam Biale*
                                              Maya Brodziak*
                                              Kathryn E. Ghotbi*

90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2600
JSher@shertremonte.com
MTremonte@shertremonte.com
NBiale@shertremonte.com
MBrodziak@shertremonte.com
KGhotbi@shertremonte.com

* Appearing pursuant to 2 U.S.C. § 5571(a).