EXHIBIT I

BENNIE G. THOMPSON, MISSISSIPPI
CHAIRMAN

ZOE LOFGREN, CALIFORNIA
ADAM B. SCHIFF, CALIFORNIA
PETE AGUILAR, CALIFORNIA
STEPHANIE N. MURPHY, FLORIDA
JAMIE RASKIN, MARYLAND
ELAINE G. LURIA, VIRGINIA
LIZ CHENEY, WYOMING
ADAM KINZINGER, ILLINOIS



U.S. House of Representatives
Washington, DC 20515

january6th.house.gov
(202) 225-7800

One Hundred Seventeenth Congress
Select Committee to Investigate the January 6th Attack on the United States Capitol

November 9, 2021

Mr. George Terwilliger III
McGuire Woods LLP
888 16th Street N.W., Suite 500
Washington, D.C. 20006

Dear Mr. Terwilliger:

    The Select Committee to Investigate the January 6th Attack ("Select Committee") is in receipt of your letter dated November 8, 2021.

    As explained in the Select Committee's letter dated November 5, 2021, we have been, and remain, interested in reaching an accommodation with Mr. Meadows that allows the Select Committee to fulfill its purpose of understanding the complete picture of what led to and occurred on January 6th, making recommendations for changes to the law that will protect our democracy, and help ensure that nothing like January 6th ever happens again. To that end, we have endeavored to identify discrete areas of inquiry that we seek to develop with Mr. Meadows.

    As you are aware, the Select Committee has identified sixteen subject matters for inquiry and asked that you explain your position as to whether any of those areas would trigger any claims of executive privilege. In your November 8 letter, you did not respond with any specificity about those areas, which we assume means that you believe all potentially implicate executive privilege. Without further input on those areas, it appears that the accommodation process has reached its natural conclusion.

    As a result, the Select Committee must insist that Mr. Meadows appear for a deposition on November 12, 2021, as required by the subpoena. The deposition will begin at 10:00 a.m. in Room 4480 of the O'Neill House Office Building, 200 C St., SW, Washington, DC. Although you have stated a preference to proceed by written interrogatories, there is simply no substitute for live, in-person testimony and the Select Committee respectfully declines your suggestion to proceed otherwise. At Friday's deposition, we will inquire about the areas identified in the November 5 letter. We continue to believe they do not implicate any privilege, though we understand that Mr. Meadows may assert executive privilege as to certain questions. Our intention is to develop the areas that are outside of any privilege claim, and to give you and Mr. Meadows the opportunity to state privilege objections to specific questions on the record.

    As we discussed by telephone today, our investigation has identified evidence regarding your client's use of personal cellular telephones and email accounts. Mr. Meadows's use of such personal devices and accounts will be a subject of inquiry at Friday's deposition. More specifically,

Mr. George Terwilliger III
Page 2

we will seek to develop the following information, none of which implicates any executive or other privilege:

(1) Between the dates November 3, 2020, and January 20, 2021, did Mr. Meadows use any electronic application with encryption technology to communicate any government-related messages? If so, which applications did Mr. Meadows use? Does Mr. Meadows still have access to these messages? Were these messages searched in response to the Select Committee's subpoena?

(2) Between the dates November 3, 2020, and January 20, 2021, did Mr. Meadows use any personal communications devices, including but not limited to cell phones assigned the numbers (828) 200-2544 and (828) 506-3883?

(3) If Mr. Meadows had such personal communications devices, did he use them for any government-related communications?

(4) If Mr. Meadows had such personal communications devices, does he still have those devices and any text messages stored therein?

(5) If so, have those devices been searched for records responsive to the Select Committee's subpoena to Mr. Meadows?

(6) If Mr. Meadows no longer has such personal communications devices or no longer has the text messages from the date range mentioned above, what did he do with those devices and messages? Did he turn them over to the National Archives? If he no longer has possession of them, does he have knowledge regarding their disposition?

(7) During the date ranges mentioned above, did Mr. Meadows utilize a non-government email account, such as a Gmail account? If so, did Mr. Meadows use that account for any government-related communications? Does Mr. Meadows still have access to the account? Has any such account been searched for records responsive to the Select Committee's subpoena to Mr. Meadows?

(8) If Mr. Meadows had a non-government email account during the dates mentioned above, but no longer has access to that account or no longer has emails from the date range mentioned above, what happened to that account or those emails? Did he provide all government-related emails to the National Archives?

As we discussed, it would be helpful to have information about these issues before Friday's deposition.

Please confirm receipt of this letter and Mr. Meadows' intent to appear for his deposition on Friday. Our staff is available to talk with you about logistical information such as building access. The Select Committee will view Mr. Meadows's failure to appear for the deposition and respond to the subpoena as willful non-compliance. Such willful non-compliance with the subpoena would force the Select Committee to consider invoking the contempt of Congress procedures in 2 U.S.C. §§ 192, 194—which could result in a referral from the House to the

Mr. George Terwilliger III
Page 3

Department of Justice for criminal charges—as well as the possibility of having a civil action to enforce the subpoena brought against Mr. Meadows in his personal capacity. Upon completion of Friday's deposition, we will have a record on which to base decisions about possible enforcement action.

        Sincerely,

        Bennie G. Thompson
        Chairman