EXHIBIT M

McGuireWoods LLP
888 16th Street N.W.
Suite 500
Washington, DC 20006
Phone: 202.857.1700
Fax: 202.857.1737
www.mcguirewoods.com

**George J. Terwilliger III**
Direct: 202.857.2473

McGuireWoods

gterwilliger@mcguirewoods.com
Fax: 202.828.2965

November 19, 2021

VIA EMAIL

Honorable Bennie G. Thompson, Chairman
Honorable Liz Cheney, Vice Chair
Select Committee to Investigate the January 6th Attack on the United States Capitol
U.S. House of Representatives
1540A Longworth House Office Building
Washington, DC  20515

Re:     <u>Subpoenas Served on Honorable Mark R. Meadows</u>

Dear Chair Thompson and Vice Chair Cheney:

      I write further to our discussions about the Select Committee's subpoena to former White House Chief of Staff Mark R. Meadows and to propose again, in greater detail, that we explore an accommodation that would allow the Select Committee to obtain useful information to further its legislative purpose while allowing both the Committee and Mr. Meadows to maintain their respective positions on relevant legal issues.  We recognize that the Select Committee believes that it is entitled to enforce the full scope of its subpoena.  The Select Committee likewise is in a position to recognize that Mr. Meadows disagrees with that position.  If pressed, we would expect that disagreement to require judicial resolution, which could take a substantial amount of time and resources.

      Therefore, consistent with the long tradition and practice in disputes between Congress and Executive Branch officials (both current and former), we propose below an accommodation that would allow the Select Committee to obtain information outside the compulsion of the subpoena and without requiring either side to give up its legal position.

      We propose that, as an initial step, Mr. Meadows provide written responses to written interrogatories from the Select Committee on a defined set of topics, with the specific subject matter for questions to be discussed between the Select Committee's counsel and counsel for Mr. Meadows.  In a letter dated November 11, 2021, which was copied to the Select Committee, the Office of White House Counsel informed me that President Biden is not asserting privilege over

Select Committee to Investigate the January 6th Attack on the United States Capitol
November 19, 2021
Page 2

certain categories of information within the scope of the Select Committee's inquiry. Within those categories, we would propose an initial focus on the following topics:

***Events on or about January 6, 2021***.  Mr. Meadows can provide written responses to the Select Committee about his conduct, activities, and communications on January 5–6, 2021, with the caveat that he is not able to disclose communications with or on behalf of the President, or with other senior White House aides, absent the former President's agreement. (As discussed further below, we are willing to seek that agreement in connection with specific questions or sets of questions concerning a particular topic). To the extent the Select Committee already has records of Mr. Meadows's activities from Presidential records or other sources, he is willing to provide context or other relevant background, consistent with the limitations described above.

***Communications with the Department of Justice***.  Mr. Meadows can provide written responses to the Select Committee about his communications with the Department of Justice concerning the events of January 6 and concerning other post-election issues, consistent with the limitations described above.

***Other Post-Election Communications***.  We also understand that the Select Committee is interested in other post-election efforts and discussions regarding the results of the election and allegations of election fraud, including any discussions between White House officials and state officials in Georgia and elsewhere. It has been publicly announced that the district attorney in Fulton, Georgia, has impaneled or soon will impanel a special grand jury to investigate such communications. We therefore would propose deferring discussion of questions on this topic until Mr. Meadows's status, if any, in that matter can be established.

As indicated above, Mr. Meadows has a reasonable basis in fact and law to take the position that private communications that he had with or on behalf of the President, or with other senior White House aides, are subject to claims of Executive Privilege, as those communications lie at the core of Executive Privilege. Even though President Biden has purported to waive Executive Privilege in this regard, President Trump has instructed Mr. Meadows to maintain the privilege. It is not for Mr. Meadows as a witness to be forced to choose between these conflicting instructions. Nevertheless, as part of an effort to accommodate the Select Committee outside the compulsion of the subpoena, we are willing to seek the former President's agreement for Mr. Meadows to provide selective information through the means outlined above to the extent it would inform the Select Committee in furthering a valid legislative purpose. Our goal in doing so would be to avoid a dispute over Executive Privilege that might require lengthy and costly judicial resolution for all parties involved. To the extent the former President agrees, Mr. Meadows will also include that information in written responses to the Select Committee.

We submit this proposal as an initial step. Our expectation would be that, after working through this written process and after further consultation with counsel for the Select Committee, Mr. Meadows could agree outside of compulsion by subpoena to appear voluntarily for a deposition within the parameters established through the initial process.

Select Committee to Investigate the January 6th Attack on the United States Capitol
November 19, 2021
Page 3

*     *     *     *     *

      Thank you again for your willingness to discuss these important issues with us. We hope you will agree that the process outlined above can serve the interests of both parties and potentially avoid the prospect of time-consuming and resource-intensive litigation, all without prejudice to the prerogatives of the Select Committee or of Mr. Meadows as a former White House Chief of Staff. We will continue to stay in communication with counsel for the Select Committee, and if the Select Committee finds this proposal agreeable as an initial step, we will work quickly with them to identify the Select Committee's initial interrogatories and to begin preparing Mr. Meadows's responses.

                                                                    Sincerely yours,

                                                                    George J. Terwilliger III

cc:     Honorable Timothy J. Heaphy, Chief Investigative Counsel
           Honorable John F. Wood, Senior Investigative Counsel