# EXHIBIT N

BENNIE G. THOMPSON, MISSISSIPPI
CHAIRMAN

ZOE LOFGREN, CALIFORNIA
ADAM B. SCHIFF, CALIFORNIA
PETE AGUILAR, CALIFORNIA
STEPHANIE N. MURPHY, FLORIDA
JAMIE RASKIN, MARYLAND
ELAINE G. LURIA, VIRGINIA
LIZ CHENEY, WYOMING
ADAM KINZINGER, ILLINOIS

U.S. House of Representatives
Washington, DC 20515

january6th.house.gov
(202) 225–7800



One Hundred Seventeenth Congress
Select Committee to Investigate the January 6th Attack on the United States Capitol

November 22, 2021

Mr. George Terwilliger III
McGuire Woods LLP
888 16th Street N.W., Suite 500
Washington, D.C. 20006

Dear Mr. Terwilliger,

The Select Committee to Investigate the January 6th Attack on the United States Capitol ("Select Committee") has received and considered the letter you sent on November 19, 2021, a full week after your client, Mr. Mark Meadows, failed to appear for a deposition and two weeks after a deadline to produce documents.

Despite these failures, you again seek an accommodation via written interrogatories. Let me be clear, once more, on this issue: the Select Committee will not proceed with Mr. Meadows by submitting written interrogatories to him because we disagree that obtaining information from your client in writing is an appropriate accommodation. When Mr. Meadows first proposed interrogatories, he asked that the Select Committee "propound" them, but did not say that he would actually provide any substantive information in response.[1] Now, after his failure to comply with the Select Committee's subpoena, he has added conditions: (1) the interrogatories can only ask questions about two days in January 2021 and Mr. Meadows's communications with the Department of Justice; and (2) Mr. Meadows will only respond to questions about his communications "with or on behalf of the [former] president, *or* with other senior White House aides" *provided that* he first obtains the former President's approval. These conditions stop short of an agreement to provide interrogatory responses, even if the Select Committee were inclined to consider them.

The Select Committee has attempted, on many occasions, to resolve the issues you have raised about Mr. Meadows's compliance with the Select Committee's subpoena. At your request, the Select Committee agreed to move the original subpoena compliance dates. When you asked for an overview of topics that the Select Committee planned to raise with your client, we accommodated your request. When you requested further accommodations, we provided additional details about the questions that the Select Committee intended to pose to Mr. Meadows in the form of a list of 16 specific topics. When you then raised, for the first time, your

---

[1] Letter to Chairman Thompson from George Terwilliger dated November 8, 2021 (in connection with his proposal to receive interrogatories, Mr. Meadows vaguely added that he would "provide what information he can and/or articulate clear assertions of privilege where applicable to specific questions").

Mr. George Terwilliger III
Page 2

suggestion of written interrogatories, the Select Committee provided a list of eight questions about Mr. Meadows's use of communications accounts and devices. To date, Mr. Meadows has never provided a meaningful response to the Select Committee's attempts at accommodation, has never provided any documents or any privilege log, and has not even responded to written questions that he himself invited.

This history has led the Select Committee to suspect that you are simply engaged in an effort to delay, and that Mr. Meadows has no genuine intent to offer any testimony on any relevant topic. As you know, Mr. Meadows has extensive information unequivocally relevant to this investigation, including specific knowledge regarding former President Trump's failure for over three hours to demand that his supporters leave the Capitol during the violent confrontation on January 6th and his broader efforts to undercut the results of the fall 2020 election. Given that you have now for the first time identified Mr. Meadows's potential willingness to "appear voluntarily for a deposition," we will now supply you with that opportunity so that you can demonstrate that you and your client are operating in good faith. To that end, the Select Committee will agree to convene a deposition for your client on November 29, 2021, at 10:00 a.m. At that deposition, the Select Committee will begin by asking questions addressing obviously non-privileged topics that we have raised in earlier letters.[2] As indicated previously, we intend to ask Mr. Meadows about his communications with individuals outside of the executive branch, including Members of Congress, state officials, and third parties. We also intend to ask Mr. Meadows questions related to his use of private email accounts, cell phones, and other communications devices on January 6th and other relevant dates, as well as the required preservation of communications and other information on such accounts and devices.[3] Those questions unequivocally call for non-privileged responses and are directly pertinent to the Select Committee's statutory right to obtain appropriate records from the National Archives under the Presidential Records Act. In short, there are multiple non-privileged subject matters within the scope of the Select Committee's investigation, as your most recent letter acknowledges. Again, we can conceive of no appropriate basis for your client's continued failure to appear and, at a minimum, answer these types of questions.

Your November 19 letter does not suggest any accommodation with respect to the production of documents, which to date your client has not produced. As I have stated previously, the Select Committee expects Mr. Meadows to produce documents in his possession that are responsive to the schedule set forth in the subpoena, and to assert in a privilege log any claims of executive privilege that he believes cover such documents, and on a document-by-document basis. To date, he has produced neither a single document nor a privilege log and, as a result, he remains in contempt of Congress for his failure to produce documents. Again, I have specifically asked Mr. Meadows to confirm his use and preservation of information contained within the specific cellular telephones and a personal email account mentioned above – issues that could not conceivably be covered by a privilege. He has failed to provide any information contained in those devices or accounts, or answer even those basic questions. Nonetheless, I will

---

[2] Letters to George Terwilliger from Chairman Thompson dated October 25, November 5, November 9, and November 11, 2021.
[3] Letters to George Terwilliger from Chairman Thompson dated November 9 and November 11, 2021.

Mr. George Terwilliger III
Page 3

provide him one final opportunity to produce documents responsive to the September 23 subpoena and/or a privilege log. That information must be provided no later than Friday, November 26, 2021.

The accommodations process regarding potential claims of executive privilege typically involves discussions between the executive branch and the legislative branch. Mr. Meadows represents neither. The current administration has not asserted claims of absolute immunity or executive privilege. To the contrary, the White House Counsel's Office has specifically indicated in its letter dated November 11 that "an assertion in this circumstance would be at odds with the principles that underlie the privilege."[4]

Nevertheless, I have in good faith considered your concerns and have proposed a course of action that reflects both that consideration and the Select Committee's need for information to fulfill its purpose of understanding the complete picture of what led to and occurred on January 6th, making recommendations for changes to the law that will protect our democracy, and help ensure that nothing like January 6th ever happens again.

If Mr. Meadows seeks further engagement with the Select Committee in a good-faith effort to begin complying with the Select Committee's subpoena, he must produce documents and/or a privilege log by noon on Friday, November 26, 2021, and appear for his deposition at 10:00am on Monday, November 29, 2021. If at that time, you believe that the Committee's questions address topics for which you intend to continue to press a privilege claim, I trust that you will object and we can continue discussing your privilege arguments. The Select Committee will defer consideration of enforcement steps regarding Mr. Meadows's non-compliance with the Select Committee's subpoena pending the November 26 production of documents and November 29 deposition.

Sincerely,

Bennie G. Thompson
Chairman

---

[4] Letter to George Terwilliger from the White House dated November 11, 2021.