# EXHIBIT Q

BENNIE G. THOMPSON, MISSISSIPPI
CHAIRMAN

ZOE LOFGREN, CALIFORNIA
ADAM B. SCHIFF, CALIFORNIA
PETE AGUILAR, CALIFORNIA
STEPHANIE N. MURPHY, FLORIDA
JAMIE RASKIN, MARYLAND
ELAINE G. LURIA, VIRGINIA
LIZ CHENEY, WYOMING
ADAM KINZINGER, ILLINOIS



U.S. House of Representatives
Washington, DC 20515

january6th.house.gov
(202) 225-7800

One Hundred Seventeenth Congress
Select Committee to Investigate the January 6th Attack on the United States Capitol

November 28, 2021

Mr. George Terwilliger III
McGuire Woods LLP
888 16th Street N.W., Suite 500
Washington, D.C. 20006

Dear Mr. Terwilliger,

    The Select Committee to Investigate the January 6th Attack on the United States Capitol ("Select Committee") has received and considered the letters you sent on November 26, 2021. One letter addressed Mr. Meadows' potential deposition testimony, and the other addressed an initial production of documents and a privilege log. Separately, staff for the Select Committee received a link from your law firm to download Mr. Meadows's initial document production that same day.

    The Select Committee is working to download and process the documents Mr. Meadows produced and will review them as soon as practicable. As your letter indicates, that production includes 1,139 documents and 6,836 pages that are responsive to the Select Committee's subpoena, as well as a privilege log describing hundreds more responsive documents that Mr. Meadows has withheld. I understand that this is an initial production, and that you are working to provide additional responsive documents including text messages taken from a personal cell phone that Mr. Meadows used during the relevant timeframe. Mr. Meadows' production and privilege log comes well after the original and revised dates by which he was required to produce documents: October 7 and November 5, respectively. Given this delay and for the reasons stated below, I request that you complete the remaining production expeditiously, and no later than Friday, December 3, 2021.

    In addition, the Select Committee is encouraged to hear that Mr. Meadows is interested in appearing for deposition testimony without further delay. I understand the extenuating circumstances for your request that we schedule the deposition for the week of December 6. I am willing to accommodate your request, *provided that* you complete production of documents from Mr. Meadows no later than Friday, December 3, 2021. More specifically, the Select Committee will convene a deposition on Wednesday, December 8, 2021, at 10:00 a.m. The deposition will be conducted pursuant to H. Res. 503, section 3(b) of H. Res. 8, and the Rules of the House of Representatives. Specifically, Mr. Meadows will be placed under oath to answer questions posed by staff and Members of the Select Committee. He will answer the questions asked or specifically articulate a privilege or other objection to such questions. As Chairman of the Select

Mr. George Terwilliger III
Page 2

Committee, I will consider and may rule upon those objections, as provided by the Rules of the House of Representatives. For your reference, I have enclosed the House Deposition Authority Regulations.

During the deposition, counsel and Members of the Select Committee will ask questions of your client that are relevant to the Select Committee's investigation. To be clear, the Select Committee's view of applicable executive privilege will be consistent with the prior letters that we have sent to you as well as the November 11, 2021, White House letter addressed to Mr. Meadows. Our hope is that Mr. Meadows will answer all questions put forth during the deposition. If, however, the Select Committee's questions address topics which you believe are protected by privilege, you will state such privilege objection on the record. After the deposition concludes, we will have a specific record on which to base continued discussion of your privilege claims.

The Select Committee hopes to limit the number of times Mr. Meadows must appear for testimony, but also recognizes that it might be necessary to continue the deposition to address issues that are not covered in this deposition, such as areas where you assert some executive-privilege-based objection that is later resolved. At this deposition, Select Committee staff will raise, in good faith, all relevant topics with Mr. Meadows in order to both obtain information that is relevant and necessary to its inquiry and narrow the scope of questions to which Mr. Meadows objects. If Mr. Meadows is forthcoming and cooperative, this process may take more than four hours, and the Select Committee cannot agree to such a time limit.

The Select Committee will endeavor to provide you, as counsel for Mr. Meadows, access to the nonpublic documents that it intends to show or question him about during the deposition that the Select Committee has received from sources other than your document production, *provided that* both you and Mr. Meadows agree to keep the documents confidential and not produce them, or otherwise disclose their contents, to any third parties. As noted above, it is imperative that we receive a complete production of documents from Mr. Meadows by December 3. This production must include, but not be limited to, production of text messages and other information contained in Mr. Meadows' personal cellular device(s). The Select Committee is also willing to provide access to the written record of the deposition upon the completion of the deposition pursuant to House rules.

I trust that Mr. Meadows' stated position indicates a willingness to cooperate with the Select Committee. If so, he must complete his document production by Friday, December 3, 2021, and appear for a deposition at 10:00 a.m. on Wednesday, December 8, 2021. As was true in the letter that I sent dated November 22, 2021, the Select Committee will defer consideration of enforcement steps regarding Mr. Meadows' non-compliance with the Select Committee's September 23, 2021, subpoena pending the December 8, 2021, deposition.

Mr. George Terwilliger III
Page 3

      Please find the previously mentioned enclosures to this letter below. I look forward to your speedy reply.

                              Sincerely,

                              Bennie G. Thompson
                              Chairman

Enclosures.

# H. Res. 8

## *In the House of Representatives, U. S.,*

*January 4, 2021.*

*Resolved,*

**SECTION 1. ADOPTION OF THE RULES OF THE ONE HUNDRED SIXTEENTH CONGRESS.**

The Rules of the House of Representatives of the One Hundred Sixteenth Congress, including applicable provisions of law or concurrent resolution that constituted rules of the House at the end of the One Hundred Sixteenth Congress, are adopted as the Rules of the House of Representatives of the One Hundred Seventeenth Congress, with amendments to the standing rules as provided in section 2, and with other orders as provided in this resolution.

**SEC. 2. CHANGES TO THE STANDING RULES.**

(a) CONFORMING CHANGE.—In clause 2(i) of rule II—

(1) strike the designation of subparagraph (1); and

(2) strike subparagraph (2).

(b) OFFICE OF DIVERSITY AND INCLUSION AND OFFICE OF THE WHISTLEBLOWER OMBUDS.—

**SEC. 3. SEPARATE ORDERS.**

(a) MEMBER DAY HEARING REQUIREMENT.—During the first session of the One Hundred Seventeenth Congress, each standing committee (other than the Committee on Ethics) or each subcommittee thereof (other than a subcommittee on oversight) shall hold a hearing at which it receives testimony from Members, Delegates, and the Resident Commissioner on proposed legislation within its jurisdiction, except that the Committee on Rules may hold such hearing during the second session of the One Hundred Seventeenth Congress.

(b) DEPOSITION AUTHORITY.—

(1) During the One Hundred Seventeenth Congress, the chair of a standing committee (other than the Committee on Rules), and the chair of the Permanent Select Committee on Intelligence, upon consultation with the ranking minority member of such committee, may order the taking of depositions, including pursuant to subpoena, by a member or counsel of such committee.

(2) Depositions taken under the authority prescribed in this subsection shall be subject to regulations issued by the chair of the Committee on Rules and printed in the Congressional Record.

(c) WAR POWERS RESOLUTION.—During the One Hundred Seventeenth Congress, a motion to discharge a measure introduced pursuant to section 6 or section 7 of the War

health, safety, and well-being of others present in the Chamber and surrounding areas. Members and staff will not be permitted to enter the Hall of the House without wearing a mask. Masks will be available at the entry points for any Member who forgets to bring one. The Chair views the failure to wear a mask as a serious breach of decorum. The Sergeant-at-Arms is directed to enforce this policy. Based upon the health and safety guidance from the attending physician and the Sergeant-at-Arms, the Chair would further advise that all Members should leave the Chamber promptly after casting their votes. Furthermore, Members should avoid congregating in the rooms leading to the Chamber, including the Speaker's lobby. The Chair will continue the practice of providing small groups of Members with a minimum of 5 minutes within which to cast their votes. Members are encouraged to vote with their previously assigned group. After voting, Members must clear the Chamber to allow the next group a safe and sufficient opportunity to vote. It is essential for the health and safety of Members, staff, and the U.S. Capitol Police to consistently practice social distancing and to ensure that a safe capacity be maintained in the Chamber at all times. To that end, the Chair appreciates the cooperation of Members and staff in preserving order and decorum in the Chamber and in displaying respect and safety for one another by wearing a mask and practicing social distancing. All announced policies, including those addressing decorum in debate and the conduct of votes by electronic device, shall be carried out in harmony with this policy during the pendency of a covered period.

## 117TH CONGRESS REGULATIONS FOR USE OF DEPOSITION AUTHORITY

COMMITTEE ON RULES,
HOUSE OF REPRESENTATIVES,
*Washington, DC, January 4, 2021.*
Hon. NANCY PELOSI,
*Speaker, House of Representatives,
Washington, DC.*

MADAM SPEAKER: Pursuant to section 3(b) of House Resolution 8, 117th Congress, I hereby submit the following regulations regarding the conduct of depositions by committee and select committee counsel for printing in the Congressional Record.

Sincerely,
JAMES P. MCGOVERN,
*Chairman, Committee on Rules.*

REGULATIONS FOR THE USE OF DEPOSITION AUTHORITY

1. Notices for the taking of depositions shall specify the date, time, and place of examination. Depositions shall be taken under oath administered by a member or a person otherwise authorized to administer oaths. Depositions may continue from day to day.

2. Consultation with the ranking minority member shall include three days' notice before any deposition is taken. All members of the committee shall also receive three days written notice that a deposition will be taken, except in exigent circumstances. For purposes of these procedures, a day shall not include Saturdays, Sundays, or legal holidays except when the House is in session on such a day.

3. Witnesses may be accompanied at a deposition by personal, nongovernmental counsel to advise them of their rights. Only members, committee staff designated by the chair or ranking minority member, an official reporter, the witness, and the witness's counsel are permitted to attend. Observers or counsel for other persons, including counsel for government agencies, may not attend.

4. The chair of the committee noticing the deposition may designate that deposition as part of a joint investigation between committees, and in that case, provide notice to the members of the committees. If such a designation is made, the chair and ranking minority member of the additional committee(s) may designate committee staff to attend pursuant to regulation 3. Members and designated staff of the committees may attend and ask questions as set forth below.

5. A deposition shall be conducted by any member or committee counsel designated by the chair or ranking minority member of the Committee that noticed the deposition. When depositions are conducted by committee counsel, there shall be no more than two committee counsel permitted to question a witness per round. One of the committee counsel shall be designated by the chair and the other by the ranking minority member per round.

6. Deposition questions shall be propounded in rounds. The length of each round shall not exceed 60 minutes per side, and shall provide equal time to the majority and the minority. In each round, the member(s) or committee counsel designated by the chair shall ask questions first, and the member(s) or committee counsel designated by the ranking minority member shall ask questions second.

7. Objections must be stated concisely and in a non-argumentative and non-suggestive manner. A witness's counsel may not instruct a witness to refuse to answer a question, except to preserve a privilege. In the event of professional, ethical, or other misconduct by the witness's counsel during the deposition, the Committee may take any appropriate disciplinary action. The witness may refuse to answer a question only to preserve a privilege. When the witness has refused to answer a question to preserve a privilege, members or staff may (i) proceed with the deposition, or (ii) either at that time or at a subsequent time, seek a ruling from the Chair either by telephone or otherwise. If the Chair overrules any such objection and thereby orders a witness to answer any question to which an objection was lodged, the witness shall be ordered to answer. If a member of the committee chooses to appeal the ruling of the chair, such appeal must be made within three days, in writing, and shall be preserved for committee consideration. The Committee's ruling on appeal shall be filed with the clerk of the Committee and shall be provided to the members and witness no less than three days before the reconvened deposition. A deponent who refuses to answer a question after being directed to answer by the chair may be subject to sanction, except that no sanctions may be imposed if the ruling of the chair is reversed by the committee on appeal.

8. The Committee chair shall ensure that the testimony is either transcribed or electronically recorded or both. If a witness's testimony is transcribed, the witness or the witness's counsel shall be afforded an opportunity to review a copy. No later than five days after the witness has been notified of the opportunity to review the transcript, the witness may submit suggested changes to the chair. Committee staff may make any typographical and technical changes. Substantive changes, modifications, clarifications, or amendments to the deposition transcript submitted by the witness must be accompanied by a letter signed by the witness requesting the changes and a statement of the witness's reasons for each proposed change. Any substantive changes, modifications, clarifications, or amendments shall be included as an appendix to the transcript conditioned upon the witness signing the transcript.

9. The individual administering the oath, if other than a member, shall certify on the transcript that the witness was duly sworn. The transcriber shall certify that the transcript is a true record of the testimony, and the transcript shall be filed, together with any electronic recording, with the clerk of the committee in Washington, DC. Depositions shall be considered to have been taken in Washington, DC, as well as the location actually taken once filed there with the clerk of the committee for the committee's use. The chair and the ranking minority member shall be provided with a copy of the transcripts of the deposition at the same time.

10. The chair and ranking minority member shall consult regarding the release of deposition testimony, transcripts, or recordings, and portions thereof. If either objects in writing to a proposed release of a deposition testimony, transcript, or recording, or a portion thereof, the matter shall be promptly referred to the committee for resolution.

11. A witness shall not be required to testify unless the witness has been provided with a copy of section 3(b) of H. Res. 8, 117th Congress, and these regulations.

## REMOTE COMMITTEE PROCEEDINGS REGULATIONS PURSUANT TO HOUSE RESOLUTION 8, 117TH CONGRESS

COMMITTEE ON RULES,
HOUSE OF REPRESENTATIVES,
*Washington, DC, January 4, 2021.*
Hon. NANCY PELOSI,
*Speaker, House of Representatives,
Washington, DC.*

MADAM SPEAKER: Pursuant to section 3(s) of House Resolution 8, 117th Congress, I hereby submit the following regulations regarding remote committee proceedings for printing in the CONGRESSIONAL RECORD.

Sincerely,
JAMES P. MCGOVERN,
*Chairman,
Committee on Rules.*

REMOTE COMMITTEE PROCEEDINGS REGULATIONS PURSUANT TO HOUSE RESOLUTION 8

A. PRESENCE AND VOTING

1. Members participating remotely in a committee proceeding must be visible on the software platform's video function to be considered in attendance and to participate unless connectivity issues or other technical problems render the member unable to fully participate on camera (except as provided in regulations A.2 and A.3).

2. The exception in regulation A.1 for connectivity issues or other technical problems does not apply if a point of order has been made that a quorum is not present. Members participating remotely must be visible on the software platform's video function in order to be counted for the purpose of establishing a quorum.

3. The exception in regulation A.1 for connectivity issues or other technical problems does not apply during a vote. Members participating remotely must be visible on the software platform's video function in order to vote.

4. Members participating remotely off-camera due to connectivity issues or other technical problems pursuant to regulation A.1 must inform committee majority and minority staff either directly or through staff.

5. The chair shall make a good faith effort to provide every member experiencing connectivity issues an opportunity to participate fully in the proceedings, subject to regulations A.2 and A.3.