**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARK MEADOWS, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-3271-CJN |
| ) | |
| NANCY PELOSI, et al. ) | |
| ) | |
| ) | |

# Exhibit W

JAMES C. WEIDNER

ERNEST H. "BUCKY" WOODS, III

DOUGLAS A. COLLINS

WILLIAM R. OLIVER
(OF COUNSEL)





NorthGeorgiaLawyers.com

August 2, 2021

Mr. Jeff Clark:

    We represent former President Donald J. Trump and write concerning requests sent to you by the U.S. House of Representatives Committee on Oversight and Reform and the U.S. Senate Judiciary Committee to provide transcribed interviews on matters related to your service as Deputy Attorney General and Acting Attorney General during President Trump's administration. We also understand that, as set forth in its July 26, 2021, letter to you, the U.S. Department of Justice stated that President Biden decided to waive the executive and other privileges that protect from disclosure non-public information concerning those matters and has authorized you to provide such information.

    Please be advised that the Department's purported waiver and authorization are unlawful, and that President Trump continues to assert that the non-public information the Committees seek is and should be protected from disclosure by the executive privilege. The executive privilege applicable to communications with President Trump belongs to the Office of the Presidency, not to any individual President, and President Biden has no power to unilaterally waive it. The reason is clear: if a President were empowered unilaterally to waive executive privilege applicable to communications with his or her predecessors, particularly those of the opposite party, there would effectively be no executive privilege. To the extent the privilege would continue to exist at all, it would become yet another weapon to level the kind of unjustifiable partisan political attacks the Democrat-controlled administration and Committees are seeking to level here.

    As the Supreme Court held in *Nixon v. Administrator of General Services*, 433 U.S. 425 (1977) – where, like here, the then-current administration did not support a former President's assertion of executive privilege – the executive privilege is crucial to Executive Branch decision-making:

> Unless [the President] can give his advisers some assurance of confidentiality, a President could not expect to receive the full and frank submissions of facts and opinions upon which effective discharge of his duties depends. The confidentiality necessary to this exchange cannot be measured by the few months or years between the submission of the information and the end of the President's tenure; the privilege is not for the benefit of the President as an individual, but for the benefit of the Republic.

*Nixon v. Administrator of General Services*, 433 U.S. 425, 448-49 (1977). The Department's July 26 letter to you quoted this decision but left out the very next sentence in the opinion: **"Therefore, the privilege survives the individual President's tenure."** Id. at 448-49 (quoting, and adopting, Brief for the Solicitor General on Behalf of Federal Appellees) (emphasis added).

Here, it is clear that even though President Biden and the Department do not know the nature or content of the non-public information the Committees seek, they have not sought or considered the views of the President who does know as to whether the confidentiality of that information at issue should continue to be protected. Such consideration is the minimum that should be required before a President waives the executive privilege protecting the communications of a predecessor. *See* Office of Legal Counsel Memorandum on Applicability of Post-Employment Restrictions in 18 U.S.C. § 207 to a Former Government Official Representing a Former President or Vice President in Connection with the Presidential Records Act, June 20, 2001, at 5 ("[A]lthough the privilege belongs to the Presidency as an institution and not to any individual President, the person who served as President at the time the documents in question were created is often particularly well situated to determine whether the documents are subject to a claim of executive privilege and, if so, to recommend that the privilege be asserted and the documents withheld from disclosure.").

Nonetheless, to avoid further distraction and without in any way otherwise waiving the executive privilege associated with the matters the Committees are purporting to investigate, President Trump will agree not to seek judicial intervention to prevent your testimony or the testimony of the five other former Department officials (Richard P. Donoghue, Patrick Hovakimian, Byung J. "BJay" Pak, Bobby L. Christine, and Jeffrey B. Clark) who have already received letters from the Department similar to the July 26, 2021 letter you received, so long as the Committees do not seek privileged information from any other Trump administration officials or advisors. If the Committees do seek such information, however, we will take all necessary and appropriate steps, on President Trump's behalf, to defend the Office of the Presidency.

Sincerely yours,
OLIVER & WEIDNER, LLC

Douglas A. Collins