## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARK MEADOWS,

                    *Plaintiff*,

        v.                                                Case No. 1:21-cv-3217-CJN

NANCY PELOSI, *et al*.,

                    *Defendants*.

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants Nancy Pelosi, Bennie G. Thompson, Elizabeth L. Cheney, Adam B. Schiff, Jamie B. Raskin, Susan E. Lofgren, Elaine G. Luria, Peter R. Aguilar, Stephanie Murphy, Adam D. Kinzinger, and the Select Committee to Investigate the January 6th Attack on the United States Capitol ("Select Committee") hereby answer Plaintiff Mark Meadows's Amended Complaint as follows:

1.      Defendants admit that Mr. Meadows is a private citizen who previously served as a Member of Congress and subsequently as Chief of Staff to the President of the United States. Defendants admit that Mr. Meadows brought a complaint for declaratory and injunctive relief but deny that Mr. Meadows is entitled to such relief.  Defendants deny the remaining allegations in Paragraph 1.

2.      Defendants admit that the Select Committee seeks to compel Mr. Meadows and a third-party telecommunications company to provide certain information to the Select Committee. Defendants deny the remaining allegations in Paragraph 2.

3.      Defendants admit that the Select Committee and Mr. Meadows engaged over a period of time in an effort to achieve a reasonable accommodation.  Defendants deny the remaining allegations in Paragraph 3.

4.      Defendants admit that Mr. Meadows produced certain documents to the Select Committee.  Defendants deny the remaining allegations in Paragraph 4.

5.      Paragraph 5 characterizes statements made on behalf of the President of the United States and by a Justice of the United States Supreme Court.  Those statements speak for themselves, and Defendants refer to them for their full and complete contents and deny and remaining allegations of Paragraph 5.

6.      Defendants admit that Mr. Meadows is a witness to events that are the subject of the Select Committee's investigation.  Defendants admit that Mr. Meadows has filed this action to challenge the subpoena issued to him.  Defendants deny the remaining allegations in Paragraph 5.

**PARTIES**

7.      Admitted.

8.      Defendants admit that Nancy Pelosi is a Democratic Member of the U.S. House of Representatives and Speaker of the House.

9.      Defendants admit that Bennie G. Thompson is a Democratic Member of the U.S. House of Representatives and Chairman of the Select Committee to Investigate the January 6th Attack on the United States Capitol.  Defendants admit that the subpoenas that Mr. Meadows is challenging were issued pursuant to Chairman Thompson's authority as Chair.

10.    Defendants admit that Elizabeth L. Cheney is a Republican Member of the U.S. House of Representatives and a member of the Select Committee to Investigate the January 6th Attack on the United States Capitol.

11.    Defendants admit that Adam B. Schiff is a Democratic Member of the U.S. House of Representatives and a member of the Select Committee to Investigate the January 6th Attack on the United States Capitol.

12.    Defendants admit that Jamie B. Raskin is a Democratic Member of the U.S. House of Representatives and a member of the Select Committee to Investigate the January 6th Attack on the United States Capitol.

13.    Defendants admit that Susan E. Lofgren is a Democratic Member of the U.S. House of Representatives and a member of the Select Committee to Investigate the January 6th Attack on the United States Capitol.

14.    Defendants admit that Elaine G. Luria is a Democratic Member of the U.S. House of Representatives and a member of the Select Committee to Investigate the January 6th Attack on the United States Capitol.

15.    Defendants admit that Peter R. Aguilar is a Democratic Member of the U.S. House of Representatives and a member of the Select Committee to Investigate the January 6th Attack on the United States Capitol.

16.    Defendants admit that Stephanie Murphy is a Democratic Member of the U.S. House of Representatives and a member of the Select Committee to Investigate the January 6th Attack on the United States Capitol.

17.    Defendants admit that Adam D. Kinzinger is a Republican Member of the U.S. House of Representatives and a member of the Select Committee to Investigate the January 6th Attack on the United States Capitol.

18.    Admitted.

## JURISDICTION AND VENUE

19.    Paragraph 19 constitutes conclusions of law, rather than averments of fact, to which no response is required.

20.    Paragraph 20 constitutes conclusions of law, rather than averments of fact, to which no response is required.

21.    Paragraph 21 constitutes conclusions of law, rather than averments of fact, to which no response is required.

22.    Paragraph 22 constitutes conclusions of law, rather than averments of fact, to which no response is required.

23.    Paragraph 23 constitutes conclusions of law, rather than averments of fact, to which no response is required.

24.    Admitted.

## RELEVANT FACTS

25.    Admitted that Mr. Meadows served as Chief of Staff to former President Donald J. Trump beginning in March 2020.  To the extent Paragraph 25 suggests that Mr. Meadows was not in that position until after the 2020 election, Defendants deny the allegations in Paragraph 25.

26.    Admitted that a group of violent rioters breached security, assaulted police, and impeded, obstructed, and otherwise disrupted Congress's official proceeding for counting of Electoral College votes on January 6, 2021, and that order was not restored for several hours

thereafter.  Admitted that the U.S. Department of Justice has charged hundreds of individuals to date in connection with the activities of January 6.  Defendants deny the remaining allegations in Paragraph 26 and further state that the statements in Paragraph 26 lack critical context.

27.     Admitted; Defendants deny that this fact has any relevance to this action.

28.     Admitted; Defendants deny that this fact has any relevance to this action.

29.     Admitted; Defendants deny that this fact has any relevance to this action.

30.     Admitted.

31.     Admitted.

32.     Defendants admit that Speaker Pelosi introduced H. Res. 503 on June 28, 2021 and that the Resolution passed by a vote of 222 yeas and 190 nays.  Defendants admit that Rep. Adam Kinzinger and Rep. Liz Cheney voted in favor of H. Res. 503.  Defendants deny the remaining allegations in Paragraph 32.

33.     Paragraph 33 purports to selectively quote H. Res. 503.  Defendants state that H. Res. 503 speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 33.

34.     Paragraph 34 purports to selectively quote H. Res. 503.  Defendants state that H. Res. 503 speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 34.

35.     Paragraph 35 purports to selectively quote H. Res. 503.  Defendants state that H. Res. 503 speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 35.

36.     Paragraph 36 purports to selectively quote H. Res. 503.  Defendants state that H. Res. 503 speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 36.

37.     Defendants admit that Timothy Heaphy is Chief Investigative Counsel for the Select Committee and is a former United States Attorney.  Defendants admit that John Wood is a Senior Investigative Counsel for the Select Committee and is a former United States Attorney. Paragraph 37 purports to characterize a news article, state that the article speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 37. Defendants further deny that the allegations in Paragraph 37 have any relevance to this action.

38.     Paragraph 38 references a selective summary of activity of the Select Committee. Defendants state that the report speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in paragraph 38.

39.     Defendants admit that Speaker Pelosi and members of the Select Committee have made public statements about the Select Committee's work and purposes.  Defendants deny the remaining allegations in Paragraph 39.

40.     Paragraph 40 purports to selectively quote an interview.  Defendants state that the interview speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 40.

41.     Paragraph 41 purports to selectively quote an interview and tweet.  Defendants state that the interview and tweet speak for themselves, refer to them for their full and complete contents, and deny any remaining allegations in Paragraph 41.

42.     Paragraph 42 purports to selectively quote a news article and tweets.  Defendants state that the article and tweets speak for themselves, refer to them for their full and complete contents, and deny any remaining allegations in Paragraph 43.

43.     Paragraph 43 purports to selectively quote a news article and tweet.  Defendants state that the article and tweet speak for themselves, refer to them for their full and complete contents, and deny any remaining allegations in Paragraph 43.  Defendants further deny that Rep. Raskin implied a law enforcement purpose of the investigation.

44.     Paragraph 44 purports to selectively quote an interview transcript.  Defendants state that the interview speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 44.

45.     Paragraph 45 purports to selectively quote a transcript of a press conference.  Defendants state that the transcript speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 45.

46.     Paragraph 46 purports to selectively quote a hearing statement.  Defendants state that the hearing statement speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 46.

47.     Paragraph 47 purports to selectively quote an interview.  Defendants state that the interview speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 47.

48.     Paragraph 48 purports to selectively quote an article.  Defendants state that the article speaks for itself, refer to it for its full and complete contents, and deny the remaining allegations in Paragraph 48.

49.     Defendants deny the allegations in Paragraph 49.

50.     Paragraph 50 purports to selectively quote from a complaint filed in *Thompson v. Trump*, No. 1:21-cv-400 (D.D.C. Feb 16, 2021).  Defendants state that the complaint speaks for itself, refer to it for its full and complete contents, and deny the remaining allegations in Paragraph 50.

51.     Paragraph 51 purports to selectively quote an interview.  Defendants state that the interview speaks for itself, refer to it for its full and complete contents, and deny the remaining allegations in Paragraph 51.

52.     Paragraph 52 purports to selectively quote an interview.  Defendants state that the interview speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 52.

53.     Paragraph 53 purports to selectively quote H. Res. 503.  Defendants state that H. Res. 503 speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 53.

54.     Paragraph 54 purports to characterize H.R. 3233 and selectively quote H. Res. 503.  Defendants state that H.R. 3233 and H. Res. 503 speak for themselves, refer to them for their full and complete contents, and deny any remaining allegations in Paragraph 54.  To the extent that Paragraph 54 asserts legal conclusions, no response is required.

55.     Defendants admit that Speaker Pelosi appointed Chairman Thompson to serve as Chair of the Select Committee and appointed Rep. Zoe Lofgren of California, Rep. Adam Schiff of California, Rep. Pete Aguilar of California, Rep. Liz Cheney of Wyoming, Rep. Stephanie Murphy of Florida, Rep. Jamie Raskin of Maryland, and Rep. Elaine Luria of Virginia as members of the Select Committee.

56.     Admitted.

57.     Paragraph 57 purports to selectively quote a press release.  Defendants state that the press release speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 57.  Answering further, Defendants state that the last three paragraphs of the July 21, 2021 press release state: "Monday evening, the Minority Leader recommended 5 Members to serve on the Select Committee.  I have spoken with him this morning about the objections raised about Representatives Jim Banks and Jim Jordan and the impact their appointments may have on the integrity of the investigation.  I also informed him that I was prepared to appoint Representatives Rodney Davis, Kelly Armstrong and Troy Nehls, and requested that he recommend two other Members. With respect for the integrity of the investigation, with an insistence on the truth and with concern about statements made and actions taken by these Members, I must reject the recommendations of Representatives Banks and Jordan to the Select Committee.  The unprecedented nature of January 6th demands this unprecedented decision."

58.     Defendants admit that Speaker Pelosi appointed Rep. Adam Kinzinger to the Select Committee.  Defendants admit that Rep. Adam Kinzinger voted in favor of H. Res. 503. Defendants deny the remaining allegations in Paragraph 58.

59.     Paragraph 59 purports to selectively quote and reference H. Res. 503 and a press release.  Defendants state that the H. Res. 503 and the press release speak for themselves, refer to them for their full and complete contents, and deny any remaining allegations in Paragraph 59.

60.     Defendants admit that Rep. Cheney is a member of the Republican Conference of the House of Representatives.  Paragraph 60 purports to selectively quote House Rule XI(2)(d). Defendants state that House Rule XI(2)(d) speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 60.  To the extent Paragraph 60

asserts legal conclusions, no response is required.  Defendants further deny that the allegations in

Paragraph 60 have any relevance to this action.

61.     Paragraph 61 purports to reference a letter and a website.  Defendants state that

the letter and website speak for themselves, refer to them for their full and complete contents,

and deny any remaining allegations in Paragraph 61.  Defendants further state that Mr.

Meadows's references to the Select Committee's official letterhead and to the Select

Committee's website are irrelevant.

62.     Paragraph 62 purports to selectively quote H. Res. 503.  Defendants state that H.

Res. 503 speaks for itself, refer to it for its full and complete contents, and deny any remaining

allegations in Paragraph 62.

63.     Denied.

64.     Admitted that the Select Committee held a hearing with testimony from officers

of the U.S. Capitol Police and D.C. Metropolitan Police Department who were violently attacked

on January 6, 2021.  Answering further, Defendants state that three of the officers testified to

being physically attacked while a fourth officer testified to being verbally attacked on January 6,

2021.  Defendants deny the remaining allegations in Paragraph 64.

65.     Defendants admit that the Select Committee has issued subpoenas for documents

and the testimony of witnesses which speak for themselves.  Defendants further admit that the

Select Committee has requested records and sent preservation notices to social media companies,

telecommunications companies, and banking entities, which speak for themselves.  To the extent

Paragraph 65 purports to characterize a press release, Defendants state that the press release

speaks for itself, refer to it for its full and complete contents, and deny the remaining allegations

in Paragraph 65.

66.     Defendants admit that certain individuals and corporations have filed civil actions challenging subpoenas issued by the Select Committee.  Defendants state that Chairman Thompson and the Select Committee are also defendants in *Trump v. Thompson*, and succeeded in that case in defeating former President Trump's effort to shield documents from production. *Trump v. Thompson*, 20 F.4th 10, 41 (D.C. Cir. 2021), *injunction denied*, 142 S. Ct. 680 (Jan. 19, 2022), *cert. denied*, No. 21-932 (Feb. 22, 2022).  Defendants deny the remaining allegations in Paragraph 66.

67.     Paragraph 67 purports to selectively reference a press release.  Defendants state that the press release speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 67.

68.     Admitted.  Answering further, Defendants state that former President Trump's assertion of executive privilege was rejected by the courts.  *Trump v. Thompson*, 20 F.4th 10, 41 (D.C. Cir. 2021), *injunction denied*, 142 S. Ct. 680 (Jan. 19, 2022), *cert. denied*, No. 21-932 (Feb. 22, 2022).

69.     Defendants admit that on October 8, 2021, President Biden's Counsel instructed the Archivist of the United States to release the documents requested by the Select Committee because the President determined that the constitutional protections of executive privilege should not be used to shield, from Congress or the public, information that reflects a clear and apparent effort to subvert the Constitution.  Defendants deny the remaining allegations in Paragraph 69 and further note that former President Trump's attempt to prevent the release of the Presidential records was rejected by the courts.  *See Trump v. Thompson*, 20 F.4th 10, 41 (D.C. Cir. 2021), *injunction denied*, 142 S. Ct. 680 (Jan. 19, 2022), *cert. denied*, No. 21-932 (Feb. 22, 2022).

70.    Defendants admit that former President Trump filed a lawsuit challenging the release of Presidential records.  Answering further, Defendants state that the D.C. Circuit ruled in the Defendants' favor in the referenced case, and the U.S. Supreme Court refused to issue an injunction halting production of the subject records to the Select Committee and subsequently denied *certiorari*.  *Trump v. Thompson*, 20 F.4th 10, 41 (D.C. Cir. 2021), *injunction denied*, 142 S. Ct. 680 (Jan. 19, 2022), *cert. denied*, No. 21-932 (Feb. 22, 2022).  Defendants further admit that the National Archives and Records Administration has released some of the requested records to the Select Committee.  Defendants further state that Paragraph 70 purports to quote a statement respecting the denial of the injunction by Justice Kavanaugh, which was not joined by any other Justice.  Defendants state that the statement by Justice Kavanaugh speaks for itself, refer to it for its full and complete contents, and deny the remaining allegations in Paragraph 70.

71.    Admitted.

72.    Defendants admit that the Select Committee issued a subpoena to Mr. Meadows.  Defendants further state that Paragraph 72 purports to selectively quote the subpoena.  Defendants state that the subpoena speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 72.

73.    Admitted.

74.    Admitted.

75.    Paragraph 75 purports to selectively paraphrase a letter.  Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 75.

76.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76, and therefore deny the allegations.

77.     Defendants admit that Mr. Meadows informed the Select Committee, through counsel, on October 7 that he would likely require additional time to respond to the subpoena. Defendants admit Mr. Meadows told Defendants that he believed any records responsive to the Select Committee's subpoena were no longer in his custody and control but were instead among the Presidential records held at the National Archives. Defendants deny any remaining allegations in Paragraph 77.

78.     Paragraph 78 purports to selectively paraphrase and quote communications from the Select Committee. Defendants state that the communications speak for themselves, refer to them for their full and complete contents, and deny any remaining allegations in Paragraph 78.

79.     Denied.

80.     Paragraph 80 purports to selectively reference a letter and opinions from the Office of Legal Counsel at the Department of Justice. Defendants state that the letter and opinions speak for themselves, refer to them for their full and complete contents, and deny any remaining allegations in Paragraph 80.

81.     Defendants object to Mr. Meadows's use of the phrase "its traditional position" in this context and otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81. Defendants therefore deny the allegations. Defendants further state that Paragraph 81 purports to selectively reference Mr. Meadows's communications with White House Counsel. Defendants state that those communications speak for themselves, refer to them for their full and complete contents, and deny any remaining allegations in Paragraph 81. Defendants state that Mr. Meadows did ultimately provide certain documents while withholding others despite never providing testimony to the Select Committee.

82.     Defendants object to the use of the phrase "the need to maintain executive privilege" in the context and otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82.  Defendants therefore deny the allegations.

83.     Defendants admit that Mr. Meadows's counsel initiated a dialogue to discuss his potential testimony on what he claimed would be non-privileged information but otherwise deny this allegation.  Defendants further state that this October 12 discussion was a phone call in which counsel for the Select Committee and counsel for Mr. Meadows discussed several topics of potential testimony that would include useful non-privileged information.  Defendants deny any remaining allegations in Paragraph 83.

84.     Paragraph 84 purports to selectively quote a letter.  Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 84.

85.     Denied.

86.     Paragraph 86 purports to selectively quote a letter.  Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 86.

87.     Paragraph 87 purports to selectively paraphrase a letter.  Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 87.

88.     Paragraph 88 purports to selectively quote a letter.  Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 88.

89.     Paragraph 89 purports to selectively quote and characterize a letter.  Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 89.

90.     Paragraph 90 purports to selectively quote a letter.  Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 90.

91.     Paragraph 91 purports to selectively quote a letter.  Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 91.

92.     Paragraph 92 purports to characterize a letter.  Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 92.

93.     Paragraph 93 purports to selectively quote a letter.  Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 93.

94.     Paragraph 94 purports to selectively paraphrase a letter.  Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 94.

95.     Paragraph 95 purports to selectively quote a letter.  Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 95.

96.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96, and therefore deny those allegations.  Defendants further

state that Paragraph 96 purports to characterize a letter.  Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 96.

97.     Defendants admit that Mr. Meadows did not appear for his deposition that the Select Committee scheduled for November 12.  Defendants deny the remaining allegations in Paragraph 97.

98.     Defendants admit that the Select Committee and Mr. Meadows continued to discuss his failure to comply but deny that Mr. Meadows attempted to reach an agreement.

99.     Paragraph 99 purports to selectively quote a letter.  Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 99.

100.     Paragraph 100 purports to selectively paraphrase and quote a letter.  Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 100.

101.     Defendants admit that Mr. Meadows, through counsel, sent the Select Committee a letter on November 26, 2021, purporting to agree to appear for a deposition contingent on numerous conditions.  Defendants deny the remaining allegations in Paragraph 101.

102.     Defendants admit that Mr. Meadows's counsel provided the Select Committee with 1,139 documents, totaling 6,836 total pages, and a privilege log in response to the Select Committee's subpoena.  Defendants admit that Mr. Meadows represented to the Select Committee that counsel was in the process of reviewing personal text messages but that those messages were not produced as a result of a purported technical issue.  Defendants deny the remaining allegations in Paragraph 102.

103.    Paragraph 103 purports to characterize a letter.  Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 103.

104.    Defendants admit that Mr. Meadows's counsel produced 2,319 text messages and partial and incomplete metadata from his personal cell phone and a privilege log for certain withheld text messages on December 3, 2021.  Defendants admit that Mr. Meadows's counsel produced an additional 20 documents on December 3, 2021.  Except as expressly admitted, Defendants deny the allegations in Paragraph 104, or lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 104.

105.    Defendants deny all allegations that the Select Committee acted in bad faith or in any way blindsided Mr. Meadows.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 105, and therefore deny those allegations.

106.    Paragraph 106 purports to selectively quote and paraphrase a letter.  Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 106.

107.    Paragraph 107 purports to selectively reference a subpoena.  Defendants state that the subpoena speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 107.

108.    Denied.

109.    Paragraph 109 purports to selectively characterize a news report.  Defendants state that the news report speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 109.

110.    Paragraph 110 purports to selectively quote a news article.  Defendants state that the article speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 110.  Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110, and therefore deny those allegations.

111.    Defendants admit that Mr. Meadows's counsel informed the Select Committee on December 7, 2021, that he would not attend the agreed upon deposition scheduled for December 8, 2021.  Defendants admit that Mr. Meadows offered to submit written interrogatories in lieu of a deposition.  Defendants deny the remaining allegations in Paragraph 111.

112.    Denied.

113.    Admitted.

114.    Paragraph 114 purports to selectively quote statements made on the House floor. Defendants state that the floor statements speak for themselves, refer to them for their full and complete contents, and deny the remaining allegations in Paragraph 114.

115.    Denied.  Answering further, Defendants state that they lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 115, and therefore deny the allegations.

116.    Paragraph 116 purports to characterize a letter.  Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 116.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Paragraph 120 asserts legal conclusions to which no response is required. Paragraph 120 purports to selectively quote H. Res. 503.  Defendants state that H. Res. 503 speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 120.

121.    Defendants admit that the Select Committee is composed of seven Democrats and two Republicans, but deny any allegations that Speaker Pelosi rejected all five Republican recommendations put forth by Minority Leader McCarthy.

122.    Paragraph 122 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 122.

123.    Paragraph 123 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Congress has failed to act in accordance with its own rules and deny all other allegations in Paragraph 123.

124.    Paragraph 124 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 124.  Defendants state that Judge David O. Carter in *Eastman v. Thompson* rejected the argument being put forward by Mr. Meadows.  *See* Order Denying Pl.'s Mot. for Preliminary Injunction, *Eastman v. Thompson*, No. 8:22-cv-00099-DOC-DFM (C.D. Cal. Jan. 25, 2022).  Defendants further state that Judge James E. Boasberg in *Budowich v. Pelosi* indicated that he would reject the arguments being put forward by Mr. Meadows.  *Budowich v. Pelosi*, No. 21-cv-3366 (JEB) (D.D.C.), Jan. 20, 2022 Oral Arg. Tr. 34:1-5.

125.    Paragraph 125 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 125.

126.   Paragraph 126 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 97.

127.   Paragraph 127 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 98.

128.   Paragraph 128 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 128.

129.   Paragraph 129 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 129.

130.   Paragraph 130 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 130.  Answering further, Defendants state that the D.C. Circuit held that "the January 6th Committee plainly has a 'valid legislative purpose' and its inquiry 'concern[s] a subject on which legislation could be had.'" *Trump v. Thompson*, 20 F.4th 10, 41 (D.C. Cir. 2021) (quoting *Trump v. Mazars USA, LLP*, 140 S. Ct. 2019, 2031-32 (2020)), *injunction denied*, 142 S. Ct. 680 (Jan. 19, 2022), *cert. denied*, No. 21-932 (Feb. 22, 2022).

131.   Paragraph 131 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 131.  Answering further, Defendants state that the D.C. Circuit held that "the January 6th Committee plainly has a 'valid legislative purpose' and its inquiry 'concern[s] a subject on which legislation could be had.'" *Trump v. Thompson*, 20 F.4th 10, 41 (D.C. Cir. 2021) (quoting *Trump v. Mazars USA, LLP*, 140 S. Ct. 2019, 2031-32 (2020)), *injunction denied*, 142 S. Ct. 680 (Jan. 19, 2022), *cert. denied*, No. 21-932 (Feb. 22, 2022).

132.    Paragraph 132 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 132.

133.    Paragraph 133 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 133.  Answering further, Defendants state that the D.C. Circuit held that "the January 6th Committee plainly has a 'valid legislative purpose' and its inquiry 'concern[s] a subject on which legislation could be had.'" *Trump v. Thompson*, 20 F.4th 10, 41 (D.C. Cir. 2021) (quoting *Trump v. Mazars USA, LLP*, 140 S. Ct. 2019, 2031-32 (2020)), *injunction denied*, 142 S. Ct. 680 (Jan. 19, 2022), *cert. denied*, No. 21-932 (Feb. 22, 2022).

134.    Denied.  Answering further, Defendants state that the D.C. Circuit held that "the January 6th Committee plainly has a 'valid legislative purpose' and its inquiry 'concern[s] a subject on which legislation could be had.'"  *Trump v. Thompson*, 20 F.4th 10, 41 (D.C. Cir. 2021) (quoting *Trump v. Mazars USA, LLP*, 140 S. Ct. 2019, 2031-32 (2020)), *injunction denied*, 142 S. Ct. 680 (Jan. 19, 2022), *cert. denied*, No. 21-932 (Feb. 22, 2022).

135.    Paragraph 135 purports to selectively quote a subpoena.  Defendants state that the subpoena speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 135.  Defendants further state that Paragraph 135 asserts legal conclusions to which no response is required.

136.    Denied.  Answering further, Defendants state that the D.C. Circuit held that "the January 6th Committee plainly has a 'valid legislative purpose' and its inquiry 'concern[s] a subject on which legislation could be had.'"  *Trump v. Thompson*, 20 F.4th 10, 41 (D.C. Cir. 2021) (quoting *Trump v. Mazars USA, LLP*, 140 S. Ct. 2019, 2031-32 (2020)), *injunction denied*,

142 S. Ct. 680 (Jan. 19, 2022), *cert. denied*, No. 21-932 (Feb. 22, 2022).  To the extent that Paragraph 136 asserts legal conclusions, no response is required.

137.    Paragraph 137 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 137.

138.    Denied.  Answering further, Defendants state that the D.C. Circuit held that "the January 6th Committee plainly has a 'valid legislative purpose' and its inquiry 'concern[s] a subject on which legislation could be had.'"  *Trump v. Thompson*, 20 F.4th 10, 41 (D.C. Cir. 2021) (quoting *Trump v. Mazars USA, LLP*, 140 S. Ct. 2019, 2031-32 (2020)), *injunction denied*, 142 S. Ct. 680 (Jan. 19, 2022), *cert. denied*, No. 21-932 (Feb. 22, 2022).  To the extent that Paragraph 138 asserts legal conclusions, no response is required.

139.    Paragraph 139 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 139.

140.    Defendants admit that Mr. Meadows provided the Select Committee with documents.  Defendants deny the remaining allegations in Paragraph 140.

141.    Denied.

142.    Denied.

143.    Paragraph 143 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 143.

144.    Paragraph 144 purports to selectively quote tweets.  Defendants state that the tweets speak for themselves, refer to them for their full and complete contents, and deny any remaining allegations in Paragraph 144.  Defendants deny the remaining allegations in Paragraph 144.

145.   Paragraph 145 purports to selectively quote a statement from a Select Committee meeting.  Defendants state that the statement speaks for itself, refer to it for its full and complete contents, and deny the remaining allegations in Paragraph 145.

146.   Denied.  To the extent Paragraph 146 asserts legal conclusions, no response is required.

147.   Paragraph 147 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 147.

148.   Defendants admit that the Select Committee issued a subpoena to Verizon that seeks certain information maintained by Verizon related to Mr. Meadows's cell phone usage.  Defendants state that the subpoena speaks for itself, refer to it for its full and complete contents, and deny the remaining allegations in Paragraph 148.  Answering further, Defendants admit that Mr. Meadows has provided certain text messages, emails, and selective partial and incomplete metadata.

149.   Paragraph 149 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 149.

150.   Paragraph 150 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 150.

151.   Paragraph 151 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 151.

152.   Paragraph 152 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 152.  Defendants further state that paragraph 152 purports to characterize information sought by the Verizon

subpoena, which speaks for itself; Defendants refer to the subpoena for its full and complete contents, and deny any remaining allegations in Paragraph 152.

153.    Paragraph 153 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 153.  Defendants further state that paragraph 153 purports to characterize information sought by the Verizon subpoena, which speaks for itself; Defendants refer to the subpoena for its full and complete contents, and deny any remaining allegations in Paragraph 153.

154.    Paragraph 154 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 154.  Defendants further state that paragraph 154 purports to characterize information sought by the Verizon subpoena, which speaks for itself; Defendants refer to the subpoena for its full and complete contents, and deny any remaining allegations in Paragraph 154.

155.    Paragraph 155 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 155.

156.    Paragraph 156 purports to characterize information sought by the Verizon subpoena; Defendants state that the subpoena speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 156.  Answering further, Defendants state that Paragraph 156 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 156.

157.    Paragraph 157 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 157.

158.    Paragraph 158 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 158.

159.    Paragraph 159 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 159.

160.    Paragraph 160 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 160.

161.    Paragraph 161 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 161.

162.    Paragraph 162 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 162.

163.    Paragraph 163 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 163.

164.    Paragraph 164 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 164.

165.    Paragraph 165 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 165.

166.    Paragraph 166 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 166.

167.    Paragraph 167 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 167.

168.    Paragraph 168 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 168.

169.    Paragraph 169 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 169.

170.    Paragraph 170 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 170.

171.    Paragraph 171 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 171.

172.    Paragraph 172 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 172.

173.    Paragraph 173 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 173.

174.    Paragraph 174 purports to characterize information sought by the Verizon subpoena.  Defendants state that the subpoena speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 174.

175.    Denied.

176.    Paragraph 176 purports to selectively quote a letter.  Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 176.

177.    Paragraph 177 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 177.

178.    Paragraph 178 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 178.

179.    Denied.

180.    Paragraph 180 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 180.

181.    Paragraph 181 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 181.

182.    Paragraph 182 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 182.

183.    Denied.  Defendants further state that the Select Committee has sought non-privileged information from third parties as well, including Verizon.

184.    Defendants admit that the subpoena compels Mr. Meadows to appear and give testimony.

185.    Paragraph 185 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 185.

186.    Paragraph 186 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 186.

187.    Paragraph 187 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 187.

188.    Defendants admit that the Select Committee rejected Mr. Meadows's claims of testimonial immunities and demanded that Mr. Meadows appear for testimony.  Defendants deny that the Select Committee threatened Mr. Meadows.  Answering further, Defendants state that the Select Committee informed Mr. Meadows of the consequence of ignoring his legal duty to appear for a deposition pursuant to a subpoena issued by the Select Committee.

189.    Paragraph 189 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 189.

190.     Paragraph 190 purports to selectively paraphrase the Verizon subpoena. Defendants state that the subpoena speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 190.

191.     Paragraph 191 purports to selectively quote a letter.  Defendants state that the letter speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 191.

192.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 192, and therefore deny the allegations.

193.     Paragraph 193 purports to selectively characterize the information sought by the Verizon subpoena.  Defendants state that the subpoena speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 193.

194.     Defendants deny that the subpoena requests the content of calls, text messages, and other communications associated with Mr. Meadows's phone number.

195.     Defendants deny that the cell phone data in the Select Committee's possession can be used for historic cell site analysis.  Defendants further state that Paragraph 195 purports to selectively characterize information sought by the Verizon subpoena.  Defendants state that the subpoena speaks for itself, refer to it for its full and complete contents, and deny any remaining allegations in Paragraph 195.

196.     Admitted.

197.     Defendants admit that Mr. Meadows provided certain text messages and certain metadata associated with those text messages in response to the Select Committee's September 23, 2021 subpoena.  Defendants deny the remaining allegations contained in Paragraph 197.

198.     Paragraph 198 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 198.  Answering further, Defendants state that Mr. Meadows appears to have conducted official business on the referenced phone and created records on that phone subject to the Presidential Records Act.

199.     Paragraph 199 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 199.

200.     Paragraph 200 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 200.

201.     Paragraph 201 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 201.

202.     Paragraph 202 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 202.

203.     Paragraph 203 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 203.

204.     Paragraph 204 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 204.

205.     Paragraph 205 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 205.

206.     Paragraph 206 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 206.

207.     Paragraph 207 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 207.

208.     Paragraph 208 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 208.

209.     Denied.

210.     Defendants state that it appears that Mr. Meadows used his personal cell phone in a manner that created records subject to the Presidential Records Act and for other purposes.  To the extent Paragraph 210 asserts legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 210.

211.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 211, and therefore deny the allegations.

212.     Paragraph 212 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 212.

213.     Paragraph 213 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 213.

214.     Paragraph 214 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 214.

215.     Paragraph 215 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 215.

216.     Defendants admit that the Select Committee is composed of 9 members, including 7 Democratic members and 2 Republican members, and Defendants admit that the President under which Mr. Meadows served was a member of the Republican Party.  Defendants deny the remainder of the allegations in Paragraph 216.

217.     To the extent that Paragraph 217 asserts legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 217.

218.     To the extent that Paragraph 218 asserts legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 218.

219.     To the extent that Paragraph 219 asserts legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 219.

### RESPONSE TO PRAYER FOR RELIEF

This portion of the First Amended Complaint consists of Mr. Meadows's request for relief, to which a response is not required; but to the extent a response may be deemed to be required, Defendants deny that Mr. Meadows is entitled to the relief requested, or to any relief.

Defendants deny each and every allegation of the First Amended Complaint not specifically admitted herein.

### AFFIRMATIVE DEFENSES

The Defendants assert the following defenses without assuming the burden of proof or any other burden if such burden would otherwise be on Mr. Meadows. The Defendants assert these solely to the extent necessary to preserve their rights.

### FIRST AFFIRMATIVE DEFENSE

Mr. Meadows's claims are barred, in whole or in part, because the First Amended Complaint fails to allege facts sufficient to state a claim against the Defendants upon which relief may be granted on any of the claims asserted.

### SECOND AFFIRMATIVE DEFENSE

Mr. Meadows lacks standing to assert some or all of Mr. Meadows's claims.

### THIRD AFFIRMATIVE DEFENSE

Mr. Meadows's claims against Defendants are barred, in whole or in part, by laches, equitable estoppel, waiver, or other related equitable doctrines.

## FOURTH AFFIRMATIVE DEFENSE

The Select Committee is properly organized and has a valid legislative purpose.  The D.C. Circuit held that "the January 6th Committee plainly has a 'valid legislative purpose' and its inquiry 'concern[s] a subject on which legislation could be had.'" *Trump v. Thompson*, 20 F.4th 10, 41 (D.C. Cir. 2021) (quoting *Trump v. Mazars USA, LLP*, 140 S. Ct. 2019, 2031-32 (2020)), *injunction denied*, 142 S. Ct. 680 (Jan. 19, 2022), *cert. denied*, No. 21-932 (Feb. 22, 2022).

## FIFTH AFFIRMATIVE DEFENSE

The Select Committee is validly constituted under the Rulemaking Clause of Article 1, Section 5, Clause 2 of the U.S. Constitution.

## SIXTH AFFIRMATIVE DEFENSE

The Select Committee is properly composed pursuant to House Resolution 503.

## SEVENTH AFFIRMATIVE DEFENSE

The subpoenas issued by the Select Committee are valid and enforceable under the U.S. Constitution, applicable federal law, and the Rules of the House.

## EIGHTH AFFIRMATIVE DEFENSE

The Stored Communications Act does not limit the validity and enforceability of the subpoenas issued by the Select Committee.

## NINTH AFFIRMATIVE DEFENSE

Any and all assertions or invocations of executive privilege made by Mr. Meadows are inapplicable, invalid, and unsubstantiated, and otherwise do not inhibit the validity and enforceability of the subpoenas issued by the Select Committee.

## TENTH AFFIRMATIVE DEFENSE

Any and all assertions or invocations of absolute testimonial privilege made by Mr. Meadows are inapplicable, invalid, and unsubstantiated, and otherwise do not inhibit the validity and enforceability of the subpoenas issued by the Select Committee.

## ELEVENTH AFFIRMATIVE DEFENSE

The subpoenas issued by the Select Committee are of permissible scope and breadth.

## TWELFTH AFFIRMATIVE DEFENSE

The subpoenas issued by the Select Committee to Mr. Meadows and Verizon do not violate any rights established by the U.S. Constitution, applicable federal statute, or federal common law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Mr. Meadows is precluded from recovering attorneys' fees from the Defendants under applicable provisions of federal law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Mr. Meadows's claims are barred, in whole or in part, by the Separation of Powers provided for in the U.S. Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Defendants rely upon all defenses contained in any applicable federal statute or law.

## RESERVATION OF DEFENSES

The Defendants reserve the right to assert additional defenses, cross-claims, and third-party claims, not asserted herein, of which they may become aware in the future.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request and pray as follows:

1.      That the Court declare Mr. Meadows has no lawful basis for refusing to comply in whole or in part with the Select Committee's lawful subpoena, and that Mr. Meadows has presented no lawful basis to enjoin the Select Committee's subpoena to Verizon;

2.      That judgment be entered for the Defendants; and

3.      For such other relief as the Court deems just and proper.


Dated: April 22, 2022                              Respectfully submitted,

/s/ *Douglas N. Letter*
DOUGLAS N. LETTER
*General Counsel*

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515
(202) 225-9700
Douglas.Letter@mail.house.gov

-and-

ARNOLD & PORTER KAYE SCHOLER LLP
John A. Freedman (D.C. Bar 453075)
Paul J. Fishman (D.C. Bar 449014)
Amy Jeffress (D.C Bar 449258)
David J. Weiner (D.C. Bar 499806)
John M. Hindley (D.C. Bar 1720648)
601 Massachusetts Ave, NW
Washington, D.C. 20001
(202) 942-5000
John.Freedman@arnoldporter.com
Paul.Fishman@arnoldporter.com
Amy.Jeffress@arnoldporter.com
David.Weiner@arnoldporter.com
John.Hindley@arnoldporter.com

SHER TREMONTE LLP
Justin M. Sher (Bar ID NY0320)
Michael Tremonte*
Noam Biale*
Maya Brodziak*

Kathryn E. Ghotbi*
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2600
JSher@shertremonte.com
MTremonte@shertremonte.com
NBiale@shertremonte.com
MBrodziak@shertremonte.com
KGhotbi@shertremonte.com

* Appearing pursuant to 2 U.S.C. § 5571(a).