IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARK MEADOWS, | ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | Case No. 1:21CV3217 (CJN) |
| NANCY PELOSI, et al., | ) ) ) | |
| *Defendants*. | ) ) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS MOTION FOR AN EXPEDITED BRIEFING SCHEDULE**

Plaintiff Mark Meadows, by and through his counsel, hereby submits this memorandum in opposition to the Defendants' motion for an expedited briefing schedule (ECF No. 18). First, the motion makes no sense, because it seeks to extend the briefing deadlines rather than expedite them. Under LCvR 7(b), Mr. Meadows's current deadline to oppose the Congressional Defendants' summary judgment motion is May 6. And, under LCvR 7(d), Defendants' reply deadline is May 13. In their misnamed "Motion for an Expedited Briefing Schedule," Defendants ask the Court to *extend* these deadlines to May 10 (for the opposition) and May 20 (for the reply).

In reality, the Congressional Defendants are using this so-called "motion to expedite" as an improper means of forcing Mr. Meadows to file his own premature summary judgment motion. But Mr. Meadows, not Defendants, initiated this case, and they cannot compel him to seek summary judgment outside the normal course of litigation. Mr. Meadows does not intend to move for summary judgment without having exchanged a single discovery response or document. As of the date of this filing, the parties have not even held their Rule 26(f) conference (scheduled for Monday, May 2), nor has the Court entered a scheduling order. Although cross-motions for

summary judgment may be appropriate at a later date, after at least some discovery has been conducted, any motion for summary judgment at this stage is entirely premature.

In addition to this opposition, Mr. Meadows is simultaneously filing a motion under Fed. R. Civ. P. 56(d) for the Court to defer its ruling on the Congressional Defendants' summary judgment motion until after the parties have conducted discovery.  As demonstrated in the Rule 56(d) motion, there are numerous disputes of material fact—as evidenced by the denials in Defendants' Answer, the 26 exhibits attached to their motion for summary judgment, the unsupported attorney-assertions in their motion, and their 29-paragraph statement of "undisputed" material facts.  If Defendants truly believed that this case involves purely legal issues, none of these extrinsic materials would be necessary for its resolution.

Indeed, the Federal Rules of Civil Procedure provide the Congressional Defendants an appropriate mechanism to seek judgment faster than what they currently propose and without the need for extrinsic facts.  Under Fed. R. Civ. P. 12(c), the Congressional Defendants could have moved for judgment on the pleadings on April 22 (or earlier, if they had not waited the entire three weeks to answer Mr. Meadows's amended complaint).  Such a motion would have been fully briefed no later than May 13, and it would have allowed them to assert all of the issues that they believe are purely legal.  The Congressional Defendants' decision to seek summary judgment in lieu of judgment on the pleadings confirms that their arguments rely on extrinsic facts, which Mr. Meadows is entitled to investigate before filing either his own summary judgment motion or an opposition to Defendants' summary judgment motion.

Defendants know that their motion to expedite is improper.  In 2019, another House Committee, represented by the same counsel, filed a nearly identical motion, which Judge McFadden denied.  *See* Pl's Mot. for Entry of Briefing Schedule and Expedited Consideration of

This Case, *Comm. on Ways & Means v. U.S. Dep't of Treasury*, No. 1:19cv1974 (D.D.C. Aug. 20, 2019), ECF No. 30, attached as **Exhibit A**. In that case, as here, the Committee argued that expedited briefing was proper under 28 U.S.C. § 1657(a). But Judge McFadden rejected the argument because Congress did not designate its own cases for expedited treatment in that statute. *See Comm. on Ways & Means v. U.S. Dep't of Treasury*, No. 1:19cv1974, 2019 WL 4094563, at *1 (D.D.C. Aug. 29, 2019). Additionally, the Committee in that case, like the Congressional Defendants here, argued that the forthcoming end of the then-current Congress warranted expedited treatment. Again, Judge McFadden rejected the argument because the Committee had already shown a lack of urgency in the litigation. *See id.* ("The Committee's request comes seven weeks after it first filed the Complaint. The Court does not fault the Committee for its time and efforts negotiating with the Administration before suing, but it is not clear why only now the Committee asks for expedited consideration of this matter."). Here, Defendants waited *four months* before demanding expedited treatment. Therefore, this Court should adopt the same rationale in denying the Congressional Defendants' motion.

      Finally, the Congressional Defendants have no practical reason to fear that this case will remain unresolved through January 3, 2023, when the current Congress ends. The parties can easily conduct the necessary discovery and brief their summary judgment motions well in advance of that deadline. Indeed, these will be topics of discussion during Monday's Rule 26(f) conference. Mr. Meadows fully intends to propose deadlines for the close of discovery and dispositive motions that will allow for a merits ruling by the end of the year. Thus, the end of the current Congress is simply not a valid concern.

For the reasons discussed in this opposition and in Mr. Meadows' Rule 56(d) motion, the Court should deny Defendants' motion for expedited briefing and permit this case to proceed in the normal course.

Dated: April 29, 2022

Respectfully submitted,
MARK MEADOWS
*By Counsel*

/s/ George J. Terwilliger III
George J. Terwilliger III
MCGUIREWOODS LLP
888 16th Street NW, Suite 500
Washington, DC 20006
Phone: (202) 857-1700
Fax: (202) 857-1737
gterwilliger@mcguirewoods.com

Brooks H. Spears
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons, VA 22102
Phone: (703) 712-5000
Fax: (703) 712-5050
bspears@mcguirewoods.com

**CERTIFICATE OF SERVICE**

    I certify that, on April 29, 2022, a copy of the foregoing was filed on the Court's CM/ECF system, which will send notification to all counsel of record.

/s/ George J. Terwilliger III