IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARK MEADOWS, | ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | Case No. 1:21CV3217 (CJN) |
| NANCY PELOSI, et al., | ) ) ) | |
| *Defendants*. | ) ) | |

## DECLARATION OF GEORGE J. TERWILLIGER III

I, George J. Terwilliger III, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am over the age of 18 and competent to testify in this matter.

2. I have personal knowledge about the matters stated in this Declaration.

3. I am an attorney with the law firm of McGuireWoods LLP, and we represent Plaintiff Mark Meadows in the above-captioned matter

4. Mr. Meadows requires the opportunity to obtain certain evidence through discovery before opposing the Congressional Defendants' motion for summary judgment. This evidence includes, at a minimum, Mr. Meadows's official e-mail communications from his time at the White House. Mr. Meadows has not had access to those communications since leaving the White House in January 2021. But, my understanding is that the Congressional Defendants have obtained at least some of those communications through subpoenas issued in other proceedings. If that is correct, Mr. Meadows is at a significant disadvantage in this litigation, and the Congressional Defendants should immediately produce those communications to Mr. Meadows.

5. In addition to his White House communications, Mr. Meadows requires all documents and communications relating to the alleged "consultation" between House Speaker

Nancy Pelosi and Minority Leader Kevin McCarthy, to which Mr. Meadows was not privy. This evidence is relevant to Mr. Meadows's claim that the Select Committee was not properly constituted. Once Mr. Meadows has knowledge of the individuals who were privy to the consultation, he may also need to take their depositions.

6. Mr. Meadows also requires initial disclosures, documents, communications, and deposition testimony as to the Select Committee's legislative purpose. One of Mr. Meadows's claims, on which the Congressional Defendants seek summary judgment, is that the Select Committee issued his subpoena without valid legislative purpose. Mr. Meadows requires discovery to support his claim that the Select Committee is acting for the illegitimate purpose of attempting to embarrass Mr. Meadows through repeated leaks of his documents, information, and text messages to the press. Without the benefit of discovery, there is no way for Mr. Meadows to obtain that evidence.

7. In addition, Mr. Meadows requires initial disclosures, documents, communications, and deposition testimony on the Congressional Defendants' argument that "former President Trump has not properly invoked privilege over Mr. Meadows's documents or testimony" because, according to them, "[h]e has never directly or formally communicated that position to the Select Committee." This presents a clear dispute of fact, which goes to the core of Mr. Meadows's claims of executive privilege. Again, without being able to conduct discovery, Mr. Meadows has no way to oppose the factual basis for the Congressional Defendants' assertion.

8. Finally, Mr. Meadows requires an opportunity to investigate the numerous exhibits attached in support of the Congressional Defendants' motion for summary judgment. These exhibits include transcript excerpts from nine interviews and depositions conducted by the Select Committee. Mr. Meadows was not present for those interviews and depositions, and thus he had

Case 1:21-cv-03217-CJN   Document 20-2   Filed 04/29/22   Page 3 of 3

no ability or opportunity to question the interviewees and deponents. Because the Congressional Defendants rely on those interviews and depositions for their summary judgment motion, Mr. Meadows deserves his own opportunity to examine those individuals. The Congressional Defendants also supported their summary judgment motion with documents allegedly produced to the Select Committee as part of its investigation. *See* ECF No. 15-1 ¶¶ 20, 25. Mr. Meadows is entitled to know the origins, authenticity, and factual circumstances of those documents.

9. Currently, counsel for the parties are scheduled to hold their Rule 26(f) conference on Monday, May 2. During that conference, I intend to discuss Mr. Meadows's need for discovery, including the items discussed above. I also intend to propose deadlines for the completion of discovery and dispositive motions that should allow for resolution of summary judgment before January 3, 2023, which the Congressional Defendants have identified as the date when the current Congress ends.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this, the 29th day of April, 2022.

/s/ George J. Terwilliger III
George J. Terwilliger III