IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK MEADOWS, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) Case No. 1:21CV3217 (CJN) |
| NANCY PELOSI, et al., | ) ) ) |
| *Defendants*. | ) ) |

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION
FOR AN EXPEDITED ORDER DEFERRING HIS TIME TO
RESPOND TO DEFENDANTS' SUMMARY JUDGMENT MOTION**

Plaintiff Mark Meadows, by and through his counsel, hereby moves pursuant to Fed. R. Civ. P. 56(d), and specifically the advisory committee's note to the 2010 amendments, for an order deferring the time to respond to Defendants' summary judgment motion. This motion supplements Meadows' previous motion under Rule 56(d) by requesting additional, expedited relief. Defendants have indicated they oppose this motion.[1]

**Introduction**

Through a series of recent filings, the Committee Defendants now change tactics yet again and seek an order that would deny Mr. Meadows his day in court by truncating the normal progression of civil litigation in a federal court. Having eschewed filing dispositive motions under Fed. R. Civ. P. 12, Defendants instead have submitted to the Court their own set facts before any discovery has been undertaken, proclaimed those facts as both material and uncontested, and then

---

[1] Defendants stated to Meadows' counsel: "The Defendants oppose this motion to defer the due date for the Plaintiff's opposition to the Defendants' motion for summary judgment. For the reasons stated in their motion for summary judgment, the Defendants believe that this matter is appropriate for a ruling by this Court on the merits as soon as briefing can be completed and a hearing held."

petitioned for a rush to judgment by demanding immediate adjudication of their premature motion for summary judgment. That demand should be rejected because this case presents important and novel issues arising from the application of separation of powers principles as to which a proper factual record and appropriately deliberative briefing is required to resolve in the context of this case.[2]

1. On April 22, before any discovery had occurred, Defendants moved for summary judgment based on 26 exhibits and a 29-paragraph statement of what Defendants alleged are material and undisputed facts. *See* ECF No. 15.

2. On April 27, Defendants moved for an expedited briefing schedule on their summary judgment motion. *See* ECF No. 18.

3. On April 29, Meadows opposed those motions and asked the Court to deny Defendants' summary judgment motion without prejudice or defer a ruling on it, pursuant to Fed. R. Civ. P. 56(d), because Meadows requires certain discovery before he can oppose the motion. *See* ECF No. 20. At the same time, Meadows opposed Defendants' motion for an expedited briefing schedule. *See* ECF No. 19. Meadows' reasons for opposing the expedited briefing request continue to apply to the current attempt to compel a short briefing schedule and are incorporated herein.

4. On Monday, May 2, at 2:00 p.m., the parties held a Rule 26(f) conference. During that conference, Defendants' counsel never mentioned that Defendants intended to withdraw their motion for an expedited briefing schedule, even though they took this position in a court filing less than one hour after the call ended. *See* ECF No. 22.

---

[2] Plaintiff also reiterates that there is no valid reason for the haste in resolving this matter that Defendants demand. They have sought no affirmative relief that would result in the Plaintiff being ordered to testify before the Committee and thus the Committee's claim that its preferred schedule of activities justifies expedited litigation provides no justification for the rush to judgment.

5. Further, during the Rule 26(f) conference, Defendants' counsel never indicated that Defendants would insist on suddenly holding Meadows to a May 6 deadline to respond to their 60-page summary judgment motion while Meadows' own Rule 56(d) motion was pending. Meadows previously consented to the Committee's request for additional time, and its request for additional pages for the motion.

6. In withdrawing their motion for an expedited briefing schedule, however, Defendants now would have the Court require Meadows to submit a substantive response by the May 6 deadline for responding to their summary judgment motion. *See id.*

7. As a result, Meadows is now compelled to seek additional relief under Fed. R. Civ. P. 56(d) advisory committee's note to the 2010 amendments, which provides that: "A party who seeks relief under subdivision (d) may seek an order deferring the time to respond to the summary-judgment motion." This request is appropriate and would serve judicial economy as the court considers the underlying request for relief under Rule 56 with regard to the timing of summary judgment briefing in this litigation.

8. In these circumstances, the proper procedure is for the Court to resolve Meadows' pending Rule 56(d) motion first without requiring Meadows to oppose summary judgment. If Meadows' Rule 56(d) motion is denied, then the Court should provide Meadows with reasonable notice and an opportunity to respond on the merits to Defendants' summary judgment motion. *See St. Surin v. Virgin Islands Daily News, Inc.*, 21 F.3d 1309, 1315 (3d Cir. 1994) ("Under these circumstances, we think the district court should have resolved St. Surin's Rule 56([d]) motions before proceeding to the merits of the newspaper's summary judgment motion and then, if it decided to deny the request for delay, give St. Surin reasonable notice and an opportunity to

respond on the merits to the motion for summary judgment. Its ruling on the merits, in disregard of the Rule 56([d]) motion, was improper.").

9. Defendants' attempt to compel a substantive reply to a 60-page motion is particularly inappropriate given the nature of this litigation: a complaint, initiated by Meadows (not the Defendants) for declaratory relief in the normal course, without a motion for preliminary relief. Meadows, not Defendants, is the master of his own case, which warrants normal procedural order, factual development, resolution of any potential disputes over discovery, and deliberative briefs on important, novel, constitutional claims implicating the Separation of Powers between branches of government and the highest level of the Executive Branch functions. In that context, Defendants' effort to force premature summary judgment briefing on undeniably non-emergency claims is unwarranted.

10. Wherefore, Meadows respectfully asks for an expedited ruling that he need not respond to Defendants' summary judgment motion unless the Court denies his pending Rule 56(d) motion, and then only after a reasonable time following such denial.

Dated: May 3, 2022

Respectfully submitted,
MARK MEADOWS
*By Counsel*

/s/ George J. Terwilliger III
George J. Terwilliger III
MCGUIREWOODS LLP
888 16th Street NW, Suite 500
Washington, DC 20006
Phone: (202) 857-1700
Fax: (202) 857-1737
gterwilliger@mcguirewoods.com

Brooks H. Spears<br>
McGuireWoods LLP<br>
1750 Tysons Boulevard, Suite 1800<br>
Tysons, VA 22102<br>
Phone: (703) 712-5000<br>
Fax: (703) 712-5050<br>
bspears@mcguirewoods.com

**CERTIFICATE OF SERVICE**

I certify that, on May 3, 2022, a copy of the foregoing was filed on the Court's CM/ECF system, which will send notification to all counsel of record.

/s/ George J. Terwilliger III