IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARK MEADOWS, | ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | Case No. 1:21CV3217 (CJN) |
| NANCY PELOSI, et al., | ) ) ) | |
| *Defendants*. | ) ) | |

**JOINT MEET AND CONFER REPORT AND PROPOSED SCHEDULING ORDER**

On May 2, 2022, the parties, through counsel, conferred by telephone to discuss the topics identified in Fed. R. Civ. P. 26(f) and LCvR 16.3(c). Participants for Plaintiff included George Terwilliger, Michael Francisco, and Brooks Spears. Participants for Defendants included Douglas Letter, Joseph Maher, Todd Tatelman, and Brittany Record. Having met and conferred, and pursuant to the Court's Minute Order of March 23, 2022, LCvR 16.3(d), and Fed. R. Civ. P. 26(f), the parties submit the following Joint Meet and Confer Report and Proposed Scheduling Order.

**I.   Joint Meet and Confer Report**

- The parties discussed the nature and basis of their claims and defenses.

- Currently, the parties do not believe settlement is likely, but they are not willing to foreclose the possibility of a resolution.

- Plaintiff asserted that initial disclosures are due on May 16, 2022, in accordance with LCvR 26.2(a) and Fed. R. Civ. P. 26(a)(1)(C). Defendant's position is that the Court's May 4 oral order, holding Plaintiff's Rule 56(d) motion in abeyance, stays any obligation to participate in active discovery pending resolution of the summary judgment motion(s). Further, Defendants indicated their intent to oppose the requirement for initial disclosures as inappropriate, unnecessary to resolution of this case, and largely barred by, among other reasons, the Speech or Debate Clause.

- The parties have taken steps to preserve all documents and electronically stored information.

- Plaintiff believes that standard deadlines and timing requirements for disclosures under Fed. R. Civ. P. 26 should apply. Defendants' position is that discovery is unnecessary and, thus, do not believe that these deadlines and requirements are applicable in this case.

- Plaintiff identified several subjects of potential discovery, and proposed October 7, 2022 for the close of discovery. Defendants do not believe discovery is necessary to resolve this case. Defendants object to October 7th as the date for close of discovery and opposes any form of discovery on any topic. Defendants note that Plaintiff Meadows has suggested that discovery might be appropriate on whether he acted in an official or unofficial capacity regarding President Trump's various efforts to overturn the 2020 presidential election. Defendants find this a perplexing position for two reasons. First, Defendants believe that Plaintiff Meadows himself is already acutely aware of whether he was or was not acting on behalf of the campaign in relevant circumstances.[1] Defendants believe that he has offered no explanation why he needs discovery on the issue. Second, if Plaintiff Meadows was actually attempting to use his office as Chief of Staff to influence a federal presidential election, that likely raises a range of other issues under federal and state law, with potential consequences for Mr. Meadows personally (or possibly Mr. Trump). In any event, if the Court, over the Select Committee's objection, were to allow discovery on that topic, the Select Committee would immediately seek Mr. Meadows's deposition on that specific issue. Furthermore, discovery of the type sought by Plaintiff from the Select Committee is largely barred by, among other things, the Speech or Debate Clause. Plaintiff objects to Defendants' position in its entirety and contends that such arguments and statements are inappropriate in the context of a Rule 26(f) report.

- Plaintiff identified executive privilege as one of the protections he intends to assert. Defendants indicated that they will likely assert privilege as provided by the Speech or Debate Clause.

- Plaintiff would like standard limitations on discovery to apply, as per the Federal Rules of Civil Procedure, whereas Defendants oppose any discovery as unnecessary in this case.

- During the status conference on May 4, 2022, the Court ordered the following briefing schedule for an initial round of dispositive motions:

    o  Defendants filed a dispositive motion on April 22, 2022.

    o  Plaintiff shall oppose Defendants' motion and file his own dispositive motion(s), if any, no later than May 20, 2022.

    o  Defendants shall respond to Plaintiff's dispositive motion(s), if any, and file a reply in support of their own dispositive motion, no later than May 27, 2022.

    o  Plaintiff shall file a reply in support of his dispositive motion(s), if any, no later than June 3, 2022.

    Should the parties' initial dispositive motions be denied, Plaintiff proposes a renewed round of dispositive motions in accordance with the below schedule. Should the Court

---

[1] *See Thompson v. Trump*, No. 21-cv-00400 (APM), 2022 U.S. Dist. LEXIS 30049 at *56-62 (D.D.C. Feb. 18, 2022) (concluding that certain activities regarding January 6th were not done in an official capacity).

deny the dispositive motions and direct the parties to engage in discovery, Defendants support a renewed round of dispositive motions following a shorter, abbreviated schedule that allows for only limited discovery.

- As of this date, the parties do not believe that a deadline for joinder or amendment is necessary.

- Plaintiff contends that expert disclosures may be needed, depending on any factual issues identified by the Court in ruling on the parties' initial round of dispositive motions. If necessary, Plaintiff proposes disclosures be made according to the below schedule. Defendants do not anticipate that experts will be necessary.

- The parties see no need to conduct discovery in phases or to bifurcate trial.

- The parties believe that dates for a final pretrial conference and any trial should be set, if at all, after the Court's ruling on the parties' dispositive motions.

**II.     Proposed Scheduling Order**

| Subject | Plaintiff's Proposed Date | Defendants' Proposed Date |
|---|---|---|
| Initial Disclosures | May 16, 2022 | Not Necessary |
| Joinder/Amendment | Not necessary | Not Necessary |
| Initial Expert Disclosures | August 26, 2022 | Not Necessary |
| Opp'n Expert Disclosures | September 23, 2022 | Not Necessary |
| Rebuttal Expert Disclosures | October 7, 2022 | Not Necessary |
| Close of Discovery | October 7, 2022 | Not Necessary. |
| Daubert Motions | October 28, 2022 | Not Necessary |
| Renewed Dispositive Motions | October 28, 2022 | TBD after the Court resolves pending dispositive motion(s) |
| Final Pretrial Conference | TBD as necessary | No position |

Dated: May 6, 2022

Respectfully submitted,
MARK MEADOWS
*By Counsel*

/s/ George J. Terwilliger III
George J. Terwilliger III
MCGUIREWOODS LLP
888 16th Street NW, Suite 500
Washington, DC 20006
Phone: (202) 857-1700
Fax: (202) 857-1737
gterwilliger@mcguirewoods.com

3

        Brooks H. Spears
        MCGUIREWOODS LLP
        1750 Tysons Boulevard, Suite 1800
        Tysons, VA 22102
        Phone: (703) 712-5000
        Fax: (703) 712-5050
        bspears@mcguirewoods.com

        */s/ Douglas N. Letter*
        Douglas N. Letter
          *General Counsel*

        Office of General Counsel
        U.S. House of Representatives
        5140 O'Neill House Office Building
        Washington, D.C. 20515
        Telephone: (202) 225-9700
        douglas.letter@mail.house.gov

        *Counsel for the House Defendants*

## CERTIFICATE OF SERVICE

    I certify that, on May 6, 2022, a copy of the foregoing was filed on the Court's CM/ECF system, which will send notification to all counsel of record.

        /s/ George J. Terwilliger III

4