IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK MEADOWS,<br><br>      Plaintiff,<br><br>v.<br><br>NANCY PELOSI, et al.,<br><br>      Defendants.<br><br>CABLE NEWS NETWORK, INC., et al.,<br><br>      Proposed Intervenors. | Case No. 21-cv 3217-CJN |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
THE PRESS COALITION'S MOTION TO INTERVENE AND UNSEAL**

This case presents a historic and unique set of circumstances: the former White House Chief of Staff is suing the Speaker of the U.S. House of Representatives and several other Members of Congress over their demands for information about the former President's failed efforts to overturn the results of the 2020 election. Congress' efforts to establish a public reckoning of government officials' conduct on January 6 also presents a unique and historic interest in the transparency of this Court's proceedings. To advance that interest, the Press Coalition has moved pursuant to Rule 24(b) of the Federal Rules of Civil Procedure and Local Civil Rule 7(j) to intervene in this matter for the limited purpose of seeking access to certain judicial records that have been filed under seal or otherwise not been made available on the public docket.[1] The Press Coalition specifically seeks access to the following documents:

---

[1] The Press Coalition consists of: Cable News Network, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Axios Media Inc., Buzzfeed, Inc. d/b/a BuzzFeed News, CBS Broadcasting Inc. o/b/o CBS News, Dow Jones & Company, Inc.,

1

- A sealed motion for leave to file a document under seal, filed by the Defendants (Dkt. 16), and supporting declaration (Dkt. 16-1);

- The May 2, 2022 Order (Dkt. 21) granting that motion; and

- A sealed document filed by Defendants relating to their motion for summary judgment (Dkt. 24).[2]

These filings (together, the "Sealed Records") are all subject to the First Amendment and common law rights of access. The public docket provides no explanation as to why, despite the strong presumption of transparency in this Circuit, these judicial records are not available to the public. The Court should therefore permit the Press Coalition to intervene and grant its motion for access to the Sealed Records. The January 6 assault on the Capitol was a public event. The House Select Committee is making an effort to establish a public reckoning of that event. This Court should likewise conduct its work on this historic matter in full public view.

## I. BACKGROUND

This lawsuit is one of many cases arising out of the riot at the United States Capitol on January 6, 2021, an event "of deep national importance." *United States v. Munchel*, 2021 U.S. Dist. LEXIS 194604, at *12 (D.D.C. Oct. 8, 2021) (internal marks omitted). The Defendants are all members of the U.S. House of Representatives and the House Select Committee formed to investigate the "domestic terrorist attack upon the United States Capitol Complex" and "interference with the peaceful transfer of power." *See Select Committee to Investigate the*

---

publisher of The Wall Street Journal, The E.W. Scripps Company, Gray Media Group, Inc., Los Angeles Times Communications LLC, publisher of The Los Angeles Times, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBC News, The New York Times Company, POLITICO LLC, Pro Publica, Inc., Tegna, Inc., Gannett Satellite Information Network, LLC, publisher of USA TODAY, and WP Company LLC, d/b/a the Washington Post.

[2] The sealed document relating to the motion for summary judgment, Dkt. 24, may consist of privilege logs provided by Plaintiff's counsel to the Select Committee staff, which Defendants filed under seal as Exhibit E to their motion for summary judgment, *see* Dkt. 15-6.

*January 6th Attack on the United States Capitol*, https://january6th.house.gov/about. Once its investigation is complete, the Select Committee will "issue a final report to the House containing such findings, conclusions, and recommendations for corrective measures . . . as it may deem necessary." *Id.* As part of its investigation, the Select Committee has issued dozens of subpoenas to individuals and companies. *See, e.g.*, *See, e.g.*, Annie Grayer, *A running list of who has received a subpoena from the House January 6 select committee*, CNN (Nov. 10, 2021, updated Feb. 22, 2022), https://www.cnn.com/2021/11/10/politics/list-january-6-subpoenas/index.html.

On September 31, 2021, the Select Committee served former White House Chief of Staff Mark Meadows with subpoenas seeking documents and deposition testimony on "the President's post-election efforts to overturn the certified results of the 2020 election." Mem. of Points and Authorities in Support of Defs' Mot. for Summary Judgment ("Defs' Mot.") at 1, Dkt. 15. The Select Committee also served a subpoena on Verizon seeking records regarding Meadows' personal cell phone usage during his tenure as White House Chief of Staff. Meadows takes the position that the Select Committee cannot obtain information sought in the Verizon subpoena without a warrant. Compl. ¶ 119, Dkt. 1. Meadows provided some documents in response to the records subpoena served on him and initially agreed to provide deposition testimony. On December 8, 2021, however, he filed this lawsuit asking the Court to quash the subpoenas on grounds that the information sought is protected by the executive privilege and the subpoenas violate his constitutional rights. *See generally* Compl.

On April 22, 2022, Defendants moved for summary judgment, arguing that Meadows has no valid ground to refuse to testify or produce relevant records. Defs.' Mot. at 16. The motion referenced and attached a number of documents, including one sealed exhibit that appears to

3

contain Meadows' privilege logs. *See* Ex. E to Decl. of Timothy Heaphy, Dkt. 15-6. Defendants contemporaneously filed a motion for leave to file a document under seal, *see* Dkt. 16, which the Court granted on May 2, 2022, *see* Dkt. 21. That same day, Defendants filed a sealed document relating to their motion for summary judgment. Dkt. 24. Both the motion for leave to file under seal and the order granting that motion are currently sealed and inaccessible on the Court's public docket.

The Select Committee has told the American public that transparency will be key to its work. Indeed, the Select Committee's press release announcing the filing of this summary judgment motion notes that it is "essential that the American people fully understand Mr. Meadows's role in events before, on, and after January 6th." *See* Thompson & Cheney Statement on Motion for Summary Judgment in Mark Meadows Litigation (Apr. 22, 2022), https://january6th.house.gov/news/press-releases/thompson-cheney-statement-motion-summary-judgment-mark-meadows-litigation. The Press Coalition advances precisely the same public interest in transparency and accountability by moving to intervene in this action and requesting that the Court unseal the Sealed Records.

## II.   THE COURT SHOULD PERMIT THE PRESS COALITION TO INTERVENE

The Federal Rules and controlling case law clearly support the Press Coalition's request to intervene in this matter to assert the public's right of access to sealed judicial records. The Court "may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). The D.C. Circuit has held that third parties, including news organizations, "may be allowed to permissively intervene under Rule 24(b) for the limited purpose of seeking access to materials that have been shielded from public view either by seal or by a protective order." *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998). Indeed, the Supreme Court has held that "representatives of

4

the press and general public must be given an opportunity to be heard on the question of their exclusion" from judicial proceedings. *Globe Newspapers Co. v. Super. Ct.*, 457 U.S. 596, 609 n.25 (1982) (internal marks and citations omitted). The Court therefore should permit the Coalition to intervene in this matter for the limited purpose of seeking access to the Sealed Records. *E.g., In re Application of Chodiev*, 2021 U.S. Dist. LEXIS 90103, at *10 (D.D.C. Mar. 23, 2021) (granting CNN leave to intervene for purpose of challenging sealed court records).

### III.     THE COURT SHOULD GRANT ACCESS TO THE SEALED RECORDS

The First Amendment and common law rights of access to judicial records are "a fundamental element of the rule of law, important to maintaining the integrity and legitimacy of an independent Judicial Branch." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663 (D.C. Cir. 2017). The Court should release the Sealed Records under both the First Amendment and the common law.

### A.     The Court Should Release The Records Under The Constitutional Right of Access.

"The Supreme Court has sketched a two-stage process for resolving whether the First Amendment affords the public access to a particular judicial record or proceeding." *Dhiab v. Trump*, 852 F.3d 1087, 1102 (D.C. Cir. 2017) (Williams, J., concurring). "First the court must determine whether a qualified First Amendment right of public access exists. If so, then . . . the record or proceeding may be closed only if closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (internal marks and citations omitted).[3]

Courts follow the "experience and logic" test to determine where the constitutional right of access right to records or a proceeding. *Press-Enter. Co. v. Super. Ct.* ("*Press-Enterprise II*"),

---

[3] Though the D.C. Circuit has "never *found* a qualified First Amendment right outside the criminal context," the court has "never categorically ruled it out either," and "many other circuits have concluded that such a right exists in civil and even administrative matters." *Dhiab*, 852

5

478 U.S. 1, 9 (1986). Under this test, the right of access attaches if "the place and process have historically been open to the press and general public" and if access "plays a significant positive role in the function of the particular process." *Id*. at 8. Applying this test, the constitutional right of access plainly attaches to Defendants' filings and the May 2 Order. *See EEOC*, 98 F.3d at 1409 ("A court's decrees, its judgments, its orders, are the quintessential business of the public's institutions."). Likewise, "precedent strongly favors [the] view" that the constitutional access right applies "to non-dispositive civil motions," including the other Sealed Records. *See, e.g.*, *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 121 (D. Md. 2009).

Where this constitutional right of access applies, the Court should make the judicial records public unless secrecy "is essential to preserve higher values and is narrowly tailored to serve that interest." *Dhiab*, 852 F.3d at 1102 (Williams, J., concurring). Neither the parties nor the Court have articulated on the public record how the withholding of the Sealed Records is essential to preserve any higher values. Nor are there any public findings that targeted redactions would not sufficiently protect any such interest. *See In re New York Times Co.*, 585 F. Supp. 2d 83, 91 (D.D.C. 2008) (because restrictions on First Amendment right of access must be narrowly tailored, courts must ask whether "the goal of protecting [higher values] can be accomplished by means less restrictive than prohibiting access . . . altogether").

Because the First Amendment access right applies to the Sealed Records, and there are no findings on the public record demonstrating that blanket withholding is essential to preserving any higher values, the Court should promptly grant the Press Coalition's motion for access.

---

F.3d at 1104 (Williams, J., concurring); *see also In re Guantanamo Bay Detainee Litig.*, 630 F. Supp. 2d 1, 10 (D.D.C. 2009) ("[t]he consensus of the Circuits is that there has been a history of public access to civil proceedings").

**B.     The Court Should Release The Records Under The Common Law Right Of Access.**

The Court also should release the Sealed Records pursuant to the common law right of access. "Although [this] right is not absolute, there is a strong presumption in its favor, which courts must weigh against any competing interests." *Metlife*, 865 F.3d at 663. Like the constitutional right of access, the common law right requires courts to conduct a two-stage analysis. First, courts determine whether the records at issue are "judicial records" to which there is a "strong presumption" in favor of access. *Id.* at 665-67. If they are judicial records, courts then apply the six-factor test set out in *United States v. Hubbard* to determine whether the presumption of access has been rebutted. 650 F.2d 293, 317-21 (D.C. Cir. 1980).

Under controlling case law, the Sealed Records are "judicial records" to which the public has a presumptive right of access under the common law. In *Metlife*, the D.C. Circuit recently explained that documents filed with the court are judicial records, even when they are filed under seal, so long as they "were filed before the . . . court's decision and were intended to influence it." 865 F.3d at 668. Here, the Sealed Records – document(s) pertaining to Defendants' motion for summary judgment, Defendants' motion for leave to file under seal, and the Court's related order – clearly were intended to influence the Court in reaching a decision and reflect the Court's decision. The Sealed Records also are therefore "judicial records," and the same "strong presumption" of public access applies.

Because the public has a presumptive right of access to the Sealed Records under the common law, the Court should release them unless the party seeking the sealing rebuts the strong presumption under *Hubbard* and *Metlife*. Again, neither the parties nor the Court have articulated on the record how these factors could outweigh the "strong presumption" of access to the Sealed Records, particularly in a case where the issues and related filings are already public.

7

*See In re Application of Chodiev,* 2021 U.S. Dist. LEXIS 90103, *27 (recommending unsealing briefs and exhibits in support of a motion as it "seems illogical to maintain the seal over these motions when the underlying filings will be unsealed"); *see also* Order at 2, *United States v. Rukstales*, No. 21-cr-41-CJN (D.D.C. Nov. 24, 2021), Dkt. 150 (granting the Press Coalition's application for access to certain judicial records where "[n]one of [the arguments against unsealing] overcome the presumption in favor of public access"). The Court should therefore grant the Press Coalition access to the Sealed Records pursuant to the common law as well.

## CONCLUSION

For the foregoing reasons, the Press Coalition respectfully requests that the Court (1) grant its motion to intervene, (2) order the Sealed Records unsealed and placed on the public docket, and (3) provide that any future motions to seal in this case be filed with sufficient notice to the public of the purported grounds under the First Amendment and common law.

Dated: May 9, 2022                    Respectfully submitted,

                                      BALLARD SPAHR LLP

                                      /s/ *Charles D. Tobin*
                                      Charles D. Tobin (#455593)
                                      Maxwell S. Mishkin (#1031356)
                                      Lauren Russell (#1697195)
                                      1909 K Street, NW, 12th Floor
                                      Washington, DC 20006
                                      Tel: (202) 661-2200
                                      Fax: (202) 661-2299
                                      tobinc@ballardspahr.com
                                      mishkinm@ballardspahr.com
                                      russelll@ballardspahr.com

                                      *Counsel for the Press Coalition*