IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK MEADOWS, | ) |
|     *Plaintiff*, | ) |
| v. | ) Case No. 1:21CV3217 (CJN) |
| NANCY PELOSI, et al., | ) |
|     *Defendants*. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF
<u>UNDISPUTED MATERIAL FACTS</u>**

1.  Mr. Meadows does not dispute the fact that a joint session of Congress convened in the U.S. Capitol to certify the vote count of the Electoral College on January 6, 2021. Mr. Meadows does not dispute that then-President Donald Trump spoke at the Stop the Steal rally that same day. And finally, Mr. Meadows does not dispute that some individuals who attended the rally went on to the U.S. Capitol that day. Mr. Meadows disputes any additional characterization in the Defendants' assertion that is not factual.

2.  Mr. Meadows does not dispute this assertion.

3.  a.[1] Mr. Meadows does not dispute these assertions.

3.  b. Mr. Meadows does not dispute this assertion. Section 2(a) states, "The Speaker shall appoint 13 Members to the Select Committee, 5 of whom shall be appointed after consultation with the minority leader." H. Res. 503, 117th Cong. (2021).

---

[1] Defendants' Statement of Undisputed Material Facts, ECF No. 15-28, listed two paragraphs as number 3. For ease of comparison, Plaintiff references those as "3a" and "3b." All other paragraph numbers should correspond accordingly.

4. Mr. Meadows does not dispute these assertions.[2]

5. Mr. Meadows disputes the assertions that Speaker Pelosi spoke with the Minority Leader, advised him on the referenced matter, and asked him to recommend two other Republicans. Mr. Meadows also disputes that the Minority Leader took any action "[r]ather than comply with that request." **Mr. Meadows seeks discovery on this and other disputed questions of fact.** The press release cited by the Defendants does not lend any support to their assertions that Speaker Pelosi spoke with the Minority Leader, advised him, and asked for further recommendations. Thus, Defendants have not "include[d] references to the parts of the record relied on to support the statement," a violation of Local Civil Rule 7(h)(1). Nor do they "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," a violation of Federal Rule of Civil Procedure 56(c)(1)(A). Due to the Defendants' untimely motion for summary judgment and the lack of discovery thus far in this case, Mr. Meadows lacks the necessary "materials in the record" in support of its opposition. *See* Fed. R. Civ. P. 56(c)(1)(A). It is for this reason that Mr. Meadows has moved pursuant to Federal Rule of Civil Procedure 56(d) for the court to defer decision on Defendants' motion for summary judgment until necessary discovery has been conducted.

Mr. Meadows does not dispute the remaining cited actions by the Minority Leader.

---

[2] To the extent Defendants include multiple factual assertions in violation of ¶ 10(a) of the Standing Order, ECF No. 4, Plaintiff will attempt to separate and respond to each discrete allegation. If necessary citation is made to only one allegation within the numbered paragraph, Plaintiff will assume it was intended to lend support to all allegations within the paragraph.

6. Mr. Meadows does not dispute that the Minority Leader declined to make further recommendations. But Mr. Meadows does dispute that Speaker Pelosi "interpreted House Resolution 503 and the relevant House Rules, and determined a course of action under House Resolution 503 and the House Rules." **Mr. Meadows seeks discovery on this and other disputed questions of fact.** Neither the Congressional Record nor the Amended Complaint cited by Defendants lend support to those facts. Defendants have not "include[d] references to the parts of the record relied on to support the statement," a violation of Local Civil Rule 7(h)(1). Nor do they "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," a violation of Federal Rule of Civil Procedure 56(c)(1)(A). Due to the Defendants' untimely motion for summary judgment and the lack of discovery thus far in this case, Mr. Meadows lacks the necessary "materials in the record" in support of its opposition. *See* Fed. R. Civ. P. 56(c)(1)(A). It is for this reason that Mr. Meadows has moved pursuant to Federal Rule of Civil Procedure 56(d) for the court to defer decision on Defendants' motion for summary judgment until necessary discovery has been conducted.

Mr. Meadows does not dispute the fact that Speaker Pelosi named an additional Republican to the Select Committee.

7. Mr. Meadows does not dispute that House Rule XI, cl. 2(h) and House Resolution 503 § 5(c)(3) provide requirements for a quorum. However Mr. Meadows disputes that these materials support any assertion about Speaker Pelosi's state of mind when she appointed nine Members to the Select Committee. **Mr. Meadows seeks discovery on this and other disputed questions of fact.** Defendants have not "include[d] references to the parts of the record relied on

to support the statement," a violation of Local Civil Rule 7(h)(1). Nor do they "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," a violation of Federal Rule of Civil Procedure 56(c)(1)(A).Due to the Defendants' untimely motion for summary judgment and the lack of discovery thus far in this case, Mr. Meadows lacks the necessary "materials in the record" in support of its opposition. *See* Fed. R. Civ. P. 56(c)(1)(A). It is for this reason that Mr. Meadows has moved pursuant to Federal Rule of Civil Procedure 56(d) for the court to defer decision on Defendants' motion for summary judgment until necessary discovery has been conducted.

8. Mr. Meadows does not dispute these assertions. But Mr. Meadows does dispute that these actions by the Select Committee are relevant, much less material, to the Defendants' motion for summary judgment, given that Mr. Meadows is not challenging these actions.

9. Mr. Meadows does not dispute that the Select Committee issued him a subpoena on September 23, 2021 for deposition testimony and documentation. Mr. Meadows disputes that the testimony and documents demanded in the subpoena are limited to "the events of January 6, 2021, and the facts and circumstances that led to the violent attack on the Capitol that day." *See, e.g.*, Am. Compl., Ex. A, ECF No. 13-3 at 6-7 ("From November 3, 2020, to January 20, 2021, all documents and communications reporting, summarizing, or detailing the voting returns and election results of the 2020 Presidential election.").

10. Mr. Meadows does not dispute this assertion.

11. Mr. Meadows does not dispute that Defendants selectively quote a letter. Mr. Meadows states the letter speaks for itself, refers to it for its full and complete contents, and disputes any assertion Defendants make that are inconsistent with its content.

12. Mr. Meadows does not dispute that Defendants selectively quote a letter. Mr. Meadows states the letter speaks for itself, refers to it for its full and complete contents, and disputes any assertion Defendants make that are inconsistent with its content.

13. Mr. Meadows does not dispute that Defendants selectively quote a letter. Mr. Meadows states the letter speaks for itself, refers to it for its full and complete contents, and disputes any assertion Defendants make that are inconsistent with its content.

14. Mr. Meadows does not dispute that Defendants selectively quote a letter. Mr. Meadows states the letter speaks for itself, refers to it for its full and complete contents, and disputes any assertion Defendants make that are inconsistent with its content.

15. Mr. Meadows does not dispute that Defendants selectively quote a letter. Mr. Meadows states the letter speaks for itself, refers to it for its full and complete contents, and disputes any assertion Defendants make that are inconsistent with its content. However, Mr. Meadows disputes that this assertion is relevant, much less material, to the Defendants' motion for summary judgment.

16. Mr. Meadows does not dispute that Defendants selectively quote a letter. Mr. Meadows states the letter speaks for itself, refers to it for its full and complete contents, and disputes any assertion Defendants make that are inconsistent with its content.

17. Mr. Meadows does not dispute that Defendants are characterizing documents and a privilege log from Mr. Meadows. Mr. Meadows states the documents speak for themselves,

refers to them for their full and complete contents, and disputes any assertion Defendants make that are inconsistent with the content therein.

18. Mr. Meadows does not dispute that Defendants are characterizing the referenced privilege log. Mr. Meadows states the document speaks for itself, refers to it for its full and complete contents, and disputes any assertion Defendants make that are inconsistent with its content. Further, Mr. Meadows disputes that he identified *any* emails "he initiated or participated in based on his role in the Trump campaign with people reported to be members of the Trump campaign legal team or other Trump campaign staff." *See* Am. Compl. Ex. E, ECF No. 13-7. The Defendants' cited documents also do not support this assertion. Thus, Defendants have not "include[d] references to the parts of the record relied on to support the statement," a violation of Local Civil Rule 7(h)(1). Nor do they "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," a violation of Federal Rule of Civil Procedure 56(c)(1)(A).

Mr. Meadows disputes the distinction Defendants attempt to draw between actions Mr. Meadows took as Chief of Staff to the President and those he took to reelect the President. *See* Decl. George J. Terwilliger III ¶ 7.

Mr. Meadows does not dispute that he communicated with the state election official Defendants cited. In support of Defendants' many other assertions about Mr. Meadows's actions, they have made no other "reference[] to the parts of the record relied on to support the statement[s]," a violation of Local Civil Rule 7(h)(1). Nor do they "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only),

6

admissions, interrogatory answers, or other materials," a violation of Federal Rule of Civil Procedure 56(c)(1)(A). Plaintiff therefore disputes these unsupported assertions.

19. Mr. Meadows does not dispute that Defendants are characterizing the referenced privilege log. Mr. Meadows states the document speaks for itself, refers to it for its full and complete contents, and disputes any assertion Defendants make that are inconsistent with its content. Further, the document cited by the Defendants does not indicate which parties the Defendants claim are "lawyers acting for the campaign" or "other campaign staff."

20. Mr. Meadows does not dispute that Defendants are characterizing a December 7, 2021[3] letter. Mr. Meadows states the letter speaks for itself, refers to it for its full and complete contents, and disputes any assertion Defendants make that are inconsistent with its content. Mr. Meadows does not dispute that he agreed to appear for a deposition on December 8, 2021 upon certain conditions. *See* Am. Compl. Ex. O, ECF No. 13-17. Mr. Meadows does not dispute that he filed this suit, and he does not dispute that he did not appear before or provide testimony to the Select Committee.

Mr. Meadows disputes that he had a "change of heart." Mr. Meadows has stated that it was Defendants' actions that caused Mr. Meadows to decline to appear for a deposition. *See* Am. Compl. ¶ 111.

21. Mr. Meadows does not dispute that the House voted to hold him in contempt and that members of the House made such arguments on the floor. Mr. Meadows also does not dispute that the Rules Committee and full House adopted the Select Committee's contempt

---

[3] Defendants appear to have inadvertently stated that Plaintiff communicated with the Select Committee on December 7, 2022. This communication occurred on December 7, *2021*.

7

report. Mr. Meadows does dispute that these assertions are accurate, complete, or relevant, much less material, to the Defendants' motion for summary judgment.

Mr. Meadows does not dispute that the contempt report makes the referenced assertion. Mr. Meadows does dispute that he and the Select Committee agree upon any "indisputably non-privileged testimony." *See* Am. Compl. Ex. T, ECF No. 13-22 ("[F]rom the information supplied to us last Friday – upon which Mr. Meadows could expect to be questioned[,] . . . the Select Committee has no intention of respecting boundaries concerning Executive Privilege.").

22. Mr. Meadows does not dispute that he has not testified before the Select Committee. Mr. Meadows again disputes that he and the Select Committee agree on the scope of "non-privileged information." *See* Am. Compl. Ex. T, ECF No. 13-22.

23. Mr. Meadows does not dispute the assertion that the Verizon subpoena demands "subscriber information and cell phone data associated with Mr. Meadows's personal cell phone number." Mr. Meadows disputes that the subpoena does not demand the content of communications and geo-location data. On its face, the Verizon subpoena fails to support Defendants' assertion. Defendants also cite nothing to support the fact that Verizon has not produced any subpoenaed information and that Verizon will not do so "absent a ruling from this Court." **Mr. Meadows seeks discovery on these and other disputed questions of fact.** Thus, Defendants have not "include[d] references to the parts of the record relied on to support the statement[s]," a violation of Local Civil Rule 7(h)(1). Nor do they "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," a violation of Federal Rule of Civil Procedure 56(c)(1)(A). Due to the Defendants' untimely motion for summary judgment and the

lack of discovery thus far in this case, Mr. Meadows lacks the necessary "materials in the record" in support of its opposition. *See* Fed. R. Civ. P. 56(c)(1)(A). It is for this reason that Mr. Meadows has moved pursuant to Federal Rule of Civil Procedure 56(d) for the court to defer decision on Defendants' motion for summary judgment until necessary discovery has been conducted.

24. Mr. Meadows does not dispute this assertion. Mr. Meadows does dispute that this assertion is relevant, much less material, to the Defendants' motion for summary judgment.

25. Mr. Meadows does not dispute this assertion. Mr. Meadows does dispute that this assertion is relevant, much less material, to the Defendants' motion for summary judgment.

26. The statement Defendants cite here fails to support their assertion. Thus, Defendants have not "include[d] references to the parts of the record relied on to support the statement," a violation of Local Civil Rule 7(h)(1). Nor do they "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," a violation of Federal Rule of Civil Procedure 56(c)(1)(A). Nonetheless, Mr. Meadows also disputes that the assertion is relevant, much less material, to the Defendants' motion for summary judgment.

27. Mr. Meadows does not dispute that his book discloses some conversations he had with former President Trump. Mr. Meadows does dispute that the assertion is relevant, much less material, to the Defendants' motion for summary judgment.

28. Mr. Meadows does not dispute that his book discloses some of his views and observations of events that occurred on January 6. Mr. Meadows does dispute that the assertion is relevant, much less material, to the Defendants' motion for summary judgment.

29. Mr. Meadows does not dispute that he undertook efforts to reelect then-President Trump. Mr. Meadows again disputes the distinction Defendants attempt to draw between actions Mr. Meadows took as Chief of Staff to the President and those he took to reelect the President. *See* Decl. George J. Terwilliger III ¶ 7.

Dated: May 20, 2022

Respectfully submitted,
MARK R. MEADOWS
*By Counsel*

/s/ George J. Terwilliger III
George J. Terwilliger III
MCGUIREWOODS LLP
888 16th Street NW, Suite 500
Washington, DC 20006
Phone: (202) 857-1700
Fax: (202) 857-1737
gterwilliger@mcguirewoods.com

Brooks H. Spears
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons, VA 22102
Phone: (703) 712-5000
Fax: (703) 712-5050
bspears@mcguirewoods.com