IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARK MEADOWS, | ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | Case No. 1:21CV3217 (CJN) |
| NANCY PELOSI, et al., | ) ) ) | |
| *Defendants*. | ) ) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PRESS COALITION'S MOTION TO INTERVENE**

Plaintiff Mark Meadows, by and through his counsel, and pursuant to LCvR 7(b), opposes the motion to intervene (ECF No. 26) filed by the Press Coalition.

**INTRODUCTION**

In its Minute Order of May 16, 2022, the Court identified a threshold procedural hurdle for the Press Coalition to overcome before it can seek access to sealed document—it must first intervene under Fed. R. Civ. P. 24(b). There are several independent reasons this Court should exercise its discretion to deny intervention.

First, the plain language of Rule 24(b), which this Court is bound to apply, requires commonality between the Press Coalition's claim and Meadows' claims, which is lacking. Although the commonality need not be extensive, the Press Coalition cannot satisfy Rule 24(b)'s requirement by merely challenging the Court's Sealing Order in these circumstances. Because there is no commonality between the Press Coalition's claim for access to the sealed document and Meadows' declaratory judgment claims, the Press Coalition cannot intervene under Rule 24(b).

Second, moreover, any intervention is limited to judicial records, and the sealed "Exhibit E" is not a judicial record for two reasons. First, a filing does not become a judicial record until the Court relies on it to render a decision, which has not yet occurred. Second, a document filed in bad faith is not a judicial record. Defendants had no sound reason to file Exhibit E, because it is not material to their summary judgment motion. And even if it were, Defendants could easily have redacted the non-public information. Therefore, Exhibit E is not a judicial record that the Press Coalition can access by intervening in this case.

Third, the Court should exercise the broad discretion afforded to it by Rule 24(b) to protect the substantial privacy interests at stake. The Press Coalition seeks to obtain access to Meadows' privilege log—submitted in a different forum for purposes other than litigation—which contains the names and e-mail addresses for dozens of individuals. These individuals have nothing to do with this litigation, and many had no involvement whatsoever with the issues being investigated by the Select Committee. Meadows is concerned that, if the Press Coalition obtains access to Exhibit E, these individuals' personal information could be printed in every major news publication in the country. Again, these individuals have nothing to do with the legal dispute between the parties to this case. Rule 24(b) gives the Court wide discretion to prevent precisely this type of injustice. For these reasons, as more fully discussed below, the Court should deny the Press Coalition's motion.

**ARGUMENT**

I. **The Press Coalition's motion to intervene does not share any common questions of law or fact with Meadows' claims.**

The Court should apply the plain language of Rule 24(b)'s commonality requirement to deny the Press Coalition's motion. This Court is required to "give the Federal Rules of Civil Procedure their plain meaning." *Pavelic & LeFlore v. Marvel Entm't Grp.*, 493 U.S. 120, 123

(1989); *Agudas Chasidei Chabad v. Russian Fed'n*, 19 F.4th 472, 477 (D.C. Cir. 2021) ("[T]he Federal Rules of Civil Procedure are to be accorded their plain meaning[.]") (internal quotation marks omitted). "As with a statute, our inquiry is complete if we find the text of the Rule to be clear and unambiguous." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 540-41 (1991).

The language of Rule 24(b) is clear and unambiguous. It allows intervention only where the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). To be sure, the phrase "claim or defense" does not require the movant to have "a direct personal or pecuniary interest in the subject of the litigation." *SEC v. U.S. Realty & Improvement Co.*, 310 U.S. 434, 459 (1940). But whatever the "claim or defense" might be, it must share "a common question of law or fact" with the main action. *See* Fed. R. Civ. P. 24(b)(1)(B).

Applying this plain language, the Press Coalition's claim does not share any legal or factual questions with the main action. The motion to intervene requires the Court to determine whether the Press Coalition has a right to access the sealed Exhibit E. *See* ECF No. 26-1 at 5-8. The main action, by contrast, does not present that legal issue, or any similar issue. *See generally* ECF No. 13. Moreover, the motion to intervene presents *no* factual issues, let alone one that is shared by the main action. Therefore, even assuming the Press Coalition has some "claim or defense," it is not related in any way to the claims in the main action.

The Press Coalition implicitly argues that it satisfies the commonality requirement by its mere challenge to the Court's Sealing Order. It is true that some courts have held that such a challenge, without more, satisfies Rule 24(b)'s commonality requirement. For instance, in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994), the Third Circuit allowed a coalition

of newspapers to intervene under Rule 24(b) because "the procedural device of permissive intervention is appropriately used to enable a litigant who was not an original party to an action to challenge protective or confidentiality orders entered in that action."

The D.C. Circuit has never construed Rule 24(b)'s commonality requirement so broadly. When given the opportunity to do so, it demurred. *See EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1047 (D.C. Cir. 1998) ("We need not conclude, as the Third Circuit appears to have done in *Pansy*, that the commonality requirement is satisfied whenever a third party objects to a confidentiality order . . . ."). Rather than adopting *Pansy*'s *per se* rule, the D.C. Circuit undertook a lengthy examination of the factual commonalities between the main action and the intervenor's claim. *See National Children's Center*, 146 F.3d at 1047-48 (listing "a number of factual similarities" between the two).

This case does not present the same commonalities. Unlike the movant in *National Children's Center*, the Press Coalition fails to identify a single issue presented by its motion that overlaps with the issues presented by Meadows' claims. *See generally* ECF No. 26-1. Again, it is not enough that the Press Coalition challenges the Court's Sealing Order. Therefore, the D.C. Circuit's decision in *National Children's Center* does not control the outcome here.

Given the absence of any overlapping legal or factual issues, this case more closely aligns with the many cases in which courts have denied motions to intervene for lack of commonality. *See, e.g.*, *Stellar IT Solutions, Inc. v. United States Citizenship & Immigration Svcs.*, No. 18-2015 (RC), 2019 WL 3430746, at *4 (D.D.C. July 30, 2019) (denying Rule 24(b) motion based on "the distinct factual and legal nature" of the movant's claims and the claims in the main action); *Parker v. John Moriarty & Assocs.*, 319 F.R.D. 18, 23 (D.D.C. 2016) (same); *Norfolk S. Ry. Co. v. Solis*, 915 F. Supp. 2d 32, 41 (D.D.C. 2013) (same); *Deutsche Bank Nat'l Tr. Co. v. FDIC*, 283 F.R.D.

1, 3 (D.D.C. 2012) (same); *Peters v. District of Columbia*, 873 F. Supp. 2d 158, 219 (D.D.C. 2012) (same). Here, the Court should similarly deny the Press Coalition's motion, because any claim that the Press Coalition might have does not "share[] with the main action a common question of law or fact," as required by the plain language of Rule 24(b).

**II.     The Press Coalition cannot intervene to obtain access to non-judicial records.**

Because Exhibit E is not a judicial record, the Press Coalition has no right to intervene to obtain access to it. The case law is clear that a district court should deny a motion to intervene that seeks access to non-judicial records. *See League of Women Voters v. Newby*, 963 F.3d 130, 132 (D.C. Cir. 2020) (holding that a third-party can intervene for the "disclosure *only* of 'public records,' which, in the context of court proceedings, are called 'judicial records'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)) (emphasis added). It is well-settled that "not all documents filed with the courts are judicial records." *SEC v. Am. Int'l Grp.*, 712 F.3d 1, 3 (D.C. Cir. 2013). Two categories of such documents are relevant here: (i) those that "do not eventuate in any official action or decision being taken," *Washington Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 905 (D.C. Cir. 1996); and (ii) "material inserted into a court filing in bad faith," *Newby*, 963 F.3d at 136. Exhibit E qualifies as a non-judicial record on both accounts.

Exhibit E is not a judicial record because the Court has not yet rendered a decision on summary judgment. The right to intervene for access to judicial records "assumes a judicial decision." *United States v. El-Sayegh*, 131 F.3d 158, 162 (D.C. Cir. 1997). "If none occurs, documents are just documents; with nothing judicial to record, there are no judicial records." *Id.* As Judge Lamberth recently explained: "If a court makes no decision about a document or does not otherwise rely on it, the document is not a judicial record." *In re Press Coalition's Motion for*

5

*Access to Cmty.*, No. 1:21MC155, 2022 WL 227090, at *2 (D.D.C. Jan. 26, 2022). Here, Defendants filed Exhibit E as part of their motion for summary judgment. *See* ECF No. 15-6. That motion is not fully briefed, and no hearing has been set. Until the Court rules on Defendants' summary judgment motion, Exhibit E is not a judicial record that the Press Coalition can use as a basis for intervening. *See SEC v. Am. Int'l Grp.*, 712 F.3d at 3-4 ("The IC reports are not judicial records . . . because the district court made no decisions about them . . . ."). At this time, therefore, the Press Coalition's motion to intervene is premature.

Exhibit E is not a judicial record for the additional reason that it appears likely to have been inserted into the case in bad faith. In explaining what qualifies as a judicial record, the D.C. Circuit has recognized "an exception for material inserted into a court filing in bad faith." *Newby*, 963 F.3d at 136. Exhibit E contains the names and e-mail addresses for dozens of individuals who have no involvement in this case, including Meadows' friends and family. Before filing Exhibit E, Defendants could have easily redacted this information. *See Ohio A. Philip Randolph Inst. v. Householder*, No. 1:18CV357, 2019 WL 3287985, at *2 (S.D. Ohio Mar. 2, 2019) ("District courts regularly find good cause exists for allowing redactions in court filings in order to protect personal identifying information, including email addresses . . . ."). Such redactions would not affect the Court's decision on summary judgment, because the names and e-mail addresses are immaterial to Defendants' motion.[1] *See generally* ECF No. 15. But Defendants chose not to redact anything, which accords with their incessant leaks of Meadows' private information. *See* ECF No. 29-2 ¶ 67. On top of that, Defendants ignored repeated requests from Meadows' counsel to withdraw Exhibit E, or at minimum, to re-file a redacted version. This conduct by Defendants confirms that

---

[1] Should the Press Coalition be permitted to intervene, Meadows will oppose the highly objectionable request to unseal a privilege log from a different branch of government that was improperly inserted into this litigation by Defendants.

Exhibit E is not a judicial record, because it was filed in bad faith. As such, the Press Coalition has no right to intervene.

### III. The Court should exercise its discretion to deny the Press Coalition's motion in order to protect the privacy interests of individuals with no involvement in this case.

Given the privacy interests at stake, the Press Coalition's motion to intervene necessitates a careful exercise of the Court's discretion to deny intervention. "Permissive intervention under Rule 24(b) . . . is discretionary by definition." *Hodgson v. United Mine Workers of Am.*, 473 F.2d 118, 125 n.36 (D.C. Cir. 1972). And "because permissive intervention is an inherently discretionary enterprise, the court enjoys considerable discretion under Rule 24(b)." *Envtl. Defense v. Leavitt*, 329 F. Supp. 2d 55, 66 (D.D.C. 2004) (internal quotation marks omitted). The Court maintains this broad discretion even if the Press Coalition otherwise satisfies Rule 24(b)'s requirements. *See In re Endangered Species Act Section 4 Deadline Litig.*, 270 F.R.D. 1, 6 (D.D.C. 2010) ("Because permissive intervention is granted solely at the discretion of the district court, the Court may deny permission to intervene even if the applicant satisfies the necessary criteria.").

Here, the Court should exercise its discretion to protect the privacy interests of dozens of individuals who have no involvement in this litigation. The Press Coalition consists of eighteen of the nation's largest publishers and media outlets. If obtained by these media giants, the personal information of the individuals identified in Exhibit E will likely be splashed upon every newspaper, magazine, website, and media outlet across the country. That is simply not fair to these individuals—including Meadows' friends, family, and acquaintances—who have nothing to do with the claims being made.

Defendants, for their part, have done little to explain which parts of a lengthy privilege log are actually germane to issues in this case, or why it is necessary to potentially expose every name and e-mail address on the log. Perhaps Defendants' complete lack of access to the underlying

documents (rightfully withheld on privilege grounds) contributes to this wrongful attempt to broadly expose others' private information for exposure's sake.

None of individuals identified on the privilege log chose to have his or her personal information disclosed in this litigation. Indeed, their personal information is in no way relevant to the case, despite Defendants' decision not to redact it. The Court possesses the discretionary authority to prevent this injustice, and it should exercise it here.

## CONCLUSION

For the reasons discussed, the Court should deny the Press Coalition's motion to intervene.

Dated: May 27, 2022

Respectfully submitted,
MARK R. MEADOWS
*By Counsel*

/s/ George J. Terwilliger III
George J. Terwilliger III
MCGUIREWOODS LLP
888 16th Street NW, Suite 500
Washington, DC 20006
Phone: (202) 857-1700
Fax: (202) 857-1737
gterwilliger@mcguirewoods.com

Brooks H. Spears
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons, VA 22102
Phone: (703) 712-5000
Fax: (703) 712-5050
bspears@mcguirewoods.com

## CERTIFICATE OF SERVICE

I certify that, on May 27, 2022, a copy of the foregoing was filed on the Court's CM/ECF system, which will send notification to all counsel of record.

/s/ George J. Terwilliger III