**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MARK MEADOWS,

                          Plaintiff,

          v.                                                    Case No. 1:21-cv-3217-CJN

NANCY PELOSI, *et al.*,

                          Defendants,

**DEFENDANTS' STATEMENT OF GENUINE ISSUES AND RESPONSE TO**
**PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS (ECF 29-2)**

Pursuant to Federal Rule of Civil Procedure 56(c) and Local Rule 7(h)(1), Defendants hereby serve objections to Plaintiffs' Statement of Undisputed Material Facts and the counter-statement of genuine issues.

1.      Defendants do not dispute this assertion.  Defendants note that H.R. 3233 passed the House 252 to 175, but was filibustered in the Senate and failed a cloture vote 54 to 35.

2.      Defendants do not dispute that H. Res. 503 passed the House of Representatives by a vote of 222 to 190.   Defendants refer to the text of H. Res. 503, which speaks for itself, refers to it for its full and complete contents, and disputes any assertion Plaintiff makes that is inconsistent with its content.

3.      Defendants do not dispute this assertion.  Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion, which does not turn on whether the Select Committee will "hold a markup of legislation" and because Rulemaking Clause precludes "the Court telling the House what its own rules require."  *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 29-33.

4.      Defendants do not dispute this assertion.  Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion.  Defendants dispute that this language is

relevant, much less material, to Plaintiffs' cross-motion because the Rulemaking Clause precludes "the Court telling the House what its own rules require." *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 29-33.

5.      Defendants do not dispute that the Select Committee has operated with nine members.  Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because the Rulemaking Clause precludes "the Court telling the House what its own rules require." *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 29-33.

6.      Defendants do not dispute this assertion.  Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because the Rulemaking Clause precludes "the Court telling the House what its own rules require." *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 29-33.

7.      Defendants object under Rule 56(c)(2) that the material cited by Plaintiff to support the cited fact is not presented in a form that would be admissible in evidence because the cited sources are hearsay.  Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because the Rulemaking Clause precludes "the Court telling the House what its own rules require." *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 29-33.

8.      Defendants do not dispute that the Plaintiff selectively quotes a press release, but dispute that the phrase "unprecedented decision" refers to the appointment of Representative Kinzinger or the Speaker's willingness to accept the Majority Leader recommendations of Representatives Rodney Davis, Kelly Armstrong, and Troy Nehls.  Defendants refer to the full Pelosi Press Release, which speaks for itself, refers to it for its full and complete contents, and disputes any assertion Plaintiff makes that is inconsistent with its content.  Moreover, Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because the Rulemaking Clause precludes "the Court telling the House what its own rules require." *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 29-33.

9.      Defendants object under Rule 56(c)(2) that the material cited by Plaintiff to support the cited fact is not presented in a form that would be admissible in evidence because the cited source is hearsay.  Moreover, Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because the Rulemaking Clause precludes "the Court telling the House what its own rules require."  *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 29-33.

10.     Defendants object under Rule 56(c)(2) that the material cited by Plaintiff to support the cited fact is not presented in a form that would be admissible in evidence because the cited Congressional Research Service report is hearsay.  Moreover, Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because the Rulemaking Clause precludes "the Court telling the House what its own rules require."  *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 29-33.

11.     Defendants do not dispute that Plaintiff selectively quotes the Congressional Record.  Defendants state that the Congressional Record speaks for itself, refers to it for its full and complete contents, and disputes any assertion Plaintiff makes that is inconsistent with its contents.  Moreover, Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because the Rulemaking Clause precludes "the Court telling the House what its own rules require."  *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 29-33.

12.     Defendants state that the cited portion of the Congressional Record speaks for itself, refers to it for its full and complete contents, and disputes any assertion Plaintiff makes that is inconsistent with its contents.  Moreover, Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because the Rulemaking Clause precludes "the Court telling the House what its own rules require."  *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 29-33.

13.     Defendants do not dispute that Plaintiff selectively quotes a press release. Defendants state that the press release speaks for itself, refers to it for its full and complete contents, and disputes any assertion Plaintiff makes that is inconsistent with its contents.

Moreover, Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because the Rulemaking Clause precludes "the Court telling the House what its own rules require." *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 29-33.

14.     Defendants do not dispute this assertion.  Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because the Rulemaking Clause precludes "the Court telling the House what its own rules require." *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 29-33.

15.     Defendants do not dispute that Plaintiff selectively quotes a House Rule. Defendants state that the Rule speaks for itself, refers to it for its full and complete contents, and disputes any assertion Plaintiff makes that is inconsistent with its contents. Moreover, Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because the Rulemaking Clause precludes "the Court telling the House what its own rules require." *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 29-33.

16.     Defendants do not dispute this assertion.  Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because the Rulemaking Clause precludes "the Court telling the House what its own rules require." *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 29-33.

17.     Defendants do not dispute this assertion.  Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because the Rulemaking Clause precludes "the Court telling the House what its own rules require." *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 29-33.

18.     Defendants object under Rule 56(c)(2) that the material cited by Plaintiff to support the cited fact is not presented in a form that would be admissible in evidence because the cited source is hearsay.  Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because the Rulemaking Clause precludes "the Court telling the House what its own rules require." *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 29-33.

19.     Defendants do not dispute that Plaintiff selectively cites two press releases. Defendants state that the press releases speak for themselves, refers to them for their full and complete contents, and disputes any assertion Plaintiff makes that is inconsistent with their contents.  Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because "these staffing decisions are not nearly enough to overcome . . . the Select Committee's otherwise valid legislative purpose." *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 35-36.

20.     Defendants do not dispute that Plaintiff selectively cites a tweet.  Defendants state that the tweet speaks for itself, refers to it for its full and complete contents, and disputes any assertion Plaintiff makes that is inconsistent with its contents.  Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because Select Committee members may operate under multiple motives and the individual "motive" of Committee members "is irrelevant given the Select Committee's valid legislative purpose." *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 35-37.

21.     Defendants do not dispute that Plaintiff selectively cites a news article. Defendants state that the article speaks for itself, refers to it for its full and complete contents, and disputes any assertion Plaintiff makes that is inconsistent with its contents.  Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because Select Committee members may operate under multiple motives and the "motive" of individual Select Committee members "is irrelevant given the Select Committee's valid legislative purpose." *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 35-37.

22.     Defendants do not dispute that Plaintiff selectively cites a tweet and a news article.  Defendants state that the tweet and article speaks for themselves, refers to them for their full and complete contents, and disputes any assertion Plaintiff makes that is inconsistent with their contents.  Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because Select Committee members may operate under multiple motives and the "motive" of individual Select Committee members "is irrelevant given the Select

Committee's valid legislative purpose." *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 35-37.

23.     Defendants do not dispute that Plaintiff selectively cites a tweet.  Defendants state that the tweet speaks for itself, refers to it for its full and complete contents, and disputes any assertion Plaintiff makes that is inconsistent with its contents.  Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because Select Committee members may operate under multiple motives and the "motive" of individual Select Committee members "is irrelevant given the Select Committee's valid legislative purpose." *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 35-37.

24.     Defendants do not dispute that Plaintiff selectively cites a press conference transcript.  Defendants state that the transcript speaks for itself, refers to it for its full and complete contents, and disputes any assertion Plaintiff makes that is inconsistent with its contents.  Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because the "motive" of Members "is irrelevant given the Select Committee's valid legislative purpose." *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 35-37.

25.     Defendants object under Rule 56(c)(2) that the material cited by Plaintiff to support the cited fact is not presented in a form that would be admissible in evidence because the cited news article is hearsay.  Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because the number of hearings held "is irrelevant given the Select Committee's valid legislative purpose." *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 35-37.

26.     Defendants object under Rule 56(c)(2) that the material cited by Plaintiff to support the cited fact is not presented in a form that would be admissible in evidence because the cited source is hearsay.  Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because it "is irrelevant given the Select Committee's valid legislative purpose." *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 35-37.

27.     Defendants object under Rule 56(c)(2) that certain material cited by Plaintiff to support the cited fact is not presented in a form that would be admissible in evidence because the cited news article is hearsay.  Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because it "is irrelevant given the Select Committee's valid legislative purpose." *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 35-37.

28.     Defendants do not dispute that Plaintiff selectively cites two press releases. Defendants state that the press releases speak for themselves, refers to them for their full and complete contents, and disputes any assertion Plaintiff makes that is inconsistent with their contents.  Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because it "is irrelevant given the Select Committee's valid legislative purpose." *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 35-37.

29.     Defendants object under Rule 56(c)(2) that the material cited by Plaintiff to support the cited fact is not presented in a form that would be admissible in evidence because the cited sources are hearsay. Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because it "is irrelevant given the Select Committee's valid legislative purpose." *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 35-37.

30.     Defendants object under Rule 56(c)(2) that the material cited by Plaintiff to support the cited fact is not presented in a form that would be admissible in evidence because the cited source is hearsay.  Defendants dispute that the Republican National Committee is a "political adversary" of the Select Committee.  Moreover, Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because it "is irrelevant given the Select Committee's valid legislative purpose." *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 35-37.

31.     Defendants object under Rule 56(c)(2) that the material cited by Plaintiff to support the cited fact is not presented in a form that would be admissible in evidence because the cited source is hearsay.  Defendants dispute that this language is relevant, much less material, to

Plaintiffs' cross-motion because it "is irrelevant given the Select Committee's valid legislative purpose." *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 35-37.

32.     Defendants do not dispute that Plaintiff selectively cites a press release. Defendants state that the press release speaks for itself, refers to it for its full and complete contents, and disputes any assertion Plaintiff makes that is inconsistent with its contents. Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because it "is irrelevant given the Select Committee's valid legislative purpose." *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 35-37.

33.     Defendants object under Rule 56(c)(2) that the material cited by Plaintiff to support the cited fact is not presented in a form that would be admissible in evidence because the cited sources are hearsay.  Defendants further note that former President Trump has had no communication with the Select Committee and has not made a formal assertion to the Select Committee, and that the indirect, non-specific assertion of privilege in the letter, without any description of the documents or testimony over which privilege is claimed, is insufficient to activate a claim of executive privilege.  *See generally United States v. Reynolds*, 345 U.S. 1, 7-8 (1953) (executive privilege "[c]an neither be claimed nor waived by a private party.  It is not to be lightly invoked.  There must be a formal claim of privilege, lodged by the head of the department which has control over the matter, after actual personal consideration by that officer.").

34.     Defendants object under Rule 56(c)(2) and 56(c)(4) that the material cited by Plaintiff is a declaration which is not based on personal knowledge, as the declarant states that the cited fact is "based on public reporting" and the underlying "public reporting" is not admissible in evidence because it is hearsay.  Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because it "is irrelevant given the Select Committee's valid legislative purpose." *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 35-37.

35.    Defendants object under Rule 56(c)(2) that the material cited by Plaintiff to support the cited fact is not presented in a form that would be admissible in evidence because the cited source is hearsay.  Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because it "is irrelevant given the Select Committee's valid legislative purpose." *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 35-37.

36.    Defendants do not dispute this assertion.

37.    Defendants do not dispute this assertion.

38.    Defendants do not dispute that Plaintiff selectively cites a letter.  Defendants state that the letter speaks for itself, refers to it for its full and complete contents, notes that the letter did not purport to provide an exhaustive list of legislative purposes, and disputes any assertion Plaintiff makes that is inconsistent with its contents.

39.    Defendants object under Rule 56(c)(2) that the material cited by Plaintiff to support the cited fact is not presented in a form that would be admissible in evidence because the cited sources are hearsay.  Defendants further object that this is not an accurate summary of the OLC opinions and that the opinions speak for themselves.  Defendants further note that numerous Presidents have allowed their senior staff, including their Chiefs of Staff, to testify before Congress.[1]  Defendants dispute that this language is relevant, much less material, to

---

[1] *See, e.g.,* U.S. Congress, Senate Committee on Expenditures in the Executive Departments, *Influence in Government Procurement*, hearings, 81st Cong., 1st sess. (Washington: GPO, 1949), pp. 495ff, 563ff (testimony of Harry Vaughn); U.S. Congress, House Committee on Interstate and Foreign Commerce, *Investigation of Regulatory Commissions and Agencies*, hearings, 85th Cong., 2nd sess. (Washington: GPO, 1958), p. 3712 ff (testimony of Sherman Adams); U.S. Congress, Senate Select Committee on Presidential Campaign Activities, *Presidential Campaign Activities of 1972*, hearings, 93rd Cong., 1st sess. (Washington: GPO, 1973), p. 75ff, 3899ff, 10193ff, 10539ff, 10877ff, 10849ff, 10998ff, 11053ff, (testimony of Bruce Kehrli, Patrick Buchanan, Richard Harden, Rose Mary Woods, J. Frederick Buzhardt, Alexander M. Haig, Jr., Leonard Garment); U.S. Congress, Senate Committee on the Judiciary, *Inquiry into the Matter of Billy Carter and Libya*, hearings, 96th Cong., 2nd sess. (Washington: GPO, 1981), p. 1195ff, 1339ff (testimony of Llyod Cutler & Zbigniew Brzezinski), U.S. Congress, Senate Committee on Governmental Affairs, *Investigation of Illegal or Improper Activities in Connection with the 1996 Federal Election Campaign*, hearings, 105th Cong., 1st sess. (Washington: GPO, 1998), p. 204ff (testimony of Samuel Berger); U.S. Congress, House Committee on Banking, Finance, and Urban Affairs, *White House Contacts with Treasury/RTC Officials About "Whitewater"-Related Matters*, part 1, hearing, 103rd Cong., 2nd sess. (Washington: GPO, 1994), p. 12ff, 104ff, 108ff, 103ff, 105ff, 100ff, 111ff, 109ff

Plaintiffs' cross-motion because the President has not asserted executive privilege over Mr.

Meadows' testimony.  *See* Amended Complaint Ex. L (ECF 13-14).

40.     Defendants object under Rule 56(c)(2) that the material cited by Plaintiff to

support the cited fact is not presented in a form that would be admissible in evidence because the

cited source is hearsay.  Defendants further note that former President Trump has had no

communication with the Select Committee and has not made a formal assertion to the Select

Committee, and that the indirect, non-specific assertion of privilege in the letter, without any

description of the documents or testimony over which privilege is claimed, is insufficient to

activate a claim of executive privilege.  *See generally United States v. Reynolds*, 345 U.S. 1, 7-8

(1953) (executive privilege "Can neither be claimed nor waived by a private party.  It is not to be

lightly invoked.  There must be a formal claim of privilege, lodged by the head of the department

which has control over the matter, after actual personal consideration by that officer.").

41.     Defendants object that this is a legal conclusion, and accordingly is not a proper

material fact under Rule 56(c).  Moreover, Defendants dispute that this language is relevant,

much less material, to Plaintiffs' cross-motion.

42.     Defendants object under Rule 56(c)(2) and 56(c)(4) that the material cited by

Plaintiff is a declaration which is not based on personal knowledge, as the declarant states that

the cited fact is "information, belief, and personal experience" and the underlying statement is

not admissible in evidence because it is improper opinion testimony.  Defendants further note

that, as a matter of law, duties of the Chief of Staff cannot include those duties prohibited by

federal law.

43.     Defendants object under Rule 56(c)(2) that the material cited by Plaintiff to

support the cited fact is not presented in a form that would be admissible in evidence because the

cited source is hearsay to the extent the declarant is referring to Counsel for Mr. Meadows other

than himself.  Defendants further object that declarant identifies a single conversation he

---

(testimony of Lloyd Cutler, Lisa Caputo, Neil Eggleston, Mark Gearan, Harold Ickes, Bruce
Lindsey, John Podesta, George Stephanopoulos, Margaret Williams).

participated in, not "multiple occasions." Defendants further note that former President Trump has had no communication with the Select Committee and has not made a formal assertion to the Select Committee, and that the indirect, non-specific assertion of privilege in the letter, without any description of the documents or testimony over which privilege is claimed, is insufficient to activate a claim of executive privilege. *See generally United States v. Reynolds*, 345 U.S. 1, 7-8 (1953) (executive privilege "Can neither be claimed nor waived by a private party. It is not to be lightly invoked. There must be a formal claim of privilege, lodged by the head of the department which has control over the matter, after actual personal consideration by that officer.").

44.    Defendants object under Rule 56(c)(2) that the material cited by Plaintiff to support the cited fact is not presented in a form that would be admissible in evidence because the cited source is hearsay. Defendants further note that former President Trump has had no communication with the Select Committee and has not made a formal assertion to the Select Committee, and that the indirect, non-specific assertion of privilege in the letter, without any description of the documents or testimony over which privilege is claimed, is insufficient to activate a claim of executive privilege. *See generally United States v. Reynolds*, 345 U.S. 1, 7-8 (1953) (executive privilege "Can neither be claimed nor waived by a private party. It is not to be lightly invoked. There must be a formal claim of privilege, lodged by the head of the department which has control over the matter, after actual personal consideration by that officer.").

45.    Defendants do not dispute that Plaintiff selectively quotes the Congressional Record. Defendants state that the Congressional Record speaks for itself, refers to it for its full and complete contents, and disputes any assertion Plaintiff makes that is inconsistent with its contents. Defendants further dispute that Mr. Meadows "invoked a privilege during his deposition," since he did not appear for his deposition. Moreover, Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because the Rulemaking Clause precludes "the Court telling the House what its own rules require." *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 29-33.

46.     Defendants object under Rule 56(c)(2) that the material cited by Plaintiff to support the cited fact is not presented in a form that would be admissible in evidence because many of the cited letters are hearsay.  Moreover, Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion; the back-and-forth is not relevant in light of Mr. Meadows' ultimate refusal to testify.

47.     Defendants do not dispute this assertion.

48.     Defendants do not dispute this assertion.

49.     Defendants object that the first sentence is not supported by any cited source and is improper under Rule 56(c).  With regard to the second sentence, Defendants do not dispute that Plaintiff selectively summarizes two interview transcripts.  Defendants state that the transcripts speaks for themselves, refers to them for their full and complete contents, and disputes any assertion Plaintiff makes that is inconsistent with their contents.  Moreover, Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion; the fact that other witnesses have testified is not relevant, Mr. Meadows' refusal to testify is.

50.     Defendants do not dispute that Plaintiff selectively quotes three letters. Defendants state that these letters speak for themselves, refers to them for their full and complete contents, and disputes any assertion Plaintiff makes that is inconsistent with their contents. Moreover, Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion; the negotiations over testimony are not relevant, Mr. Meadows' refusal to testify is.

51.     Defendants do not dispute that Plaintiff selectively quotes two letters.  Defendants state that these letters speak for themselves, refers to them for their full and complete contents, disputes that Plaintiff has accurately described the agreed upon conditions, and disputes any assertion Plaintiff makes that is inconsistent with their contents.  Moreover, Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion; the negotiations over testimony are not relevant, Mr. Meadows' refusal to testify is.

52.     Defendants do not dispute this assertion.

53.     Defendants object under Rule 56(c)(2) that the material cited by Plaintiff to support the cited fact is not presented in a form that would be admissible in evidence because the cited sources are hearsay.  Moreover, Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion; Mr. Meadows' qualifications on his production are not relevant to this litigation, his refusal to testify and his continued withholding of documents is.

54.     Defendants object under Rule 56(c)(2) that the material cited by Plaintiff to support the cited fact is not presented in a form that would be admissible in evidence because the cited source is hearsay.  Moreover, Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion.

55.     Defendants object under Rule 56(c)(2) that the material cited by Plaintiff to support the cited fact is not presented in a form that would be admissible in evidence because the cited sources are hearsay.  Moreover, Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion; Mr. Meadows' qualifications on his production are not relevant to this litigation, his refusal to testify and his continued withholding of documents is.

56.     Defendants object under Rule 56(c)(2) that the material cited by Plaintiff to support the cited fact is not presented in a form that would be admissible in evidence because the cited source is hearsay.  Moreover, Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion; the timing when Mr. Meadows learned of the subpoena is not relevant to this litigation, his refusal to testify is.

57.     Defendants do not dispute that Plaintiff selectively quotes a subpoena. Defendants state that the subpoena speaks for itself, refers to it for its full and complete contents, disputes that the subpoena sought the content of Plaintiffs' communications, and disputes any assertion Plaintiff makes that is inconsistent with its contents.

58.     Defendants do not dispute that Mr. Meadows declined to appear for deposition after informing the Committee that he would.  Defendants object to the other statements under Rule 56(c)(2) that the material cited by Plaintiff to support the cited fact is not presented in a form that would be admissible in evidence because the cited source is hearsay.  Moreover,

Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion; Mr. Meadows' thought process is not relevant to this litigation, his refusal to testify is.

59.     Defendants do not dispute this assertion.

60.     Defendants do not dispute that Plaintiff selectively quotes from the record of the floor debate of the contempt proceeding, which was necessitated by Plaintiffs' refusal to appear. Defendants state that the record of floor debate speaks for itself, refers to it for its full and complete contents, and disputes any assertion Plaintiff makes that is inconsistent with its contents.  Moreover, Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because Mr. Meadows had already decided not to testify before the statement was made. *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 35-37.

61.     Defendants do not dispute that Plaintiff selectively quotes from the record of the floor debate of the contempt proceeding, which was necessitated by Plaintiffs' refusal to appear. Defendants state that the record of floor debate speaks for itself, refers to it for its full and complete contents, and disputes any assertion Plaintiff makes that is inconsistent with its contents.

62.     Defendants do not dispute that Plaintiff selectively quotes from the record of the floor debate of the contempt proceeding, which was necessitated by Plaintiffs' refusal to appear. Defendants state that the record of floor debate speaks for itself, refers to it for its full and complete contents, and disputes any assertion Plaintiff makes that is inconsistent with its contents.

63.     Defendants object under Rule 56(c)(2) that the material cited by Plaintiff to support the cited fact is not presented in a form that would be admissible in evidence because the cited sources are hearsay.  Moreover, Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion.

64.     Defendants object under Rule 56(c)(2) that the material cited by Plaintiff to support the cited fact is not presented in a form that would be admissible in evidence because the

cited source is hearsay.  Moreover, Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion.

65.     Defendants object under 56(c)(4) that the material cited by Plaintiff is a declaration which is not based on personal knowledge, as the declarant states that the cited fact is only "to the best of my knowledge and belief." Moreover, Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion.

66.     Defendants do not dispute that Plaintiff selectively quotes a House Rule. Defendants state that the Rule speaks for itself, refers to it for its full and complete contents, and disputes any assertion Plaintiff makes that is inconsistent with its contents. Moreover, Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion because the Rulemaking Clause precludes "the Court telling the House what its own rules require."  *See generally RNC v. Pelosi*, 1:22-cv-659-TJK ECF 33 at 29-33.

67.     Defendants object under Rule 56(c)(2) that the material cited by Plaintiff to support the cited fact is not presented in a form that would be admissible in evidence because the cited news article is hearsay.  Moreover, Defendants dispute that this language is relevant, much less material, to Plaintiffs' cross-motion.

Respectfully submitted,

/s/  *Douglas N. Letter*
Douglas N. Letter
OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C.  20515
(202) 225-9700
Douglas.Letter@mail.house.gov

-and-

SHER TREMONTE LLP
Justin M. Sher
Michael Tremonte[*]
Noam Biale
Maya Brodziak[*]
Kathryn E. Ghotbi[*]
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2600
JSher@shertremonte.com
MTremonte@shertremonte.com
NBiale@shertremonte.com
MBrodziak@shertremonte.com
KGhotbi@shertremonte.com

-and-

ARNOLD & PORTER KAYE SCHOLER LLP
John A. Freedman
Paul Fishman
Amy Jeffress
601 Massachusetts Ave, NW
Washington,  D.C. 20001
(202) 942-5000
John.Freedman@arnoldporter.com
Paul.Fishman@arnoldporter.com
Amy.Jeffress@arnoldporter.com

* Appearing pursuant to 2 U.S.C. § 5571(a).

Dated: May 27, 2022