IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK MEADOWS,<br><br>  Plaintiff,<br><br>v.<br><br>NANCY PELOSI, et al.,<br><br>  Defendants.<br><br>CABLE NEWS NETWORK, INC., et al.,<br><br>  Proposed Intervenors. | Case No. 21-cv-3217-CJN |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
THE PRESS COALITION'S MOTION TO INTERVENE**

The Press Coalition respectfully submits this reply memorandum in further support of its motion to intervene ("Mot.") for the limited purpose of seeking access to certain records that have been filed under seal in this matter.[1] Defendants take no position on intervention, *see* Defs.' Resp. at 1, Dkt. 34, but Plaintiff objects on two grounds that ignore the law of this Circuit.

**First**, Plaintiff asserts that press intervention is improper under Rule 24(b) of the Federal Rules of Civil Procedure. *See* Pl.'s Opposition ("Opp.") at 4-5, Dkt. 31. That disregards the D.C. Circuit's unambiguous holding that "[p]ursuant to [Rule] 24(b) and the common-law right of access, third parties may intervene in cases for the limited purpose of seeking access to

---

[1] The Court has instructed the parties to address only "the Press Coalition's Motion to Intervene (not the Motion to Unseal)," May 16, 2022 Minute Order. The Press Coalition therefore in this reply memorandum only addresses arguments concerning its motion to intervene. Plaintiff, however, strayed well outside those bounds in arguing about the "privacy interests" of persons identified in one of the sealed records – an issue that plainly goes to the merits of unsealing under the *Hubbard* test, not the propriety of intervening as a threshold matter. The Press Coalition reserves the right to reply on the merits of unsealing at such time as the Court instructs.

1

materials that have been shielded from public view either by seal or by a protective order." *League of Women Voters v. Newby*, 963 F.3d 130, 132 (D.C. Cir. 2020) (internal marks omitted).

**Second**, Plaintiff asserts that intervention for the purpose of seeking to unseal four records – an exhibit to Defendants' motion for summary judgment (Dkt. 24), a motion to seal that exhibit (Dkt. 16), a declaration in support of the motion to seal (Dkt. 16-1), and an order granting the motion to seal (Dkt. 21) – is improper because one of those documents (the exhibit) is, Plaintiff claims, not a *judicial* record. Opp. at 5-7. That ignores the D.C. Circuit's holding that records such as exhibits to motions for summary judgment are judicial records where, as here, they "were filed before the district court's decision and were intended to influence it." *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 668 (D.C. Cir. 2017).

Because the controlling case law in this Circuit provides that the press may intervene to seek access to court records in precisely the circumstances presented here, the Court should reject Plaintiff's objections and promptly grant the Press Coalition's motion to intervene.

## I. The Press Coalition's Motion To Intervene Satisfies Rule 24(b).

Plaintiff's first argument against intervention – that the Court should interpret Rule 24(b) to bar access-seeking intervenors such as the Press Coalition because they lack "commonality" with the parties – ignores the controlling precedent on that exact issue. In its recent decision in *League of Women Voters*, the D.C. Circuit begins its opinion with the following unambiguous statement of the law: "Pursuant to Federal Rule of Civil Procedure 24(b) and the common-law right of access, third parties may intervene in cases for the 'limited purpose of seeking access to materials that have been shielded from public view either by seal or by a protective order.'" 963 F.3d at 132 (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998)); *see also* Mot. at 4-5 (citing similar authority). Given the settled answer to that question, it is no

surprise that *none* of "the many cases in which courts have denied motions to intervene for lack of commonality" that Plaintiff cites in his Opposition involved a motion to intervene for the purpose of seeking access to court materials. *See* Pl.'s Opp. at 4-5. Rule 24(b) thus poses no obstacle to the Press Coalition's intervention.

## II. The Sealed Filings Are Judicial Records.

Although the Coalition has moved to intervene and unseal several documents filed in this case, Plaintiff's objection concerns only one of those documents: an exhibit that Defendants submitted with their pending motion for summary judgment (the "Sealed Exhibit"). Plaintiff asserts that the Sealed Exhibit consists of privilege logs that he "submitted in a different forum for purposes other than litigation" and that include "the names and e-mail addresses for dozens of individuals." Opp. at 2. Plaintiff further argues the Press Coalition cannot intervene because this Sealed Exhibit is not actually a judicial record, as (1) the Court "has not yet rendered a decision on summary judgment" and (2) "it appears likely to have been inserted into the case in bad faith." *Id*. These arguments are equally meritless.

In *MetLife,* the D.C. Circuit explained that documents are judicial records so long as they "were filed before the district court's decision and were intended to influence it." 865 F.3d at 668. The question is therefore not, as Plaintiff suggests, whether a court has in fact relied on the record. *Id*. at 668; *League of Women Voters*, 963 F.3d at 136 (holding that "every part of every brief filed to influence a judicial decision qualifies as a 'judicial record'"). This Sealed Exhibit satisfies both elements of the *MetLife* standard: Defendants submitted the Sealed Exhibit with their motion for summary judgment, and it was intended to influence the Court's decision on that motion. Specifically, Defendants argue that Plaintiff "acted in his non-governmental capacity with regard to numerous postelection campaign efforts" and therefore the Select Committee is

3

entitled to obtain information from Plaintiff and his mobile phone provider in the subpoenas directed to them. *See* Mot. for Summary Judgment at 10, Dkt. 15. Defendants have submitted the Sealed Exhibit – Plaintiff's privilege logs – as evidence of Plaintiff's "unofficial role in the Trump campaign" and have averred that the logs "include separate claims of attorney-client privilege and work product protection for hundreds of communications with lawyers acting for the campaign or with other Trump campaign staff." *See id.* at 11 (citing the Sealed Exhibit). Under *MetLife*, that is more than enough for the Sealed Exhibit to constitute a judicial record.

Plaintiff's allegation that Defendants filed the Sealed Exhibit in "bad faith" fails for precisely the same reason. Indeed, Defendants recently explained in detail why the Sealed Exhibit is relevant to their summary judgment motion:

> [I]t bears emphasis that Mr. Meadows has not identified genuine or material disputes with regard to any of these points, as he is required to under Rule 7(h)(1). To give an example, Mr. Meadows contends that [Statement of Material Fact] ¶ 18, which states that Mr. Meadows' privilege logs includes communications "with people reported to be members of the Trump campaign legal team or other Trump campaign staff" is not "supported by the cited documents." ECF 29-3 ¶ 18. But the cited privilege log, which was submitted as ECF 15-6, plainly contains communications between Mr. Meadows and well known senior members of the Trump campaign team (including Bill Stepien, Justin Clark, and Boris Epshteyn) and campaign counsel (Rudy Guiliani, Sidney Powell, Jenna Ellis); this is not a material dispute.

Defs.' Reply Mem. in Further Supp. of Mot. for Summ. J. at 4-5, Dkt. 35. The Sealed Exhibit therefore bears on Defendants' pending motion for summary judgment, and Plaintiff offers no support for his conclusory assertion that Defendants filed the Sealed Exhibit in bad faith.

## CONCLUSION

For the foregoing reasons, the Press Coalition respectfully requests that the Court grant its motion to intervene in this matter and promptly turn to the merits of its access motion.

4

|  |  |
|---|---|
| Dated: June 3, 2022 | Respectfully submitted, |
|  | BALLARD SPAHR LLP |
|  | /s/ *Charles D. Tobin* |
|  | Charles D. Tobin (#455593) |
|  | Maxwell S. Mishkin (#1031356) |
|  | Lauren Russell (#1697195) |
|  | 1909 K Street, NW, 12th Floor |
|  | Washington, DC 20006 |
|  | Tel: (202) 661-2200 |
|  | Fax: (202) 661-2299 |
|  | tobinc@ballardspahr.com |
|  | mishkinm@ballardspahr.com |
|  | russelll@ballardspahr.com |
|  | *Counsel for the Press Coalition* |