IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK MEADOWS, | ) |
| *Plaintiff*, | ) |
| v. | ) Case No. 1:21CV3217 (CJN) |
| NANCY PELOSI, et al., | ) |
| *Defendants*. | ) |

## PLAINTIFF'S RESPONSE TO CONGRESSIONAL DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING SPEECH OR DEBATE IMMUNITY

The Congressional Defendants confirm that "a Member or Congressional entity must actually assert or otherwise invoke Speech or Debate immunity for it to be effective," and that here "the Clause has not been asserted against any of Meadows's claims." ECF No. 40 (Supplemental Brief of Congressional Defendants ("Supp. Br.")) at 5. The parties agree on that much, which suffices for the Court to resolve the motions pending before it. The Speech or Debate Clause does not provide any reason for the Court to deny Mr. Meadows's motion for judgment on the pleadings (or, in the alternative, for summary judgment), *see* ECF No. 29, or to grant the Congressional Defendants' motion for summary judgment, *see* ECF No. 15, since the Congressional Defendants have not asserted it as a defense.[1]

The broader question of waiver is beside the point, at least for now. The Congressional Defendants opine about the origins of Speech or Debate immunity, *see* Supp. Br. 1–4, and assert the "position of the House of Representatives and of the Congressional Defendants" that it "cannot be, and has not been, waived," *id.* at 4. Mr. Meadows disagrees with that position. As the

---

[1] Mr. Meadows has opposed the Congressional Defendants' motion for summary judgment both under Rule 56(d) as procedurally premature, see ECF No. 20, and on the merits, see ECF No. 29.

Congressional Defendants acknowledge, the Supreme Court has previously assumed (without deciding) that Speech or Debate immunity **can** be waived. *See* Supp. Br. 4 (citing *United States v. Helstoski*, 442 U.S. 477, 490 (1979)). But at this stage of the litigation, those issues—whether Speech or Debate immunity can be waived, and if so, whether the Congressional Defendants have in fact waived it here—are merely academic since both sides agree that Speech or Debate immunity is not currently at issue. The Court therefore need not, and indeed should not, opine on the hypothetical question of waiver. *See, e.g.*, *Nat'l Env't Dev. Assoc.'s Clean Air Project v. E.P.A.*, 752 F.3d 999, 1007 (D.C. Cir. 2014) (noting the Article III prohibition on "issuing advisory opinions").[2] The Court can wait to address that question if and when the Congressional Defendants attempt to invoke Speech or Debate immunity in this litigation.

      Mr. Meadows also agrees that the Court should not take up the issue *sua sponte*. *Cf.* Supp. Br. 5 ("[B]ecause the Clause has not been asserted against any of Meadows's claims, this Court cannot consider the privilege."). When federal courts have applied Speech or Debate immunity, the privilege holder has affirmatively invoked its protections. *See, e.g.*, *United States v. Helstoski*, 442 U.S. 477, 482 (1979); *United States v. Brewster*, 408 U.S. 501, 503 (1972); *Gravel v. United States*, 408 U.S. 606, 608 (1972); United *States v. Johnson*, 383 U.S. 169, 171 (1966). Neither the Congressional Defendants nor Mr. Meadows has identified any case where the privilege holder failed to invoke the immunity but a court nevertheless applied it *sua sponte*. Here, the Congressional Defendants have not only failed to assert Speech or Debate immunity; they expressly disclaim reliance on it. *See* Supp. Br. 9. A central purpose of Speech or Debate

---

[2] Indeed, the waiver issue is presently speculative not only because the Congressional Defendants have not asserted Speech or Debate immunity but also because the Court might determine that it would not apply in any event given the Separation of Powers issues presented here. *See United States v. Am. Tel. & Tel. Co.*, 551 F.2d 384, 391 (D.C. Cir. 1976) ("It may be, however, that the *Eastland* immunity is not absolute in the context of a conflicting constitutional interest asserted by a coordinate branch of the government.").

immunity is to promote legislative independence from the other branches of our Federal Government, including the Judiciary, *see Eastland v. U. S. Servicemen's Fund*, 421 U.S. 491, 502 (1975); *Brewster*, 408 U.S. at 507; it would disserve that purpose to apply immunity *sua sponte*.[3]

Finally, the prospect that the Congressional Defendants might assert a Speech or Debate objection to discovery requests that Mr. Meadows has not yet served, *see* Supp. Br. 8 (claiming that failure to raise Speech or Debate immunity "does not preclude any of the Congressional Defendants from invoking the Clause's protections regarding other aspects of the litigation, such as regarding any potential discovery requests"), is another hypothetical that the Court need not, and should not, address at this time. The Court may not need to reach those issues because Mr. Meadows has presented grounds for judgment in his favor that do not require fact discovery. *See* ECF No. 29. But as Mr. Meadows has also explained, *see* ECF No. 20-1, at 9–13, the issues that the Congressional Defendants have raised in *their* motion for summary judgment are procedurally premature (and in any event, fail on the merits, *see* ECF No. 29). Under Rule 56(d), Mr. Meadows has "(1) "outline[d] the particular facts [he] intends to discover and describe why those facts are necessary to the litigation"; (2) explain[ed] why the party could not produce those facts in opposition to the pending summary-judgment motion; and (3) "show[n] [that] the information is in fact discoverable." *Jeffries v. Barr*, 965 F.3d 843, 855 (D.C. Cir. 2020). He would therefore be entitled to discovery before the Court could consider granting summary judgment in favor of the Congressional Defendants.

---

[3] Of course, if Speech or Debate immunity were a matter of the Court's Article III power over the subject matter of or the parties to this case, the Court would have an independent obligation to satisfy itself of its jurisdiction. *See Kaplan v. Cent. Bank of the Islamic Republic of Iran*, 896 F.3d 501, 510 (D.C. Cir. 2018) (citing *Sinochem International Co. v. Malaysia International Shipping Corp.*, 549 U.S. 422 (2007)). But as the Congressional Defendants note, the federal courts have often exercised jurisdiction in disputes over congressional subpoenas where Speech or Debate immunity was not affirmatively invoked.

The Speech or Debate Clause does not change this analysis. *If* the Court does not grant judgment in favor of Mr. Meadows on the present papers, and *if* Mr. Meadows then serves discovery requests on one or more of the Congressional Defendants,[4] the requested parties could raise any and all available objections. As the Congressional Defendants acknowledge, one option would be compliance. *See* Supp. Br. 7–8 ("Members, House Officers, and Congressional committees have voluntarily produced legislative documents in response to litigation requests and occasionally have agreed to testify—or allow staff to testify—regarding legislative acts in criminal and civil judicial proceedings."). And whatever constitutional objections they might be able to raise at that time, they do not have any pending discovery objections now, constitutional or otherwise. As with the broader question of waiver, there is no basis for the Court to opine on Speech or Debate objections without a "concrete dispute upon which to rule." *Pueschel v. Nat'l Air Traffic Controllers' Ass'n*, 606 F. Supp. 2d 82, 86 (D.D.C. 2009).

## CONCLUSION

The parties agree (1) that Speech or Debate immunity applies only when affirmatively invoked, and (2) that the Congressional Defendants have not invoked that immunity here. That is enough to confirm that the Speech or Debate Clause is irrelevant to the issues currently pending before the Court. Other issues—such as whether the Congressional Defendants could assert Speech or Debate immunity later, or assert it as a basis for objections to discovery—are not presently ripe, and the Court therefore has no occasion to opine on them at this time.

---

[4] Of course, Mr. Meadows could pursue discovery in support of his claims without necessarily needing to serve discovery on any particular Congressional Defendant (or even any Congressional Defendant at all).

Dated: August 5, 2022                                        Respectfully submitted,

                                                             MARK MEADOWS
                                                             *By Counsel*

                                                             /s/ George J. Terwilliger III
                                                             George J. Terwilliger III
                                                             MCGUIREWOODS LLP
                                                             888 16th Street NW, Suite 500
                                                             Washington, DC 20006
                                                             Phone: (202) 857-1700
                                                             Fax: (202) 857-1737
                                                             gterwilliger@mcguirewoods.com

                                                             Brooks H. Spears
                                                             MCGUIREWOODS LLP
                                                             1750 Tysons Boulevard, Suite 1800
                                                             Tysons, VA 22102
                                                             Phone: (703) 712-5000
                                                             Fax: (703) 712-5050
                                                             bspears@mcguirewoods.com

## CERTIFICATE OF SERVICE

    I certify that, on August 5, 2022, a copy of the foregoing was filed on the Court's CM/ECF system, which will send notification to all counsel of record.

/s/ George J. Terwilliger III