IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK MEADOWS, | ) |
|             *Plaintiff*, | ) |
| v. | ) Case No. 1:21CV3217 (CJN) |
| NANCY PELOSI, et al., | ) |
|             *Defendants*. | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION AND STAY**

Plaintiff Mark Meadows, by and through his undersigned counsel, respectfully requests that the Court (1) reconsider its October 31, 2022 Order and Memorandum Opinion, which *sua sponte* dismissed Plaintiff's entire complaint for lack of subject-matter jurisdiction; and (2) temporarily stay the effectiveness of its judgment or otherwise enjoin Defendants from taking steps to moot Plaintiff's claims pending reconsideration (and a possible appeal, if one should be taken). Plaintiff respectfully submits that the Court erred by invoking the Congressional Defendants' Speech or Debate immunity over their objection and by dismissing the entire complaint for lack of subject matter jurisdiction. He seeks reconsideration and a temporary stay at this early juncture because, in the immediate aftermath of the Court's order, the Congressional Defendants have already begun efforts to enforce the subpoenas. *See* Moran Decl. at 1–2. If successful, those efforts would moot some or all of Mr. Meadows's claims before he could exercise his right to seek reconsideration and, if necessary and appropriate, to pursue any appeal.

In order to comply with Local Civil Rule 7(a), Mr. Meadows includes this brief memorandum of law together with his motion to address the basis for a temporary stay and to

indicate the grounds for reconsideration. While a party ordinarily has 28 days to file a motion to amend or alter the judgment under Rule 59(e), the Congressional Defendants' recent actions have forced Mr. Meadows to seek temporary relief from this Court more swiftly. With the Court's leave, Mr. Meadows would propose to submit a supplemental memorandum more fully addressing the grounds for reconsideration on or before November 18, 2022.[1]

As this Court has acknowledged, its ruling on summary judgment is contrary to the positions taken by both parties in this litigation. While Mr. Meadows did previously submit a short supplemental brief on Speech or Debate Immunity, *see* ECF No. 45, he did so in responding to a filing from the Congressional Defendants that fully disavowed its application at the present stage of litigation. The Court's October 31, 2022 ruling represents the first time in this litigation that the legal position on the applicability of Speech or Debate immunity has been fully articulated.

The Court's June 23 Minute Order requested briefing on "(1) whether Speech or Debate Clause immunity is applicable to all of Plaintiff's claims; (2) whether and to what extent Defendants affirmatively waive any Speech or Debate Clause immunity as to any of Plaintiff's claims; and, if so, (3) whether and to what extent it is possible to waive Speech or Debate Clause immunity." *See* Minute Order, June 23, 2022. The parties provided briefing on the issues identified therein, *see* ECF Nos. 40, 45, but, as the Court's opinion points out, did not address the jurisdictional nature of Speech or Debate immunity. *See* ECF No. 49 at 13; *see generally* ECF Nos. 40, 45. Until oral argument on September 7, the Court did not address whether Speech or Debate immunity was jurisdictional or whether the Court could *sua sponte* dismiss the action. Thus, Mr. Meadows has not had occasion to fully brief the issue upon which the Court's October

---

[1] That proposed date shortens the interval in which Mr. Meadows would otherwise be afforded to file for reconsideration under Federal Rule of Civil Procedure 59(e), which period would extend to November 28, 2022.

2

31, 2022, opinion turns. At oral argument, the Congressional Defendants—who the immunity is meant to protect—argued that Speech or Debate immunity is *not* an issue the Court can raise *sua sponte*. *See* Tr. Oral Arg. 13. Mr. Meadows agrees. Mr. Meadows thus requests an opportunity to file supplemental briefing (and would welcome the Congressional Defendants' doing the same) that would allow the Court to reconsider its opinion in light of the parties' positions and any authorities they may bring to bear.

First, Mr. Meadows respectfully submits that—even if Speech or Debate immunity is a matter of the Court's subject-matter jurisdiction which the Court may (indeed, must) raise on its own—that doctrine would not bar, at a minimum, Mr. Meadows's invocation of "the declaratory judgment procedure" as a would-be defendant "to obtain advanced rulings on matters that would be addressed in a future case of actual controversy" and could "finally and conclusively resolve th[at] underlying controversy." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 n.7 (2007) (internal quotations and emphasis omitted).[2] As this Court acknowledged, Speech or Debate immunity does not strip federal courts of subject-matter jurisdiction to review Article III controversies in which a congressional committee seeks to enforce a subpoena against a target. *See* ECF No. 49 at 13–14 (citing *United States v. AT&T Co. (AT&T II)*, 567 F.2d 121, 129 (D.C. Cir. 1977); *United States v. AT&T Co. (AT&T I)*, 551 F.2d 384, 391 (D.C. Cir. 1976)). And that is precisely the posture of the underlying controversy here. Unlike in *Judicial Watch, Inc. v. Schiff*, 474 F. Supp. 3d 305 (D.D.C. 2020), *aff'd*, 998 F.3d 989 (D.C. Cir. 2021), for instance, Mr. Meadows is not going on the offense to coerce some action out of Congress. Rather, he has come

---

[2] The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added).

to the Court as a would-be defendant seeking a declaration of his rights and obligations as an alternative to merely defying the subpoena. *See MedImmune*, 549 U.S. at 129 (citing *Steffel v. Thompson*, 415 U.S. 452, 480 (1974) (Rehnquist, J., concurring)). The Supreme Court has made clear that, "where threatened action by government is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat." *Id.* at 128–29; *see also id.* at 129 ("[P]utting the challenger to the choice between abandoning his rights or risking prosecution—is 'a dilemma that it was the very purpose of the Declaratory Judgment Act to ameliorate.'") (quoting *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 152 (1967)).

Mr. Meadows does not seek to hold any member of the Congress liable or require any Member to do or not do anything, but instead he seeks to have *his* legal rights and obligations under the congressional subpoenas considered and declared by the Court. And he does so in the context of an underlying controversy over which the federal courts indisputably have subject-matter jurisdiction under *AT&T I* and *AT&T II*. *See United States v. Am. Tel. & Tel. Co.*, 551 F.2d 384, 391 (D.C. Cir. 1976); *United States v. Am. Tel. & Tel. Co.*, 567 F.2d 121, 128 (D.C. Cir. 1977). Thus, at a minimum, his requests for declaratory relief on testimonial immunity, valid legislative purpose, and committee composition—each of which is an issue that could "finally and conclusively resolve the underlying controversy" if Mr. Meadows prevails, *MedImmune*, 549 U.S. at 127 n.7 (emphasis omitted)—do not intrude on Speech or Debate immunity, and the Members named in this suit have never asserted to the contrary.[3]

Second, Mr. Meadows respectfully submits that the Court erred in concluding that the Speech or Debate Clause deprives this Court of subject-matter jurisdiction *even when the*

---

[3] To the extent Mr. Meadows's claims might call for injunctive relief that would be shielded by the Clause, the Court could forego such relief yet still reach resolution of Mr. Meadows claims for declaratory relief.

4

*Congressional Defendants have not asserted it*. As the Court notes, the Supreme Court and the D.C. Circuit have sometimes referred to Speech or Debate immunity as jurisdictional. But as the Court further notes, "[s]tanding alone, the 'jurisdictional' label does not carry a straight forward meaning." ECF No. 49 at 10. The Court's ultimate conclusion—that the Speech or Debate Clause deprives (or at least can deprive) the Court of subject-matter jurisdiction, even when the party Members have not asserted it—is inconsistent with the text and history of the Clause and its purposes, ignores the countervailing constitutional considerations at play in this litigation, and is not required by the precedents of the U.S. Supreme Court or the D.C. Circuit.

The history and purpose of the Speech or Debate Clause clearly establish that it is a defense available to legislators, not a limit on the subject-matter jurisdiction of Article III courts. The Court's *sua sponte* invocation and application of the immunity also runs directly contrary to the Clause's purpose, which is to *prevent* the courts from interfering with the prerogatives of Congress.[4] *See United States v. Johnson*, 383 U.S. 169, 181 (1966) ("It was not only fear of the executive that caused concern in Parliament but of the judiciary as well, for the judges were often lackeys of the Stuart monarchs."); *United States v. Brewster*, 408 U.S. 501, 508 (1972) ("Our task, therefore, is to apply the Clause in such a way as to insure the independence of the legislature without altering the historic balance of the three co-equal branches of Government."). Here, the Court has effectively substituted its own judgment of the best interests of members of Congress over their own.

---

[4] It is Mr. Meadows's position that the subpoenas do not represent legitimate legislative activities. But this Court concluded that the subpoenas are "protected legislative acts," ECF No. 49 at 20, in spite of the fact that the parties did not brief this issue because the Congressional Defendants did not invoke Speech or Debate immunity.

The only conceivable harm to Congress from Mr. Meadows's action is the "burden of defending" itself, *Powell v. McCormack*, 395 U.S. 486, 503 (1969), but that is a burden that Congress has clearly stated it *wants to bear* in this case. *See* ECF No. 40 at 8 ("Here, the Congressional Defendants have opted not to assert Speech or Debate immunity as a legal defense to any part of Meadows's complaint."). Despite the fact that Mr. Meadows seeks only declaratory relief and despite the Congressional Defendants' statement that they do not consider defending this action to be a burden on their duties justifying dismissal, the Court wrested control of the immunity from Defendants and invoked it *sua sponte*.

The Speech or Debate Clause should also not be construed in a way that infringes on the prerogatives of the Executive by barring the courthouse doors to an aide to a former President who presents an otherwise cognizable claim that the Constitution immunizes him from being compelled to appear before Congress to give testimony and to divulge therein matters subject to claims of Executive Privilege. And if the Federal Judiciary were going to bolster Congressional prerogatives this way at the expense of the Executive, one would expect it in a case where Congress has actually advocated for the privilege. As noted above, there is no question that Article III courts have subject-matter jurisdiction to adjudicate the underlying controversy here. In that posture, it is firmly established that courts should—indeed, must—exercise their jurisdiction, not *sua sponte* close the courthouse door. *See Bridges v. Kelly*, 84 F.3d 470, 475 (D.C. Cir. 1996) ("[B]ecause of 'the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them,' the appropriateness of refraining 'from the exercise of federal jurisdiction is the exception, not the rule.'") (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

\*   \*   \*   \*   \*

To facilitate reconsideration proceedings, Mr. Meadows also moves the Court to stay its judgment and issue an administrative injunction against enforcement of the subpoenas pending the Court's ruling on the motion for reconsideration. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). A stay or injunction is warranted in this case to allow Mr. Meadows to maintain the *status quo* while seeking timely relief of the Court's decision. The Congressional Defendants have made clear their intention to seek compliance with the subpoenas, a course of action which would, if successful, moot some or all of Mr. Meadows's claims before the natural end of this litigation. This Court has entered an administrative injunction in similar circumstances to allow Plaintiffs to seek relief without the threat of impending mootness. *See Republican Nat'l Comm. v. Pelosi*, No. CV 22-659 (TJK), 2022 WL 1294509, at *25 (D.D.C. May 1, 2022), *vacated on other grounds,* No. 22-5123, 2022 WL 4349778 (D.C. Cir. Sept. 16, 2022) (granting an administrative injunction "to preserve the availability of meaningful judicial review" where a third party's compliance with subpoena could moot the case).

The legal issues presented by this case are, as the Court has acknowledged, unique. *See* ECF No. 49 at 9. A stay or injunction is warranted here to preserve the status quo and allow the Court to fully consider the legal issues presented by the novel circumstances of this case without interference. In the interest of justice and full consideration of the parties' legal positions in this case, this Court should stay its judgment or otherwise enjoin enforcement of the subpoenas pending reconsideration.

In the alternative, if the Court denies this motion and forecloses Plaintiff's opportunity to be heard further in this Court, Plaintiff intends to lodge a timely appeal and respectfully asks this Court to stay its order of dismissal while the appeal is adjudicated.

Dated: November 2, 2022

Respectfully submitted,
MARK MEADOWS
*By Counsel*

/s/ George J. Terwilliger III
George J. Terwilliger III
John Moran
MCGUIREWOODS LLP
888 16th Street NW, Suite 500
Washington, DC 20006
Phone: (202) 857-1700
Fax: (202) 857-1737
gterwilliger@mcguirewoods.com

Brooks H. Spears
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons, VA 22102
Phone: (703) 712-5000
Fax: (703) 712-5050
bspears@mcguirewoods.com

## CERTIFICATE OF SERVICE

I certify that, on November 2, 2022, a copy of the foregoing was filed on the Court's CM/ECF system, which will send notification to all counsel of record.

/s/ George J. Terwilliger III