UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK MEADOWS,<br><br>        *Plaintiff*,<br><br>  v.<br><br>NANCY PELOSI, et al.,<br><br>        *Defendants*. | Civil Action No. 1:21-cv-03217 (CJN) |

### ORDER ON MOTION FOR STAY PENDING RECONSIDERATION

On October 31, 2022, this Court issued a Memorandum Opinion and Order dismissing Plaintiff Mark Meadows's claims for lack of subject-matter jurisdiction. *See* Mem. Op., ECF No. 49; Order, ECF No. 50. On November 2, 2022, Meadows moved for reconsideration of that decision; he also moved for a temporary stay of the judgment while the Court considers the request for reconsideration. *See* Pl.'s Mot., ECF No. 51. The Court now declines to issue a stay pending reconsideration.

A stay operates by "temporarily suspending the source of authority to act—the order or judgment in question—not by directing an actor's conduct." *Nken v. Holder*, 556 U.S. 418, 428–29 (2009). In other words, it "simply suspends judicial alteration of the status quo." *Id.* at 429 (quotation and brackets omitted).

Here, however, there is nothing to stay in order to maintain the status quo. Because the Congressional Defendants (for whatever reason) did not pursue affirmative claims against Meadows, the Court's dismissal of Meadows's claims does not obligate him to take any action. And because Meadows never sought (and thus the Court never granted) preliminary injunctive relief against the Congressional Defendants, the dismissal of his claims does not allow those

1

Defendants to take any action that they were prevented from taking by Court order. As for Verizon, it has never been a party to this litigation, and thus the Court has never ordered Verizon to take or refrain from taking any action. (Indeed, no party has ever sought any relief against Verizon.) In sum, the Court's dismissal of this action for lack of subject-matter jurisdiction does not alter the status quo between the parties, as it existed either at the time this suit was commenced or during its entire pendency. *See McCammon v. United States*, 584 F. Supp. 2d 193, 196 (D.D.C. 2008) (explaining that a stay was unwarranted where the court ordered the dismissal of a petition to quash a subpoena for lack of subject-matter jurisdiction without ruling on the merits or ordering the subpoena's enforcement).

For these reasons, Meadows cannot satisfy the traditional stay standard, which includes four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 425–26 (quotation omitted). The first and second factors are "the most critical," *id.* at 434, and Meadows has not shown that a stay will provide him any meaningful relief. *See id.* at 434–35 (requiring more than "some possibility" as to the second factor (quotation omitted)). A stay of the judgment is therefore unwarranted.[1]

---

[1] In his initial motion for reconsideration, Meadows also stated that he was seeking "an administrative injunction preventing enforcement of the subpoenas while the Court considers Mr. Meadows's request for reconsideration." Pl.'s Mot. at 1; *see* Pl.'s Mem. at 7, ECF No. 51-1. The Congressional Defendants responded that an injunction would conflict with the Court's jurisdictional ruling and would otherwise "violate the separation of powers." Defs.' Opp'n at 8, ECF No. 52 (citing *Hearst v. Black*, 87 F.2d 68, 71 (D.C. Cir. 1936)). In his reply brief, Meadows did not respond to those arguments or repeat any request for an injunction (rather than a stay). *See* Pl.'s Reply, ECF No. 53. He therefore abandoned any objection to the arguments, if not his entire request for injunctive relief. *See Wimbish v. D.C.*, 381 F. Supp. 3d 22, 35 n.9 (D.D.C. 2019) (stating that a party conceded an argument by not responding to it in a reply brief).

\*   \*   \*

Meadows's request for a stay pending reconsideration is **DENIED**. The Court will issue a decision on the pending motion for reconsideration in due course.

DATE: November 17, 2022

CARL J. NICHOLS
United States District Judge