UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK MEADOWS,

        *Plaintiff*,

  v.

NANCY PELOSI, et al.,

        *Defendants*.

Civil Action No. 1:21-cv-03217 (CJN)

**ORDER ON MOTION FOR RECONSIDERATION**

Plaintiff Mark Meadows seeks reconsideration of the Court's judgment dismissing his claims for lack of jurisdiction under the Speech or Debate Clause. *See* Pl.'s Mot., ECF No. 51. He contends that Speech or Debate Clause immunity is not jurisdictional and that it does not bar his claims for declaratory relief. Because neither ground justifies reconsideration, the Court will deny the motion.

Reconsideration under Federal Rule of Civil Procedure 59(e) is "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Pigford v. Perdue*, 950 F.3d 886, 891 (D.C. Cir. 2020) (quotation omitted). Such relief, moreover, is "an extraordinary remedy which should be used sparingly." *Mohammadi v. Islamic Republic of Iran*, 782 F.3d 9, 17 (D.C. Cir. 2015) (quotation omitted); *see also Nat'l Ctr. for Mfg. Scis. v. Dep't of Def.*, 199 F.3d 507, 511 (D.C. Cir. 2000) ("[A] district court should not grant a motion for reconsideration unless the moving party shows . . . clear errors of law which compel the court to change its prior position."). A motion for reconsideration "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of

1

judgment"; in other words, it is "not a vehicle to present a new legal theory that was available prior to judgment." *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018) (quotations omitted).

Meadows primarily argues that the Court erred by raising Speech or Debate Clause immunity *sua sponte*. Reconsideration on this ground is unwarranted for several reasons. To start, Meadows is pressing a new legal theory for an argument that he has already made. *See id.* In his supplemental brief on Speech or Debate Clause immunity, Meadows argued that "the Court should not take up the issue [of Speech or Debate Clause immunity] *sua sponte*." Pl.'s Suppl. Br. at 2, ECF No. 45. To support that view, he pointed to cases in which congressional defendants affirmatively invoked the protections of the Speech or Debate Clause, and he also contended that *sua sponte* consideration would conflict with the purpose of the Clause, which is "to promote legislative independence." *Id.* at 2–3. Meadows now argues (for the first time) that Speech or Debate Clause immunity is "not a limit on the subject-matter jurisdiction of Article III courts." Pl.'s Mem. at 5, ECF No. 51-1; *see* Pl.'s Reply at 4–12, ECF No. 53. Because Meadows could have raised this argument earlier, it is not an appropriate reason to reconsider.

In any event, Meadows cannot overcome the rule, well established in this Circuit, that the Speech or Debate Clause operates as a jurisdictional bar when it immunizes congressional defendants from suit. The Court's Memorandum Opinion identified Court of Appeals decisions lending to this rule, and that discussion need not be repeated here. *See* Mem. Op. at 11, ECF No. 49.

Meadows's arguments to the contrary are otherwise unconvincing. He first recites the proposition that the Speech or Debate Clause does not categorically foreclose judicial review. *See* Pl.'s Reply at 4 (citing *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 513 (1975) (Marshall,

J., concurring in the judgment)). True enough, the Clause does not immunize congressional action (in and of itself) from judicial review in a proper case—but it *does* protect congressional entities, legislators, and aides from suit and liability.[1] As noted in the Court's Memorandum Opinion, the immunity under the Clause functions as a jurisdictional bar precisely when congressional litigants are "made defendants" in a lawsuit, which is the case here. *See* Mem. Op. at 14 (quoting *United States v. AT&T Co.* (*AT&T II*), 567 F.2d 121, 129 (D.C. Cir. 1977)) (internal quotation marks omitted).

Meadows also points to two Supreme Court cases—*Davis v. Passman*, 442 U.S. 228 (1979), and *Powell v. McCormack*, 395 U.S. 486 (1969)—which he says demonstrate that Speech or Debate Clause immunity is not a jurisdictional issue. Not so. In *Davis*, the Supreme Court acknowledged that it was "pretermitting the question whether respondent's conduct is shielded by the Speech or Debate Clause," and it left that question to be addressed on remand. 442 U.S. at 234. That posture is consistent with the jurisdictional nature of the immunity. In fact, *Davis* addressed the nature of the immunity when responding to the congressional defendant's argument that "the subject matter of [the] suit is nonjusticiable," holding that "judicial review of congressional employment decisions is constitutionally limited only by the reach of the Speech or Debate Clause." *Id.* at 235 n.11. *Davis* has since been cited in the Court of Appeals to support the rule that the immunity is a jurisdictional bar. *See, e.g.*, *Fields v. Off. of Eddie Bernice Johnson*,

---

[1] Meadows highlights a rather uncontroversial distinction between the Speech or Debate Clause and its predecessor in the English Bill of Rights, which bars judicial review of parliamentary proceedings altogether. *See* Pl.'s Reply at 9–12; Firoz Cachalia, *Judicial Review of Parliamentary Rulemaking: A Provisional Case for Restraint*, 60 N.Y.L. Sch. L. Rev. 379, 389–90, 390 n.63 (2015–16). The admittedly broader scope of the English provision is not inconsistent with the jurisdictional nature of immunity under the American Clause. Both serve to "prevent intimidation by the executive and accountability before a possibly hostile judiciary." *United States v. Johnson*, 383 U.S. 169, 180–82 (1966).

459 F.3d 1, 30 n.3 (D.C. Cir. 2006) (en banc) (Brown, J., concurring in the judgment); *see also id.* at 13 (opinion of Randolph, J.) ("The Speech or Debate Clause operates as a jurisdictional bar when the actions upon which a plaintiff sought to predicate liability were legislative acts." (quotations and brackets omitted)).

As for *Powell*, Meadows argues it demonstrates that the Speech or Debate Clause provides only "a defense on the merits," but he omits relevant text from the decision: "[T]he clause *not only* provides a defense on the merits *but also protects a legislator from the burden of defending himself*." *Powell*, 395 U.S. at 502–03 (emphasis added); Pl.'s Reply at 7. Of course, the second protection is at issue here, and the full quote supports the conclusion that the Clause presents something other than "a defense on the merits." *Powell*, 395 U.S. at 502–03. In addition, the *Powell* Court concluded that subject-matter jurisdiction existed only *after* determining that the Speech or Debate Clause did not bar the lawsuit against some defendants (although it addressed its subject-matter jurisdiction under a separate heading). *Id.* at 501–06, 512–16; *see also id.* at 550 (reiterating that the lawsuit "should be dismissed against respondent Congressmen" under the Speech or Debate Clause but could continue against congressional employees). Neither *Davis* nor *Powell* compels the conclusion that Speech or Debate Clause immunity is not jurisdictional.[2]

Meadows also argues that even if Speech or Debate Clause immunity is jurisdictional, the jurisdictional bar does not apply when a plaintiff seeks declaratory relief against congressional

---

[2] Meadows also relies on *Trump v. Thompson*, in which neither the district court nor the Court of Appeals addressed the Speech or Debate Clause. 573 F. Supp. 3d 1 (D.D.C. 2021), *aff'd*, 20 F.4th 10 (D.C. Cir. 2021). But "[w]hen a potential jurisdictional defect is neither noted nor discussed in a federal decision, the decision does not stand for the proposition that no defect existed." *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 144 (2011); *Schindler Elevator Corp. v. WMATA*, 16 F.4th 294, 299 (D.C. Cir. 2021). And the lawsuit in *Thompson*, unlike here, named some non-congressional defendants, including the National Archives and the Archivist. *See Thompson*, 573 F. Supp. 3d at 7.

4

defendants for their legislative acts (putting aside his requests for injunctive relief). But in *Doe v. McMillan*, 412 U.S. 306 (1973), the Supreme Court held that a complaint seeking declaratory relief, injunctive relief, and damages "was barred by the Speech or Debate Clause insofar as it sought relief" from congressional defendants. *Id.* at 312; *see Doe v. McMillan*, 566 F.2d 713, 714–15 (D.C. Cir. 1977). And in *Eastland v. U.S. Servicemen's Fund*, the Court directed the dismissal of a complaint against congressional defendants where the plaintiffs "sought a declaratory judgment declaring the subpoena and the Senate resolutions void under the Constitution," in addition to injunctive relief. 421 U.S. at 496, 512–13. The Court of Appeals has similarly applied Speech or Debate Clause immunity in suits for declaratory relief. *See McCarthy v. Pelosi*, 5 F.4th 34, 37–38 (D.C. Cir. 2021); *Consumers Union of U.S., Inc. v. Periodical Correspondents' Ass'n*, 515 F.2d 1341, 1345–51 (D.C. Cir. 1975).

Finally, Meadows argues in his reply brief that this case involves congressional defendants that "willingly" participated in the litigation, and he suggests that the Speech or Debate Clause does not bar *declaratory relief* in that context. Pl.'s Reply at 12–13. Meadows cites no binding authority that supports this point. *See supra* note 2. In any event, were the Congressional Defendants here truly willing to engage in the defense of this lawsuit without the protection of Speech or Debate Clause immunity, they would have waived (or at least attempted to waive) that protection rather than expressly reserving it. *See* Defs.' Suppl. Br. at 4, ECF No. 40.

\*     \*     \*

Because Meadows has shown no clear error or other appropriate reason to reconsider, his Motion for Reconsideration is **DENIED**. His request for leave to file a supplemental memorandum in support of the motion is also **DENIED** as moot.

DATE:  November 22, 2022

_____
CARL J. NICHOLS
United States District Judge